UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA,
FORT LAUDERDALE DIVISION

HUGH HODGE,

    Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED,
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE, and CITY OF
HALLANDALE

    Defendants.
_____/

CASE NO.: CIV-SEITZ

00-6228

MAGISTRATE JUDGE
GARBER

## COMPLAINT

COMES NOW, Plaintiff, HUGH HODGE, by and through his undersigned attorney, and sues the Defendants, TIMOTHY M. CHURCH, THOMAS REED, PATRICK HART, and DAVID WHEELER and alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

### THE PARTIES

1. The Plaintiff, HUGH HODGE, is a resident of Broward County, Florida, and is otherwise *sui juris*.

2. At all times material hereto, the Defendant, TIMOTHY M. CHURCH, was a police officer employed by the City of Hallandale, a political subdivision of Broward County and the State of Florida.

3. At all times material hereto, the Defendant, THOMAS REED, was a police officer



employed by the City of Fort Lauderdale, a political subdivision of Broward County and the State of Florida.

4. At all times material hereto, the Defendant, PATRICK HART, was a police officer employed by the City of Fort Lauderdale, a political subdivision of Broward County and the State of Florida.

5. At all times material hereto, the Defendant, DAVID WHEELER, was a police officer employed by the City of Fort Lauderdale, a political subdivision of Broward County and the State of Florida

## JURISDICTION

6. Jurisdiction is proper in this Court as the causes of action in Counts One through Four are brought pursuant to 42 U.S.C. § 1983 as those counts allege violation of the United States Constitution, and the cause of action arose in this District. This Court has pendent jurisdiction over the state law claims in Counts Five through Ten.

## VENUE

7. Venue in this Court is proper by virtue of 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the causes of action occurred in this District, and the Defendants all reside in this District.

## COUNT ONE

**(Plaintiff v. TIMOTHY M. CHURCH, in his individual capacity - Violation of the United States Constitution, brought through 42 U.S.C. § 1983)**

8. On or about September 6, 1998 officers employed by the City of Fort Lauderdale Police Department and the City of Hallandale Police Department, including the Defendant, TIMOTHY M. CHURCH, engaged in the pursuit and apprehension of the Plaintiff.

9. The Defendant, TIMOTHY M. CHURCH, is a "K-9" officer, whose canine

"Gero" is a dog trained by TIMOTHY M. CHURCH and/or other officers of the Hallandale Police Department, to assist in the apprehension of suspects and when ordered to do so, to bite said suspects.

10. Plaintiff was apprehended in the yard of a home located at 1513 N.W. 15th Court in the City of Fort Lauderdale.

11. Upon information and belief, following the apprehension of the Plaintiff, officers of the Fort Lauderdale and Hallandale Police Departments, including the Defendant, TIMOTHY M. CHURCH, placed the Plaintiff in custody, forcing him to lie face down on the ground and handcuffing his hands behind his back.

12. Following their placing the Plaintiff in this position, the Plaintiff did not struggle, nor was he resisting arrest, nor engaging in any verbal abuse of the arresting officers.

13. Upon information and belief, despite this fact, one police officer who is the Defendant, TIMOTHY M. CHURCH, ordered his canine to savagely attack the Plaintiff while the Plaintiff was lying prone, face down upon the ground with his hands handcuffed behind his back. The canine complied with his handler's instructions, savagely biting the Plaintiff in the back of his leg and on his buttocks.

14. Upon information and belief, several police officers, including the Defendant, TIMOTHY M. CHURCH, kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.

15. Plaintiff suffered such substantial and immediate loss of blood from the attack by the Defendant, TIMOTHY M. CHURCH's canine "Gero" and from the beating that officers at the scene called for an ambulance, but then decided that they could not wait until the ambulance

arrived and they drove him directly to Broward General Medical Center.

16. At all material times, TIMOTHY M. CHURCH acted in a manner that violated clearly established constitutional rights of which a reasonable police officer would have known.

17. The Fourth Amendment to the United States Constitution affords the Plaintiff and all individuals the right to be free, in their person, from illegal searches and seizures. These constitutional protections apply when the Plaintiff is incarcerated or otherwise in the custody of the State or its municipal subdivisions.

18. TIMOTHY M. CHURCH, in his individual capacity, violated the Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

19. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, TIMOTHY M. CHURCH, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

20. 42 U.S.C. § 1983 affords the plaintiff punitive damages, the costs of bringing this action and attorneys' fees.

21. The Plaintiff has been forced to retain the undersigned attorneys and to pay them a reasonable sum for prosecuting this case.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, TIMOTHY M. CHURCH, in his individual capacity, for all compensatory and punitive damages, together with the costs of this action, attorneys' fees, and such further relief the Court

deems just under the circumstances.

## COUNT TWO

**(Plaintiff v. THOMAS REED, in his individual capacity - Violation of the United States Constitution, brought through 42 U.S.C. § 1983)**

22. Plaintiff, HUGH HODGE, hereby realleges and incorporates by reference paragraphs one (1) through and including twenty-one (21), and further alleges:

23. THOMAS REED did nothing to stop the attack by Officer CHURCH's canine "Gero" on the Plaintiff and in fact instigated and encouraged the attack.

24. Upon information and belief, several police officers including the Defendant, THOMAS REED, kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.

25. Plaintiff suffered such substantial and immediate loss of blood from the attack by the Defendant, TIMOTHY M. CHURCH's, partner "Gero," that officers at the scene called for an ambulance, but then decided that they could not wait until the ambulance arrived and they drove him directly to Broward General Medical Center.

26. At all material times, the Defendant, THOMAS REED acted in a manner that violated clearly established constitutional rights of which a reasonable police officer would have known.

27. The Fourth Amendment to the United States Constitution affords the Plaintiff and all individuals the right to be free, in their person, from illegal searches and seizures. These constitutional protections apply when the Plaintiff is incarcerated or otherwise in the custody of the State or its municipal subdivisions.

28. THOMAS REED, in his individual capacity, violated the Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

29. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, THOMAS REED, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

30. 42 U.S.C. § 1983 affords the plaintiff punitive damages, the costs of bringing this action and attorneys' fees.

31. The Plaintiff has been forced to retain the undersigned attorneys and to pay them a reasonable sum for prosecuting this case.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, THOMAS REED for all compensatory and punitive damages, together with the costs of this action, attorneys' fees, and such further relief the Court deems just under the circumstances.

## COUNT THREE

### (Plaintiff v. PATRICK HART, in his individual capacity - Violation of the United States Constitution, brought through 42 U.S.C. § 1983)

32. Plaintiff, HUGH HODGE, hereby realleges and incorporates by reference paragraphs one (1) through and including twenty-one (21), and further alleges:

33. PATRICK HART did nothing to stop the attack by Officer CHURCH's canine "Gero" on the Plaintiff and in fact instigated and encouraged the attack.

34. Several police officers, including, upon information and belief, the Defendant, PATRICK HART, kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.

35. Plaintiff suffered such substantial and immediate loss of blood from the attack by the Defendant, TIMOTHY M. CHURCH's, canine "Gero," that officers at the scene called for an ambulance, but then decided that they could not wait until the ambulance arrived and they drove him directly to Broward General Medical Center.

36. At all material times, the Defendant, PATRICK HART, acted in a manner that violated clearly established constitutional rights of which a reasonable police officer would have known.

37. The Fourth Amendment to the United States Constitution affords the Plaintiff and all individuals the right to be free, in their person, from illegal searches and seizures. These constitutional protections apply when the Plaintiff is incarcerated or otherwise in the custody of the State or its municipal subdivisions.

38. PATRICK HART, in his individual capacity, violated the Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

39. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, PATRICK HART, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the

future.

40. 42 U.S.C. § 1983 affords the plaintiff punitive damages, the costs of bringing this action and attorneys' fees.

41. The Plaintiff has been forced to retain the undersigned attorneys and to pay them a reasonable sum for prosecuting this case.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, PATRICK HART, in his individual capacity, from all compensatory and punitive damages, together with the costs of this action, attorneys' fees, and such further relief the Court deems just under the circumstances.

## COUNT FOUR

### (Plaintiff v. DAVID WHEELER, in his individual capacity - Violation of the United States Constitution, brought through 42 U.S.C. § 1983)

42. Plaintiff, HUGH HODGE, hereby realleges and incorporates by reference paragraphs one (1) through and including twenty-one (21), and further alleges:

43. DAVID WHEELER did nothing to stop the attack by Officer CHURCH's canine "Gero" on the Plaintiff and in fact instigated and encouraged the attack.

44. Upon information and belief, several police officers including the Defendant, DAVID WHEELER, kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.

45. Plaintiff suffered such substantial and immediate loss of blood from the attack by the Defendant, TIMOTHY M. CHURCH's, canine "Gero," that officers at the scene called for an ambulance, but then decided that they could not wait until the ambulance arrived and they drove

him directly to Broward General Medical Center.

46. At all material times, the Defendant, DAVID WHEELER, acted in a manner that violated clearly established constitutional rights of which a reasonable police officer would have known.

47. The Fourth Amendment to the United States Constitution affords the Plaintiff and all individuals the right to be free, in their person, from illegal searches and seizures. These constitutional protections apply when the Plaintiff is incarcerated or otherwise in the custody of the State or its municipal subdivisions.

48. DAVID WHEELER, in his individual capacity, violated the Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

49. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, DAVID WHEELER, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

50. 42 U.S.C. § 1983 affords the plaintiff punitive damages, the costs of bringing this action and attorneys' fees.

51. The Plaintiff has been forced to retain the undersigned attorneys and to pay them a reasonable sum for prosecuting this case.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, DAVID WHEELER, in his individual capacity, for all compensatory and punitive damages,

together with the costs of this action, attorneys' fees, and such further relief the Court deems just under the circumstances.

## COUNT FIVE

### (Plaintiff v. TIMOTHY M. CHURCH - Battery)

52. Paragraphs 8 through 15 are repeated, realleged and re-averred, as if fully set forth herein.

53. The actions of the Defendant, TIMOTHY M. CHURCH, as aforesaid, constitute a battery upon the person of the Plaintiff.

54. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, TIMOTHY M. CHURCH, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, TIMOTHY M. CHURCH for all compensatory damages, together with the costs of this action and such further relief the Court deems just under the circumstances.

## COUNT SIX

### (Plaintiff v. THOMAS REED - Battery)

55. Paragraphs 23 through 25 are repeated, realleged and re-averred, as if fully set forth herein.

56. The actions of the Defendant, THOMAS REED, as aforesaid, constitute a battery

upon the person of the Plaintiff.

57. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, THOMAS REED, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, THOMAS REED for all compensatory damages, together with the costs of this action and such further relief the Court deems just under the circumstances.

## COUNT SEVEN

### (Plaintiff v. PATRICK HART - Battery)

58. Paragraphs 33 through 35 are repeated, realleged and re-avered, as if fully set forth herein.

59. The actions of the Defendant, PATRICK HART, as aforesaid, constitute a battery upon the person of the Plaintiff.

60. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, PATRICK HART, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses

are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, PATRICK HART, together with the costs of this action and such further relief the Court deems just under the circumstances.

## COUNT EIGHT

### (Plaintiff v. DAVID WHEELER - Battery)

61. Paragraphs 43 through 45 are repeated, realleged and re-averred, as if fully set forth herein.

62. The actions of the Defendant, PATRICK WHEELER, as aforesaid, constitute a battery upon the person of the Plaintiff.

63. As a direct and proximate result of the savage attack perpetrated upon him by the Defendant, PATRICK WHEELER, the Plaintiff suffered severe injuries to his body, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings and the loss of ability to earn money. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, PATRICK WHEELER for all compensatory damages, together with the costs of this action and such further relief the Court deems just under the circumstances.

## COUNT NINE

### (Plaintiff v. City of Fort Lauderdale - Negligence)

64. (a) The Defendant, CITY OF FORT LAUDERDALE POLICE, is a political subdivision of the State of Florida.

(b) The Police Department of the CITY OF FORT LAUDERDALE is a law enforcement agency responsible for responding to, investigating, apprehending, and arresting persons who commit or are alleged to have committed criminal acts within the geographic boundaries of the CITY OF FORT LAUDERDALE, Florida.

(c) At all times material hereto, said Police Department of the CITY OF FORT LAUDERDALE was under the control, direction and supervision of the duly elected or appointed officials and/or administrators of the CITY OF FORT LAUDERDALE.

65. Paragraphs 2 through 5 are repeated, realleged and re-avered as if fully set forth herein.

66. On or about September 6, 1998, police officers employed by the CITY OF FORT LAUDERDALE, including, THOMAS REED, PATRICK HART and DAVID WHEELER engaged in the pursuit and apprehension of the Plaintiff.

67. Plaintiff was apprehended in the yard of a home located at 1513 N.W. 15th Court in the City of Fort Lauderdale.

68. Upon information and belief, following the apprehension of the Plaintiff, officers of the Fort Lauderdale Police Department, including THOMAS REED, PATRICK HART and DAVID WHEELER, placed the Plaintiff in custody, forcing him to lie face down on the ground and handcuffing his hands behind his back.

69. At all material times, all of the police officers employed by the City of Fort Lauderdale, were acting within the scope of their employment duties, and in furtherance of the objectives of their employer, the City of Fort Lauderdale.

70. Following their placing the Plaintiff in this position, the Plaintiff did not struggle, nor was he resisting arrest, nor engaging in any verbal abuse of the arresting officers.

71. Despite this fact, one police officer, who, upon information and belief, is the co-Defendant, TIMOTHY M. CHURCH, an officer employed by the co-Defendant, CITY OF HALLANDALE, ordered his canine to savagely attack the Plaintiff while the Plaintiff was lying prone, face down upon the ground with his hands handcuffed behind his back. The canine complied with his handler's instructions, savagely biting the Plaintiff in the back of his leg and on his buttocks.

72. THOMAS REED, PATRICK HART and DAVID WHEELER, did nothing to stop the attack by Officer CHURCH's canine "Gero" on the Plaintiff and in fact instigated and encouraged the attack.

73. Upon information and belief, several police officers including the co-Defendants, THOMAS REED, PATRICK HART and DAVID WHEELER, kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.

74. Plaintiff suffered such substantial and immediate loss of blood from the attack by the co-Defendant, TIMOTHY M. CHURCH's, partner "Gero," that officers at the scene called for an ambulance, but then decided that they could not wait until the ambulance arrived and they drove him directly to Broward General Medical Center.

75. As a direct and proximate result of the savage attack perpetrated upon him at the instigation of the police officers employed by the City of Fort Lauderdale, as aforesaid, the Plaintiff suffered severe injuries to his legs and buttocks, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

76. (a) The City of Fort Lauderdale is vicariously liable for the actions of its police officers who organized, perpetrated and continued the savage attack upon the Plaintiff and has waived sovereign immunity for this suit subject to the limitations of Section 768.28, Florida Statutes.

(b) The statutory notice required by 768.28(6)(a), Florida Statutes, was provided to the Defendant more than six months prior to the filing of this suit and all other conditions precedent to the filing of this suit have been met.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, CITY OF FORT LAUDERDALE in accordance with Section 768.28, Florida Statutes, together with the costs of this action together with any such further relief the Court deems just under the circumstances.

## COUNT TEN

### (Plaintiff vs. City of Hallandale - Negligence)

77. (a) The Defendant, CITY OF HALLANDALE, is a political subdivision of the State of Florida.

(b) The Police Department of the CITY OF HALLANDALE is a law enforcement agency responsible for responding to, investigating, apprehending, and arresting persons who commit or are alleged to have committed criminal acts within the geographic boundaries of the CITY OF HALLANDALE, Florida.

(c) At all times material hereto, said Police Department of the CITY OF HALLANDALE was under the control, direction and supervision of the duly elected or appointed officials and/or administrators of the CITY OF HALLANDALE.

78. Paragraphs 2 through 5 are repeated, realleged and re-avered as if fully set forth herein.

79. On or about September 6, 1998, police officers employed by the CITY OF HALLANDALE, including, TIMOTHY M. CHURCH, engaged in the pursuit and apprehension of the Plaintiff.

80. Plaintiff was apprehended in the yard of a home located at 1513 N.W. 15th Court in the City of Fort Lauderdale.

81. Upon information and belief, following the apprehension of the Plaintiff, officers of the Fort Hallandale, including TIMOTHY M. CHURCH, placed the Plaintiff in custody, forcing him to lie face down on the ground and handcuffing his hands behind his back.

82. At all material times, all of the police officers employed by the City of Hallandale, were acting within the scope of their employment duties, and in furtherance of the objectives of their employer, the CITY OF HALLANDALE.

83. Following their placing the Plaintiff in this position, the Plaintiff did not struggle, nor was he resisting arrest, nor engaging in any verbal abuse of the arresting officers.

84. Despite this fact, one police officer, who, upon information and belief, is the co-Defendant, TIMOTHY M. CHURCH, ordered his canine partner to savagely attack the Plaintiff while the Plaintiff was lying prone, face down upon the ground with his hands handcuffed behind his back. The canine officer complied with his handler's instructions, savagely biting the Plaintiff in the back of his leg and on his buttocks.

85. TIMOTHY M. CHURCH, did nothing to stop the attack by Officer CHURCH's partner "Gero" on the Plaintiff and in fact instigated and encouraged the attack.

86. Several police officers, including, upon information and belief, the co-Defendant, THOMAS REED, kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.

87. Plaintiff suffered such substantial and immediate loss of blood from the attack by the co-Defendant, TIMOTHY M. CHURCH's, canine "Gero," that officers at the scene called for an ambulance, but then decided that they could not wait until the ambulance arrived and they drove him directly to Broward General Medical Center.

88. As a direct and proximate result of the savage attack perpetrated upon him at the instigation of the police officers employed by the CITY OF HALLANDALE, as aforesaid, the Plaintiff suffered severe injuries to his legs and buttocks, necessitating medical and surgical treatment, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are continuing and on-going in nature and the Plaintiff will continue to suffer these losses in the future.

89. (a) The CITY OF HALLANDALE is vicariously liable for the actions of its police officers who organized, perpetrated and continued the savage attack upon the Plaintiff and has waived sovereign immunity for this suit subject to the limitations of Section 768.28, Florida Statutes.

(b) The statutory notice required by Section 768.28(6)(a), Florida Statutes, was

provided to the Defendant more than six months prior to the filing of this suit and all other conditions precedent to the filing of this suit have been met.

WHEREFORE, Plaintiff, HUGH HODGE, demands judgment against the Defendant, CITY OF HALLANDALE in accordance with Section 768.28, Florida Statutes , together with the costs of this action together with any such further relief the Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

              DANIELS & DANIELS
              Attorneys At Law, P.A.
              Attorneys for Plaintiff
              4300 North University Drive
              Suite B-200
              Fort Lauderdale, Florida 33351
              Telephone: (954) 572-7100
                    Fax: (954) 572-0667

By: _____
       GORDON S. DANIELS, ESQ.
       Florida Bar No. 350648

# CIVIL COVER SHEET

00-6228 CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Hugh Hodge

**DEFENDANTS**

Timothy M. Church, Thomas Reed, Patrick Hart, David Wheeler
City of Fort Lauderdale, and
City of Hallandale

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Daniels & Daniels   (954)572-7100
4300 North University Drive
Fort Lauderdale, Florida  33351

**ATTORNEYS (IF KNOWN)**
unknown

MAGISTRATE JUDGE GARBER

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. 1983- Violation of Plantiffs Constitutional rights by municipal police offices

**IVa.** 7 days estimated (for both sides) to try entire case

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION   DEMAND $ _____   JURY DEMAND: _____

**DATE** February 16, 2000

**SIGNATURE OF ATTORNEY OF RECORD** [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 518578
Date Paid: 2/16/00
Amount: 150.00