UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendants.
_____/



### DEFENDANT CITY OF HALLANDALE'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, City of Hallandale, moves the Court to dismiss the Complaint and states:

1. Plaintiff sued the City of Hallandale for negligence because he was allegedly attacked by a police dog and then beaten by police officers.

2. Plaintiff's negligence claim against the City of Hallandale is barred by sovereign immunity and must be dismissed.

Wherefore, Defendant, City of Hallandale, moves the Court to dismiss the Complaint.

### MEMORANDUM OF LAW

Plaintiff's only claim alleged against this Defendant is a Negligence claim asserted in Count Ten of the Complaint. A party is bound by the allegations of its complaint and a Plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. Soo Line Railroad Co. v. St. Louis Southwestern Railway Co., 125 F.3d 481, 483 (7th Cir. 1997). In the case sub judice,



Plaintiff's claim against this Defendant must be dismissed, with prejudice, because the allegations of the Complaint show that the City of Hallandale is entitled to sovereign immunity.

Plaintiff alleges that he was apprehended by the police and forced to lie face down on the ground with his hands handcuffed behind his back (pars. 80 and 81). Plaintiff did not struggle, resist arrest or verbally abuse the officers (par. 83). Plaintiff next alleges that one of the police officers "ordered his canine partner to savagely attack the Plaintiff while the Plaintiff was lying prone, face down upon the ground with his hands handcuffed behind his back. The canine officer complied with his handler's instructions, savagely biting the Plaintiff in the back of his leg and on his buttocks." (par. 84). Plaintiff further alleges that the officer "instigated and encouraged the (canine's) attack" and that another officer "kicked the Plaintiff and hit him repeatedly with flashlights and/or batons ... and then dragged the Plaintiff into the street where they (police officers) continued to kick and beat him." (pars. 85 and 86).

Section 768.28(9)(a), Florida Statutes, provides in relevant part:

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent ... committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Accepting the factual allegations of the Complaint as true, as must be done on a motion to dismiss, the Complaint must be dismissed. The Complaint (pars. 80-86) alleges actions on the

part of the officers which clearly amount to bad faith conduct and/or a wanton and willful disregard for Plaintiff's rights and safety. Based on Plaintiff's allegations, the City of Hallandale Beach is entitled to sovereign immunity. <u>Stephenson v. School Bd. of Polk County</u>, 467 So.2d 1112 (Fla. 2d DCA 1985).

## CONCLUSION

Based on the foregoing, Plaintiff's claim against this Defendant must be dismissed, with prejudice.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Daniels & Daniels, P.A., 4300 University Drive, Suite B-200, Fort Lauderdale, FL 33351, on March 2, 2000.

Richard Kane
City Attorney, Hallandale Beach
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone (954) 457-1325
Facsimile (954) 457-1342

_____
Mark Goldstein
FL Bar No: 882186