UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6228-CIV-SEITZ

HUGH HODGE,                                Magistrate Judge Garber

    Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE , and CITY OF
HALLANDALE,

    Defendants.

_____

## CITY OF FORT LAUDERDALE'S
## MOTION TO DISMISS COUNT IX WITH PREJUDICE

COMES NOW the Defendant, City of Fort Lauderdale, by and through the undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves this Court to Dismiss Count IX of Plaintiff's Complaint with prejudice based upon the following grounds:

1. Count IX of Plaintiff's Complaint sounds in negligence and seeks to hold City of Fort Lauderdale vicariously liable for the actions of officers employed by City of Fort Lauderdale under the doctrine of respondeat superior.

2. Count IX contains no allegations of independent or separate negligence on the part of City of Fort Lauderdale.

3. Plaintiff's Complaint, at Count IX (against City of Fort Lauderdale), at paragraph

CASE NO. 00-6228-CIV-SEITZ

71 states as follows:

> Despite this fact, one police officer, who, upon information and belief, is the co-Defendant, Timothy M. Church, an officer employed by the co-Defendant, CITY OF HALLANDALE, ordered his canine to savagely attack the Plaintiff while the Plaintiff was lying prone, face down upon the ground with his hands handcuffed behind his back. The canine complied with his handler's instructions, savagely biting the Plaintiff in the back of his leg and on his buttocks.

At paragraph 72, Plaintiff alleges that:

> Thomas Reed, Patrick Hart and David Wheeler [identified in the complaint as City of Fort Lauderdale employees] *did nothing to stop the attack by Officer Church's canine "Gero" on the Plaintiff and in fact instigated and encouraged the attack.* (Emphasis added.)

At paragraph 73, Plaintiff alleges that:

> Upon information and belief, several officers, including the co-Defendants, Thomas Reed, Patrick Hart, and David Wheeler, *kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.* (Emphasis added.)

The conduct alleged in Plaintiff's negligence count against City of Fort Lauderdale is exactly the type of conduct for which City of Fort Lauderdale is immune from liability, as a sovereign governmental entity, pursuant to §768.28, Florida Statutes.

4. In pertinent part, §768.28, Florida Statutes, provides that:

> (9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of

CASE NO. 00-6228-CIV-SEITZ

action in the scope of her or his employment or function, *unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.* However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.*

According to this statute, City of Fort Lauderdale is not liable for precisely the type of conduct which Plaintiff describes in Count IX.

5. The Plaintiff's allegations, if proven, by definition evince bad faith and willful and wanton disregard for the Plaintiff's rights and safety. Consequently, Plaintiff has failed to state a cause of action against City of Fort Lauderdale.

**WHEREFORE** Defendant, City of Fort Lauderdale, respectfully moves this Court to Dismiss Count IX of Plaintiff's Complaint with prejudice for the reasons set forth in this Motion and more thoroughly explained in City of Fort Lauderdale's supporting

CASE NO. 00-6228-CIV-SEITZ

Memorandum of Law which is attached hereto to and incorporated herein.

## MEMORANDUM OF LAW

A claim must be dismissed if it asserts a legal theory not cognizable at law. See SmileCare Dental Group v. Delta Dental Plan of California, Inc., 88 F.3d 780, 783 (9th Cir. 1996). For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded facts as true. See Albright v. Oliver, 114 S.Ct. 807, 810 (1994).

According to §768.28, Florida Statutes, sovereign immunity is not waived, and a sovereign entity cannot be liable, for acts committed in bad faith or in a manner exhibiting willful disregard for human rights, safety, or property. That being the case, City of Fort Lauderdale cannot be liable for the actions of its officers alleged in Plaintiff's complaint (which for purposes of this motion are and must be accepted as true). If one or any officer employed by City of Fort Lauderdale stood by and watched, instigated and actually encouraged a canine to savagely attack the Plaintiff, as claimed, there is simply no vicarious, technical, or derivative liability against the City of Fort Lauderdale (or any other governmental entity or agency) under Florida law. In short, Plaintiff's theory of recovery does not exist. Consequently, Count IX of Plaintiff's complaint must be dismissed with prejudice under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

## CERTIFICATE OF SERVICE

CASE NO. 00-6228-CIV-SEITZ

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this ___ day of March, 2000 to: Gordon S. Daniels, Esq., Daniels & Daniels Attorneys At Law, P.A., 4300 North University Drive, Suite B-200, Forth Lauderdale, Florida 33351.

ADORNO & ZEDER, P.A.
Attorneys for Defendants
888 Southeast Third Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
(954) 523-5885
(954) 760-9531 Fax

_____
DIETER K. GUNTHER
Florida Bar Number: 094456