UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX FILED
MAR 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE NO. 00-6228-CIV-SEITZ

HUGH HODGE,    Magistrate Judge Garber

    Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE , and CITY OF
HALLANDALE,

    Defendants.

_____

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, THOMAS REED ("REED"), PATRICK HART ("HART"), and DAVID WHEELER ("WHEELER"), by and through their undersigned attorneys, and file this their Answer and Affirmative Defenses, and state as follows:

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. It is admitted that at all times relevant REED was employed as a police officer by Fort Lauderdale Police Department. Admitted that City of Fort Lauderdale is a municipal corporation organized and existing under the laws of Florida. The remaining allegations of paragraph 3 are denied.

4. It is admitted that at all times relevant HART was employed as a police officer by Fort Lauderdale Police Department. Admitted that City of Fort Lauderdale

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

#17
HA

CASE NO. 00-6228-CIV-SEITZ

is a municipal corporation organized and existing under the laws of Florida. The remaining allegations of paragraph 4 are denied.

5. It is admitted that at all times relevant WHEELER was employed as a police officer by Fort Lauderdale Police Department. Admitted that City of Fort Lauderdale is a municipal corporation organized and existing under the laws of Florida. The remaining allegations of paragraph 5 are denied.

## JURISDICTION

6. Admitted.

## VENUE

7. Without knowledge and therefore denied.

## COUNT I (§1983 CLAIM AGAINST TIMOTHY M. CHURCH)

Responding the paragraphs 8-21, and the last, unnumbered, paragraph of Count I, Count I is not directed at Defendants REED, HART, WHEELER, or CITY; therefore, no response is necessary. However, to the extent that any allegation contained within Count I is directed at these defendants, said allegations are denied as stated. Although the allegations of the Count are not directed at Defendants REED, HART, WHEELER, or CITY, Defendants would admit that Plaintiff was apprehended on September 6, 1998, while in the process of fleeing from a stolen vehicle. Further, Defendants would admit that Defendant was violent and resisted apprehension.

## COUNT II (§1983 CLAIM AGAINST REED)

22. REED realleges and reincorporates his responses to paragraphs 1-21.

CASE NO. 00-6228-CIV-SEITZ

23. Denied.

24. Denied.

25. It is admitted that Plaintiff was transported immediately to Broward General Medical Center by a police officer. The remaining allegations of paragraph 25 are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

Responding to the last, unnumbered, paragraph of Count II, REED denies that he is liable to the Plaintiff for any sum or in any manner whatsoever.

## COUNT III (§1983 CLAIM AGAINST HART)

32. Defendant realleges and reincorporates its responses to paragraphs 1-21.

33. Denied.

34. Denied.

35. It is admitted that Plaintiff was transported immediately to Broward General Medical Center by a police officer. The remaining allegations of paragraph 35 are denied.

36. Denied.

CASE NO. 00-6228-CIV-SEITZ

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

Responding to the last unnumbered paragraph of Count III, HART denies that he is liable to the Plaintiff for any sum or in any manner whatsoever.

## COUNT IV (§1983 CLAIM AGAINST WHEELER)

42. Defendant realleges and reincorporates its responses to paragraphs 1-21.

43. Denied.

44. Denied.

45. It is admitted that Plaintiff was transported immediately to Broward General Medical Center by a police officer. The remaining allegations of paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-0002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

51. Denied.

Responding to the last unnumbered paragraph of Count III, WHEELER denies that he is liable to the Plaintiff for any sum or in any manner whatsoever.

### COUNT V (BATTERY - CHURCH)

Responding the paragraphs 52-54, and the last, unnumbered, paragraph of Count V, Count V is not directed at Defendants REED, HART, WHEELER, OR CITY; therefore, no response is necessary. However, to the extent that any allegation contained within Count V is directed at these defendants, said allegations are denied as stated.

### COUNT VI (BATTERY - REED)

55. Defendant realleges his responses to paragraphs 23-25.

56. Denied.

57. Denied.

Responding to the last, unnumbered paragraph of Count VI, REED denies liability to the Plaintiff for any sum or in any manner whatsoever.

### COUNT VII (BATTERY - HART)

58. Defendant realleges and reincorporates his responses to paragraphs 33-35.

59. Denied.

60. Denied.

Responding to the last unnumbered paragraph of Count VII, HART denies that he is liable to the Plaintiff for any sum or in any manner whatsoever.

### COUNT VIII (BATTERY - WHEELER)

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

CASE NO. 00-6228-CIV-SEITZ

61. Defendant realleges and reincorporates his responses to paragraphs 43-45.

62. Denied.

63. Denied.

Responding to the last unnumbered paragraph of Count VIII, WHEELER denies that he is liable to the Plaintiff for any sum or in any manner whatsoever.

### COUNT IX - NEGLIGENCE - CITY

CITY has filed a Motion to Dismiss which is directed at Count IX, paragraphs 64-76, of the Plaintiff's Complaint; therefore, no further, or other, response to Count IX is necessary at this time.

### COUNT X (NEGLIGENCE- CITY OF HALLANDALE)

Responding to paragraphs 77(a)-(b)- 89(a)(b), including and the last, unnumbered paragraph of Count X, Count X is not directed at Defendants REED, HART, WHEELER, OR CITY; therefore, no response is necessary. However, to the extent that any allegation contained within Count X is directed at these defendants, said allegations are denied as stated.

### AFFIRMATIVE DEFENSES

90. Further answering and as an first affirmative defense, these Defendants would allege and aver that Plaintiff's complaint fails to state a claim upon which relief can be granted.

91. Further answering and as a second affirmative defense, Defendants REED, HART and WHEELER would allege and aver that the Defendants are entitled to

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

CASE NO. 00-6228-CIV-SEITZ

qualified immunity from suit because they did not violate any clearly established constitutional right of the Plaintiff.

92. Further answering and as an affirmative defense, Defendants would allege and aver that Plaintiff's complaint fails to state a claim upon which relief can be granted.

93. Further answering and as an additional affirmative defense, that at all times material, Defendants, had probable cause, as well as a duty to arrest the Plaintiff.

94. Further answering and as an additional affirmative defense, the Defendants would allege and aver that at all times material, they acted:

    (a) without malice,

    (b) with probable cause,

    (c) using only such force as was reasonable or necessary under the circumstances,

    (d) in pursuit of lawful and legal duty,

    (e) in self-defense or in protection of others or other police officers.

95. Further answering and as an additional affirmative defense, Defendants would allege and aver that it did not owe Plaintiffs any duty other than that owed to the public generally.

96. Further answering and as an additional affirmative defense, both Defendants would allege and aver that Defendants did not act in any way that would violate any clearly established rights guaranteed to the Plaintiff under the Constitution.

CASE NO. 00-6228-CIV-SEITZ

97. Further answering and as an additional affirmative defense, both Defendants would allege and aver that Defendant CITY's system of hiring, training and supervising its police officers with regard to the use of force, its policies and procedures regarding the use of force, and its system for identifying and reviewing the use of force, including the use of corrective, disciplinary or remedial action, are designed and implemented in such a way as to discourage excessive, illegal or improper use of force and are constitutionally permissible.

98. Further answering and as an additional affirmative defense, both Defendants would allege and aver that the actions taken by police officers of the Defendant CITY with regard to the [apprehension] of the Plaintiff were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under Section 1983.

99. Further answering and as an additional affirmative defense, both Defendants would allege and aver that no improper municipal policy was the moving force for any constitutional violation with regard to the actions taken as to the Plaintiff.

100. Further answering and as an additional affirmative defense, both Defendants would allege and aver that Defendants are entitled to the defense that the actions of the Plaintiff are the sole cause of his alleged damages.

101. Further answering and as an additional affirmative defenses, the Defendants would allege and aver that the sole cause of the loss, injury or damage complained of by

CASE NO. 00-6228-CIV-SEITZ

the Plaintiff, were the actions of other persons or parties, or third persons or parties not under the care, custody or control of Defendant.

102. Further answering and as an additional affirmative defense, this Defendant would allege and aver that the sole cause of the loss, injury or damage complained of by the Plaintiff was the actions of other persons or parties, including but not limited to individuals and/or entities, both currently named in this litigation and not currently named as parties in this litigation. Under the laws announced by the Florida Supreme Court in <u>Fabre v. Marin</u>, 623 So.2d 1182, this Defendant maintains that it is only responsible, if at all, for its respective percentage of fault as may be found to exist between any and all entities and/or individuals, whether named as defendants or parties in this instant litigation or not.

103. Further answering and as an additional affirmative defense, Defendant CITY would allege and aver that it is entitled to sovereign immunity and all the benefits of Section 768.28, Florida Statutes, including limitations of liability as set forth therein.

104. Further answering and as an additional affirmative defense, both Defendants would allege and aver that Defendants are immune from suit pursuant to Section 768.28, Florida Statutes.

105. Further answering and as an additional affirmative defense, these Defendants would allege and aver that at all times material, it was Plaintiff's actions which resulted in his arrest and the subsequent charges being lodged.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-8885 • TELEFAX (954) 760-9531

CASE NO. 00-6228-CIV-SEITZ

Further answering and as an additional affirmative defense, both Defendants would allege and aver that the Plaintiff has failed to mitigate h** damages.

106. Further answering and as an additional affirmative defense, these Defendants would allege and aver that they are entitled to a credit and/or set off for any and all collateral sources pursuant to Section 768.76 Florida Statutes.

107. Further answering and as an additional affirmative defense, these Defendants demand reasonable attorney's fees pursuant to 42 U.S.C., Section 1988 should they, or any of them prevail in this action.

108. Further answering and as an additional affirmative defense, these Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

WHEREFORE, having fully answered the Complaint, except those portions subject to pending motions to dismiss, the Defendants deny that the Plaintiff is entitled to the relief sought, or any relief whatsoever, and further demand trial by jury of all issues so triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

CASE NO. 00-6228-CIV-SEITZ

by U.S. Mail this _14_ day of March, 2000 to: Gordon S. Daniels, Esq., Daniels & Daniels Attorneys At Law, P.A., 4300 North University Drive, Suite B-200, Forth Lauderdale, Florida 33351.

         ADORNO & ZEDER, P.A.
         Attorneys for Defendants
         888 Southeast Third Avenue, Suite 500
         Fort Lauderdale, FL 33335-9002
         (954) 523-5885
         (954) 760-9531 Fax

         _____
         DIETER K. GUNTHER
         Florida Bar Number: 094456

DKG/L.NOTICE/137011/12435.083

11

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531