UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

HUGH HODGE,

CASE NO.: 00-6228-CIV-SEITZ/GARBER

Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED,
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE, and CITY OF
HALLANDALE

Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S, CITY OF
FORT LAUDERDALE MOTION TO DISMISS COUNT IX WITH
PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff, HUGH HODGE, by and through his undersigned attorney and pursuant to the Federal Rules of Civil Procedure, and Local Rule 7.1 (C) of the United States District Court for the Southern District of Florida, files this his Response to Defendant's, CITY OF FORT LAUDERDALE, Motion to Dismiss Count IX of Plaintiff's Complaint and Incorporated Memorandum of Law, stating as follows:

1. Admitted.

2. Denied. It is specifically denied that Count IX contains no allegations of independent or separate negligence on the part of CITY OF FORT LAUDERDALE.

3. Admitted only that the Complaint is a writing and speaks for itself. The other allegation that CITY OF FORT LAUDERDALE is immune from liability is specifically denied.

4. Admitted only in that F.S. 768.28 is a writing that speaks for itself.

5. Denied. It is up to the finder of fact to determine whether the behavior rises to

bad faith and wanton and willful disregard for Plaintiff's rights and safety. Plaintiff specifically denies that he failed to state a cause of action against CITY OF FORT LAUDERDALE.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to DENY Defendant, CITY OF FORT LAUDERDALE'S's Motion to Dismiss Count IV and ORDER Defendant, CITY OF FORT LAUDERDALE to answer the Complaint within twenty (20) days. In the alternative, Plaintiff, HUGH HODGE, respectfully requests leave to amend the Complaint.

## MEMORANDUM OF LAW

Plaintiff, HUGH HODGE, filed the claim against the CITY OF FORT LAUDERDALE, et al., on or about February 16, 2000. Defendant, CITY OF FORT LAUDERDALE, now moves to dismiss Count IX of the Complaint with on the basis of sovereign immunity. Defendant, CITY OF FORT LAUDERDALE claims that Section 768.28(9)(a) provides them with sovereign immunity because "if one or any officer employed by CITY OF FORT LAUDERDALE stood by and watched, instigated and actually encouraged a canine to savagely attack the Plaintiff, as claimed, there is simply no vicarious, technical, or derivative liability claim against the CITY OF FORT LAUDERDALE under Florida law." We strongly disagree with their analysis.

We agree that for a motion to dismiss the Complaint's factual allegations must be accepted as true. However, the Complaint alleges negligent conduct by the police and not acts committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights. It is the job of the trier of fact to determine if the police officers' conduct amounted to bad faith. Johnson v. Cannon, M.D. Fla. 1996, 947 F.Supp. 1567. Discovery has not yet taken place and it is impossible at this early stage of litigation to determine whether the police officers' conduct amounted to bad faith and malicious purpose. Florida Statute §768.28 (1) provides:

> In accordance with S. 13, Article K, (State Constitution), the State, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this Act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the <u>negligent or wrongful act or omission</u> (emphasis added) of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. . . .

It is clear from the Florida statute cited above that the state or its agencies waives sovereign immunity for personal injuries caused by the negligent or wrongful acts or omission of employees acting within the scope of their employment. It is up to the factfinder to determine whether bad faith, malicious purpose, or willful or wanton disregard of human rights, safety, or property was present. It is not up to Defendant, CITY OF FORT LAUDERDALE, to make this determination on the facts alleged in the Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Richard Kane, City Attorney, Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009 and to Dieter K. Gunther, Adorno & Zeder, P.A., Attorney for Defendant, City of Fort Lauderdale, 888 Southeast Third Avenue, Suite 500, Fort Lauderdale, Florida 33335-9002 this 14th day of March, 2000.

Respectfully submitted,

DANIELS & DANIELS
Attorneys At Law, P.A.
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:   (954) 572-7100
    Fax:   (954) 572-0667

By: _____
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648