UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendants.
_____/

### DEFENDANT CITY OF HALLANDALE'S REPLY SUPPORTING ITS MOTION TO DISMISS

The parties agree that when ruling upon a motion to dismiss, the factual allegations of the complaint must be accepted as true (Response, pg. 2). Based solely on the allegations of the complaint, the Court should dismiss Plaintiff's claim against this Defendant.

Plaintiff alleged that he was apprehended by the police and handcuffed face down on the ground (pars. 80 and 81). Plaintiff did not struggle, resist arrest or verbally abuse the officers (par. 83) and one of the police officers "ordered his canine partner to savagely attack the Plaintiff while the Plaintiff was lying prone, face down upon the ground with his hands handcuffed behind his back. The canine officer complied with his handler's instructions, savagely biting the Plaintiff in the back of his leg and on his buttocks." (par. 84). Plaintiff further alleged that the officer "instigated and encouraged the (canine's) attack" and that another officer "kicked the Plaintiff and hit him repeatedly with flashlights and/or batons ... and then dragged the Plaintiff into the street where they (police officers) continued to kick and beat him." (pars. 85 and 86).



Plaintiff erroneously contends that "it is up to the factfinder to determine whether bad faith, malicious purpose, or willful or wanton disregard of human rights, safety or property was present" (Response, pg. 3). When faced with such extreme allegations of violence, as alleged in the complaint in the case sub judice, no jury issue exists and the Court may rule as a matter of law that such a claim is barred by sovereign immunity.

The interpretation of Florida's sovereign immunity statute is one of state law and the Court must follow the decisions of the Supreme Court of Florida. Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed.2d 1246 (1944); Flintkote Co. v. Dravo Corp., 678 F.2d 942, 945 (11th Cir. 1982). When facts relied upon are in dispute, their existence is a question of fact for the determination of a jury. However, when those facts are found or admitted to be true, their legal effect is for the court to decide as a question of law. Memorial Hospital-West v. News-Journal, 729 So.2d 373, 381 (Fla. 1999).

Based on the above-referenced allegations of the complaint, the Court should rule that their legal effect is the equivalent of bad faith conduct and/or a wanton and willful disregard for Plaintiff's rights and safety for which the City cannot be held liable.

### CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Daniels & Daniels, P.A., 4300 University Drive, Suite B-200, Fort Lauderdale, FL 33351, on March 15, 2000.

Richard Kane
City Attorney, Hallandale Beach
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone (954) 457-1325
Facsimile (954) 457-1342

Mark Goldstein
FL Bar No: 882186