UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6228-CIV-SEITZ

HUGH HODGE,   Magistrate Judge Garber

    Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE, and CITY OF
HALLANDALE,

    Defendants.

_____

**CITY OF FORT LAUDERDALE'S
REPLY TO PLAINTIFF'S RESPONSE
TO CITY OF FORT LAUDERDALE'S MOTION TO DISMISS COUNT IX**

COMES NOW the Defendant, CITY OF FORT LAUDERDALE, by and through its undersigned attorney, and files this, its Reply to Plaintiff's Response to its Motion to Dismiss Count IX of Plaintiff's Complaint, and states:

1. Plaintiff's Complaint, in Count IX (against City of Fort Lauderdale), at paragraph 72, alleges that:

> Thomas Reed, Patrick Hart and David Wheeler [identified in the complaint as City of Fort Lauderdale employees] *did nothing to stop the attack by Officer Church's canine "Gero" on the Plaintiff and in fact instigated and encouraged the attack.* (Emphasis added.)

CASE NO. 00-6228-CIV-SEITZ

At paragraph 73, Plaintiff alleges that:

> Upon information and belief, several officers, including the co-Defendants, Thomas Reed, Patrick Hart, and David Wheeler, *kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him.* (Emphasis added.)

This is precisely the type of employee conduct for which a sovereign is not liable under the laws of the State of Florida. The State of Florida has waived sovereign immunity only to the extent specified in the §768.28, Florida Statutes. Consequently, the State of Florida, as well municipal corporations such as the City of Fort Lauderdale, are not liable for the torts of employees committed in bad faith or with malicious purpose.

2. Plaintiff's Complaint makes allegations against City of Fort Lauderdale police officers which, if true, evince nothing other than bad faith and malice. A jury is not required, or needed, to make this determination under the facts alleged. The reprehensible conduct alleged by Plaintiff amounts to a usurpation of authority not lawfully vested in the named police officers; therefore, City of Fort Lauderdale is immune from liability arising from the described conduct. <u>Swenson v. Cahoon</u>, 111 Fla. 788, 789, 152 So. 203, 203 (1933). Although Count IX of Plaintiff's complaint does not contain the words "malice" or "bad faith," he describes an alleged "savage" beating of his person, an act of mayhem. The clear import of §768.28, Florida Statutes, is that neither the State of Florida, its political subdivisions, or municipal corporations are to be held liable for such conduct. Contrary to Plaintiff's assertion, discovery is not necessary to

CASE NO. 00-6228-CIV-SEITZ

make this determination since these allegations were made by Plaintiff upon his own information and belief.

For these reasons and those more fully set forth in City of Fort Lauderdale's Memorandum of Law, which is incorporated herein, Count IX of Plaintiff's Complaint must be dismissed with prejudice.

### MEMORANDUM OF LAW

"A court must find no liability as a matter of law if either (a) no duty of care existed, or (b) the doctrine of governmental immunity bars the claim." See Kaisner v. Kolb, 543 So.2d 732, 734 (Fla.1989). Here, Plaintiff has filed a state claim in federal court, based upon his own information and belief, which alleges that officers of City of Fort Lauderdale encouraged and actually instigated the savage attack of his person by a dog, beat him with flashlight and baton, and dragged him into the street to kick and beat him further. The conduct alleged, if true, cannot be a good faith conduct. It cannot be accomplished without malice. In short, Plaintiff seeks to hold the City of Fort Lauderdale liable upon claims arising from conduct for which liability is barred by governmental immunity; hence, Count IX must be dismissed with prejudice.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this 27day of March, 2000 to: GORDON S. DANIELS, ESQ., Daniels & Daniels Attorneys At Law, P.A., 4300 North University Drive, Suite B-200, Forth

3

CASE NO. 00-6228-CIV-SEITZ

Lauderdale, Florida 33351; and to RICHARD KANE, City Attorney, Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, FL 33009.

>ADORNO & ZEDER, P.A.
>Attorneys for Defendants
>888 Southeast Third Avenue, Suite 500
>Fort Lauderdale, FL 33335-9002
>(954) 523-5885
>(954) 760-9531 Fax
>
>BY: _____
>DIETER K. GUNTHER
>Florida Bar Number: 094456

RJH/L.MOTION/138855/12435.104

4
ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531