UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

FILED BY_____ D.C.

00 JUN 29 PM 12: 33

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

HUGH HODGE,

      Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, et al.,

      Defendant.
_____/

## AMENDED JOINT SCHEDULING REPORT OF SCHEDULING MEETING

The parties, pursuant to Rule 16.1(B), Local Rules of the United States District Court for the Southern District of Florida, and in accordance with the Court's Order Granting Extension of Time to File Amended Scheduling Report, dated June 19, 2000, hereby file this Amended Joint Scheduling Report:

**1.      Discovery Schedule**

Pursuant to the Court's Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order, dated June 19, 2000, the parties have exchanged preliminary witness and exhibit lists, as well as documents, during the scheduling conference. However, the parties will exchange written lists containing the names and addresses of all fact witnesses intended to be called at trial by **October 13, 2000**, Both parties intend to propound Requests for Production and Interrogatories upon the other throughout litigation. Plaintiff has already propounded his First Set of Interrogatories and First Request for Production. **The parties agree that all fact discovery**

1

**should be completed by November 10, 2000.** During this discovery period, Defendants intend to depose Plaintiff, Hugh Hodge, and those individuals identified as having knowledge relevant to the disputed facts and/or knowledge of the allegations contained in the pleadings, including but not limited to Kim Hewins, Jerome Singleton, Josephine Viola, Michael Viola and Joe Mayadeene. Plaintiff also intends to depose the individual Defendants and the municipal Defendants' representatives, as well as those individuals identified as having knowledge relevant to the disputed facts and/or knowledge of the allegations contained in the pleadings, including but not limited to Timothy M. Church, Thomas Reed, Patrick Hart, David Wheeler and representatives from the City of Fort Lauderdale and the City of Hallandale.

In addition, the parties also intend to depose any expert witnesses, if any, identified by the parties. Plaintiff will disclose expert witnesses no later than **September 15, 2000** and Defendant will disclose expert witnesses no later than **September 29, 2000. All expert discovery should be completed by October 30, 2000.** The parties further agree that as discovery proceeds additional individuals may be revealed which the parties may then decide to depose.

2.    **Settlement**

Settlement has been discussed, however, there is no agreement at this time. The parties agree to explore the likelihood of settlement throughout this litigation. In doing so, the parties have agreed that mediation should be conducted in this matter on or before **November 15, 2000,** utilizing the mediation services of Mediation Inc.

3.    **Additional Parties**

The parties do not intend to name any additional parties at this time.

2

4.    **Proposed Time Limits**

    a.    **to join other parties and to amend the pleadings**

        The parties agree that the joinder of other parties and/or amendments to the pleadings, if any, shall be made no later than **July 15, 2000**.

    b.    **to file and hear motions**

        The parties request that the deadline for filing any dispositive motions be **December 15, 2000.**

    c.    **to complete discovery**

        The parties suggest that all fact discovery can reasonably be completed on or before **November 10, 2000.**

5.    **Simplification of Issues**

None at this time.

6.    **Amendment of the Pleadings**

Other than set forth in Paragraph 4(a), the parties do not foresee adding additional parties or amending the pleadings at this time.

7.    **Admission of Facts and Documents**

The parties will endeavor to obtain admissions and stipulate as to the authenticity and admissibility of documents to avoid unnecessary evidentiary issues. The parties anticipate the necessity of filing motions in limine to address evidentiary issues which may arise during discovery.

    a.    **Stipulations**

The parties stipulate and agree that the individual Defendants, Timothy M. Church, Thomas

3

Reed, Patrick Hart and David Wheeler acted "under color" of state law.

8.    **Suggestions to Avoid Unnecessary Proof and Cumulative Evidence**

None at this time, however, the parties agree to work together to avoid unnecessary proof and cumulative evidence in order to avoid unnecessary use of judicial resources.

9.    **Advisability of Referring to Magistrate**

The parties consent to referring non-dispositive pretrial matters to a Magistrate Judge. However, the parties agree and request that dispositive motions be heard by the Honorable Patricia A. Seitz and that the trial in this matter should be conducted before the Honorable Judge Seitz.

10.    **Estimate of Trial Length**

The parties agree that this case should be assigned to the Standard Management Track and that this case will not require the use of the Manual for Complex Litigation. The parties estimate that the trial in this matter will completed in three to five (3-5) days.

11.    **Suggested Dates**

The parties suggest and propose that the final pretrial conference be set for, **February 23, 2001.** The parties propose that this case be set for trial during the two week period commencing **March 30, 2001.** The parties further suggest and propose that jury instructions should be submitted no later than **March 17, 2001.**

12.    **Trial**

Plaintiff has requested a jury trial on issues so triable.

13.    **Legal Elements**

This matter involves three causes of action: (1)  42 U.S.C. § 1983, Fourth Amendment

claims; (2) common law battery claims; and (3) common law negligence claims, to which Defendants have raised numerous defenses. The parties agree that at trial, Plaintiff and Defendants must prove and/or demonstrate the following:

## CAUSE OF ACTION ELEMENTS

### a. 42 U.S.C. § 1983 - Fourth Amendment Claims

Plaintiff must prove by a preponderance of the evidence that:

i.    the Defendants intentionally committed acts which violated one or more of the Plaintiff's Federal constitutional rights guaranteed by the Fourth Amendment to the United Stated Constitution;

ii.   in so doing the Defendants acted "under color" of the authority of the State of Florida; and

iii.  the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

### b. Battery Claims

Plaintiff must prove by a preponderance of the evidence that:

i.    Defendants intended to touch Plaintiff's person;

ii.   Defendants actually touched Plaintiff;

iii.  the contact was harmful or offensive; and

iv.   the contact directly or indirectly caused an injury to Plaintiff

### c. Negligence Claims

Plaintiff must prove by a preponderance of the evidence that:

i.    Defendants had a legal duty to conform to a reasonable standard of conduct;

ii.   Defendants met, or failed to meet, the required standard of conduct;

5

    iii.    Defendants' conduct was a legal cause of injury to Plaintiff; and

    iv.    Plaintiff in fact incurred injury because of Defendants' negligence.

## DEFENSE ELEMENTS

Defendants must prove by a preponderance of the evidence that:

**a.**    **Qualified Immunity Defense**

    i.    Defendants, acting under color of state law, were acting within the scope of their discretionary authority;

If so, Plaintiff must then prove that:

    i.    Defendants' acts violated clearly established federal statutory or constitutional rights of which a reasonable person would have known.

    ii.    "a controlling and materially similar case declares the official's conduct unconstitutional . . ." Priester v. City of Riviera Beach, Fla., 2000 WL 345753, at 4 (11th. Cir.); and/or

    iii.    that the official's conduct was so far beyond the hazy border between excessive and acceptable force that [the official] had to know he was violating the Constitution even without caselaw on point. Id.

**b.**    **Battery and Negligence Defenses**

    i.    Defendants were law enforcement officers at the time of the arrest;

    ii.    the arrest was lawful;

    iii.    the plaintiff used force in resisting arrest by Defendants

    iv.    the force was used because the Defendants reasonably believed that it was necessary for self-defense, to others from bodily harm during the arrest and it was necessary in retaking an escaping Plaintiff; and

    v.    the use of force was necessary in arresting Plaintiff who was fleeing from

Amended Joint Scheduling Report
Case No. 00-6228-Civ-Seitz/Garber

justice and who Defendants reasonably believed had threatened to cause death or serious physical harm;

vi.     Defendants did not breach or fail to meet its duty of care to Plaintiff;

vii.    Defendants' conduct was not a legal cause of Plaintiff's injury; and

viii.   Plaintiff's injuries were not incurred because of Defendants' negligence.

In turn, Plaintiff must prove, pursuant to Fla.Stat. § 768.28(9)(a) that:

i.      the individual Defendants, Timothy M. Church, Thomas Reed, Patrick Hart, and David Wheeler acted in bad faith; or

ii.     the individual Defendants, Timothy M. Church, Thomas Reed, Patrick Hart, and David Wheeler acted with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## 14.    Estimate of Damages

Plaintiff and Defendants, Thomas Reed, Patrick Hart, David Wheeler and the City of Fort Lauderdale, estimate in good faith that the specific dollar valuation of actual damages and other relief at issue in this matter range from $ 25,000.00 to $ 200,000.00. Defendants, Timothy M. Church and the City of Hallandale, cannot in good faith determine Plaintiff damages, if any, without first obtaining a medical examination of the Plaintiff.

## 15.    Variance from the Discovery Limitations Imposed by Applicable Rules

The parties do not anticipate having to deviate from any of the discovery limitations imposed by either the Local Rules or the Federal Rules of Civil Procedure.

Amended Joint Scheduling Report
Case No. 00-6228-Civ-Seitz/Garber

Dated: June 27, 2000

Respectfully submitted,


ADORNO & ZEDER, P.A.
Attorneys for Defendants Reed,
    Hart, Wheeler and City of
    Fort Lauderdale
888 S.E. Third Avenue, #500
Fort Lauderdale, FL 33335-9002
Telephone:    (954) 523-5885
Facsimile:    (954) 760-9531

DANIELS & DANIELS, P.A.
Attorneys for Plaintiff
4300 N. University Drive, #B-200
Fort Lauderdale, FL 33351
Telephone:    (954) 572-7100
Facsimile:    (954) 572-0667


DIETER K. GUNTHER
Florida Bar No. 094456

GORDON S. DANIELS
Florida Bar No. 350648


CITY OF HALLANDALE
City Attorney's Office
Attorney for City of Hallandale & Church
400 South Federal Highway
Hallandale, FL 33009
Telephone:    (954) 458-3251
Facsimile:    (954) 457-1342


MARK GOLDSTEIN, City Attorney
Florida Bar No. 882186

AEB/L.MISC/146410/012435.0104

8

## Pretrial Deadlines, Pretrial Conference and Trial Date

_7/15_ __,_00_    Joinder of parties and amendment of pleadings.

_10/13_ ___,_00_    Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information.

_11/10_ __,_00_    All fact discovery must be completed.

_9/15_ __,_00_    Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

_9/29_ __,_00_    Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

_10/30_ __,_00_    All expert discovery must be completed.

_11/15_ __,_00_    Mediation must be completed.

_12/15_ __,_00_    All dispositive pretrial motions and memoranda of law must be filed.

_2/16_ __,_01_    (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and
(b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, either in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); **and**
(c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

_3/17_ __,_01_    Final proposed jury instructions or findings of fact and conclusions of law must be submitted. *(A courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format)*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

_2/23_ __,_01_    Pretrial conference.

_3/30_ __,_01_    Trial Date.

_N/A_ __,_ __    Date of any other deadline the parties adopt as part of their case management plan.

[Attachment A]

## SUGGESTED PRETRIAL DEADLINES

| | |
|---|---|
| 31 weeks prior to pretrial stip | Joinder of parties and amendment of pleadings. |
| 21 weeks prior to pretrial stip | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 17 weeks prior to pretrial stip | All fact discovery must be completed. |
| 16 weeks prior to pretrial stip | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| 14 weeks prior to pretrial stip | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| 12 weeks prior to pretrial stip | All expert discovery must be completed. |
| 11 weeks prior to pretrial stip | Mediation must be completed. |
| 10 weeks prior to pretrial stip | All dispositive pretrial motions and memoranda of law must be filed. |
| 5 weeks prior to the Friday before trial period | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; **and**

(b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and other relief sought, and (2) the legal elements of the defenses raised, either in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); **and**

(c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| Friday before Calendar Call | Final proposed jury instructions or findings of fact and conclusions of law must be submitted. *(A courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format)*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |

[Attachment B]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

          Plaintiff,

v.

TIMOTHY M. CHURCH,
THOMAS REED, et al

          Defendant.

_____/

## ELECTION TO JURISDICTION BY A UNITED STATES
## MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned

civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following

motions and issue a final order or judgment with respect thereto:

| | | | | |
|---|---|---|---|---|
| 1. | Motions for Costs | Yes _____ | No ✓ |
| 2. | Motions for Attorney's Fees | Yes _____ | No ✓ |
| 3. | Motions for Sanctions | Yes ✓ | No _____ |
| 4. | Motions to Dismiss | Yes _____ | No ✓ |
| 5. | Motions for Summary Judgment | Yes _____ | No ✓ |
| 6. | Other (specify) _____ | | |

6-27-00
(Date)　　　　　　(Signature-Plaintiff's Counsel)

_____
(Date)　　　　　　(Signature-Plaintiff's Counsel)

6/27/00
(Date)　　　　　　(Signature-Defendant's Counsel)

_____
(Date)　　　　　　(Signature-Defendant's Counsel)

[Attachment C]