UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

FILED by _____ D.C.

SEP 1 2000

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendant.
_____/

### ORDER PROVIDING PARTIES WITH INSTRUCTIONS FOR JURY TRIAL

THIS CAUSE came before the Court *sua sponte*. It is hereby ORDERED as follows:

#### EVIDENTIARY MATTERS

1. Counsel shall meet and prepare an Exhibit Notebook, consisting of three (3) divisions. The first division shall contain the parties' joint exhibits; the second division shall contain plaintiff's exhibits; and the third division shall contain defendant's exhibits. Those exhibits which are joint shall not be repeated in the second or third divisions of the notebook. <u>Each division shall be clearly and adequately designated (tabbed) and each exhibit appropriately labeled</u>. The first page after each tab shall be a face page identifying the exhibit by number and type (i.e., Joint, Plaintiff's or Defendant's). The Exhibit Notebook shall also include an exhibit index. The parties shall include in the Notebook only those exhibits that are considered absolutely necessary. The failure to include any particular exhibit in the Notebook, however, shall not preclude admission of any exhibit that was properly listed on the party's pretrial exhibit list. A sample Exhibit Notebook is available in Chambers for counsel's inspection.



2. At the Pretrial Conference, the parties shall submit to the Court an exhibit index prepared on Form AO 187, with objections to exhibits indicated. The parties shall attach to this index their respective memoranda of law and cases in support of the objections. Counsel shall each have a copy of the Exhibit Notebook and shall provide a copy to the Court at the Pretrial Conference. To the extent possible, the Court will rule on all objections at that time.

3. Following the Pretrial Conference, counsel shall revise the Exhibit Notebook (including the Court's and each counsel's copy) in accordance with the Court's rulings at the Pretrial Conference. Counsel shall then prepare sufficient copies of the revised Exhibit Notebook for distribution to each juror. The Exhibit Notebooks shall be handed to each juror after the jury is impaneled. An additional copy of the Exhibit Notebook shall be prepared to keep at the witness box for use by the witnesses, as needed. As to those exhibits upon which the Court reserves ruling until presentation of testimony at trial, counsel shall have sufficient copies of each exhibit to provide to the jurors for addition to their Notebooks in the event the exhibit is admitted into evidence.

4. The parties are encouraged to prepare summaries in accordance with Federal Rule of Evidence 1006 and such demonstrative charts and other materials as may assist the jury to understand the issues, provided, however, that all such materials shall be shown to opposing counsel no later than ten (10) calendar days preceding the first Monday of the trial period so as to avoid surprise.

## PRETRIAL CONFERENCE

5. In addition to addressing motions in limine, the jury selection process, and the Exhibit Notebooks, the parties shall be prepared to discuss, at the Pretrial Conference, any matters not previously addressed that need to be resolved for the orderly and expeditious presentation of evidence to the jury. To that end, the parties shall meet at least five (5) days prior to Pretrial

Conference to discuss such issues. **At least one month prior to the Pretrial Conference, the parties shall inform the Court whether they will need in excess of the one-hour time period allotted for the Pretrial Conference.**

6. Subsequent to the Court's ruling on any pending motions in limine, the parties shall submit an updated assessment of the estimated time required for the trial of this action. By the Friday before Calendar Call, counsel shall file a list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

## JURY SELECTION

7. This case shall be tried before eight (8) jurors. In selecting a jury, voir dire shall be conducted as to the entire juror panel. Following voir dire, the exercise of challenges shall commence as to the first three (3) jurors. Each party shall then exercise their challenges as to those three, with the Plaintiff(s) choosing first. A second sub-panel consisting of the next three jurors will then be selected, and the parties' challenges exercised as to them, with the Defendant(s) selecting first. This process shall continue until eight jurors are sitting for which no challenge has been exercised. Back-striking will not be allowed.

8. The Court shall, in most cases, conduct voir dire. At or before noon on the Friday preceding the first Monday of the trial period, each side may file and serve requested voir dire questions. A courtesy copy of the proposed voir dire questions shall be delivered to Chambers. Following the Court's initial voir dire, each side may, the discretion of the Court, be allowed time to conduct supplemental voir dire.

9. Counsel shall meet and prepare a concise, non-argumentative statement of the case to be read to the jury in connection with voir dire. The statement shall be filed with the Court also at or

before noon on the Friday preceding the first Monday of the trial period. A courtesy copy of the statement shall be delivered to Chambers.

## MISCELLANEOUS INSTRUCTIONS

10. If the case is settled, counsel are directed to inform the Court promptly by calling the Judge's Chambers and to submit an appropriate Order for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1). The proposed Order SHALL be filed no later than ten (10) days after Notice of Settlement is given to the Court.

11. **Non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal.**

DONE AND ORDERED in Miami, Florida, this ___ day of August, 2000.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Gordon S. Daniels, Esquire
Dieter K. Gunther, Esquire
Mark Goldstein, Esquire