UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6228-CIV-SEITZ

FILED by _____ D.C.

SEP 1 5 2000

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. MIAMI

HUGH HODGE,

      Plaintiff,

v.

TIMOTHY CHURCH, et al.,

      Defendants.

_____/

## ORDER DENYING MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon Defendant City of Hallandale's Motion to Dismiss [D.E. 13] and Defendant City of Fort Lauderdale's Motion to Dismiss Count IX with Prejudice [D.E. 14].

To state a claim, Fed.R.Civ.P. 8(a) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 798 (11th Cir. 1988) (citation omitted), aff'd, 494 U.S. 113 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert. denied, 486 U.S. 1055 (1988). The moving party bears a heavy burden. St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986).

SEP 1 9 2000

Rec'd in MIA Dkt _____

#35
HM

This is, in essence, an excessive force case. In this case, the municipal Defendants raise sovereign immunity as a bar to the negligence claims asserted against them. Specifically, they contend that they cannot be held vicariously liable for the conduct of their police officers when those officers acted in bad faith, with malicious purpose, or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property. *See* Fla. Stat. § 768.28. The Complaint, however, alleges that at all times material, the Defendant police officers "were acting within the scope of their employment duties, and in furtherance of the objectives of their employer." Nowhere in the Complaint are the Defendant police officers alleged to have acted in bad faith or with malicious purpose or with a wanton and willful disregard for Plaintiff's rights. More importantly, nothing in the Complaint indicates that the Defendant police officers admit to any alleged wrongful conduct. Hence, the Court finds that the arguments of the municipal Defendants would be better raised on a motion for summary judgment after discovery has been conducted. Consequently, it is hereby

ORDERED that:

(1) Defendant City of Hallandale's Motion to Dismiss [D.E. 13] is DENIED.

(2) Defendant City of Fort Lauderdale's Motion to Dismiss Count IX with Prejudice [D.E. 14] is DENIED.

DONE AND ORDERED in Miami, Florida this 14th day of September, 2000.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Gordon S. Daniels, Esq.
Richard Kane, Esq.
Dieter K. Gunther, Esq.

2