UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS
REED, PATRICK HART, DAVID
WHEELER, CITY OF FORT
LAUDERDALE and CITY OF
HALLANDALE,

    Defendants.
_____/

## DEFENDANT, CITY OF FORT LAUDERDALE'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, CITY OF FORT LAUDERDALE ("CITY"), by and through its undersigned counsel and pursuant to the Court's Order Denying Motions to Dismiss, dated September 14, 2000, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, dated February 16, 2000, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     CITY does not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in paragraph 1, and therefore denies the allegations contained therein.

2.     CITY does not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in paragraph 2, and therefore denies the allegations contained therein.

3.     CITY admits that at all times material, Defendant REED was employed as a police officer by the Fort Lauderdale Police Department and that CITY is a municipal corporation

organized and existing under the laws of Florida, but denies the remaining allegations of paragraph 3.

4. CITY admits that at all times material, Defendant HART was employed as a police officer by the Fort Lauderdale Police Department and that CITY is a municipal corporation organized and existing under the laws of Florida, but denies the remaining allegations of paragraph 4.

5. CITY admits that at all times material, Defendant WHEELER was employed as a police officer by the Fort Lauderdale Police Department and that CITY is a municipal corporation organized and existing under the laws of Florida, but denies the remaining allegations of paragraph 5.

6. CITY admits the allegations in paragraph 6 for jurisdictional purposes only.

7. CITY does not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in paragraph 7, and therefore denies the allegations contained therein.

## COUNT I

### (Plaintiff v. TIMOTHY M. CHURCH, in his individual capacity - Violation of the United States Constitution, brought through 42 U.S.C. § 1983)

8-21. CITY asserts no answers to any allegations in Count I and its last unnumbered paragraph, as Count I does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count I are directed at CITY, said allegations are denied.

## COUNT II

### (Plaintiff v. THOMAS REED, in his individual capacity -- Violation of the United States Constitution, brought through 42 U.S.C. § 1983)

22-31. CITY asserts no answers to any allegations in Count II and its last unnumbered paragraph, as Count II does not pertain to CITY and therefore, no response is necessary. However,

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

to the extent that any allegations contained within Count II are directed at CITY, said allegations are denied.

### COUNT III

**(Plaintiff v. PATRICK HART, in his individual capacity -- Violation of the United States Constitution, brought through 42 U.S.C. § 1983)**

32-41. CITY asserts no answers to any allegations in Count III and its last unnumbered paragraph, as Count III does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count III are directed at CITY, said allegations are denied.

### COUNT IV

**(Plaintiff v. DAVID WHEELER, in his individual capacity -- Violation of the United States Constitution, brought through 42 U.S.C. § 1983)**

42-51. CITY asserts no answers to any allegations in Count IV and its last unnumbered paragraph, as Count IV does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count IV are directed at CITY, said allegations are denied.

### COUNT V

**(Plaintiff v. TIMOTHY M. CHURCH -- Battery)**

52-54. CITY asserts no answers to any allegations in Count V and its last unnumbered paragraph, as Count V does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count V are directed at CITY, said allegations are denied.

### COUNT VI

**(Plaintiff v. THOMAS REED -- Battery)**

55-57. CITY asserts no answers to any allegations in Count VI and its last unnumbered

paragraph, as Count VI does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count VI are directed at CITY, said allegations are denied.

### COUNT VII

**(Plaintiff v. PATRICK HART -- Battery)**

58-60. CITY asserts no answers to any allegations in Count VII and its last unnumbered paragraph, as Count VII does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count VII are directed at CITY, said allegations are denied.

### COUNT VIII

**(Plaintiff v. DAVID WHEELER -- Battery)**

61-63. CITY asserts no answers to any allegations in Count VIII and its last unnumbered paragraph, as Count VIII does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count VIII are directed at CITY, said allegations are denied.

### COUNT IX

**(Plaintiff v. City of Fort Lauderdale - Negligence)**

64(a). CITY admits that it is a municipal corporation organized and existing under the laws of Florida, but denies the remaining allegations in paragraph 64(a).

64(b). CITY admits that the City of Fort Lauderdale Police Department is a law enforcement agency, but denies the remaining allegations in paragraph 64(b).

64(c). CITY denies the allegations in paragraph 64(c).

65. CITY adopts and realleges its answers to paragraphs 2 through 5, as though fully set forth herein.

66. CITY admits that on September 6, 1998, Plaintiff, while in the process of fleeing from a stolen vehicle, was apprehended by Fort Lauderdale police officers, but denies the remaining allegations in paragraph 66.

67. CITY denies the allegations in paragraph 67.

68. CITY admits that on September 6, 1998, Plaintiff, while in the process of fleeing from a stolen vehicle, was apprehended by Fort Lauderdale police officers. CITY further admits that Plaintiff was violent and resisted apprehension, but denies the remaining allegations in paragraph 68.

69. CITY admits that at all times material, Defendants, REED, HART and WHEELER were acting within the scope of their employment as police officers, but denies the remaining allegations in paragraph 69.

70. CITY denies the allegations in paragraph 70.

71. CITY denies the allegations in paragraph 71.

72. CITY denies the allegations in paragraph 72.

73. CITY denies the allegations in paragraph 73.

74. CITY admits that Plaintiff was transported immediately to Broward General Medical Center by a police officer, but denies the remaining allegations in paragraph 74.

75. CITY denies the allegations in paragraph 75.

76(a). CITY denies the allegations in paragraph 76(a). CITY also asserts that paragraph 76(a) does not allege facts but rather conclusions of law based upon legal duties.

76(b). CITY denies the allegations in paragraph 76(b).

Responding to the last, unnumbered paragraph of Count IX, CITY denies that it is liable to the Plaintiff for any sum or in any manner whatsoever.

## COUNT X

### (Plaintiff v. City of Hallandale -- Negligence)

77-89. CITY asserts no answers to any allegations in Count X and its last unnumbered paragraph, as Count X does not pertain to CITY and therefore, no response is necessary. However, to the extent that any allegations contained within Count X are directed at CITY, said allegations are denied.

## AFFIRMATIVE DEFENSES

90. CITY alleges and asserts that it is immune from suit pursuant to Section 768.28, Florida Statutes.

91. CITY alleges and asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

92. CITY alleges and asserts that, at all times material, Defendants had probable cause, as well as a duty to arrest Plaintiff.

93. CITY alleges and asserts that, at all times material, Defendants acted:

    a. without malice;

    b. with probable cause;

    c. using only such force as was reasonable or necessary under the circumstances;

    d. in pursuit of lawful and legal duty; and

    e. in self-defense or in protection of others or other police officers.

94. CITY alleges and asserts that Defendants did not owe Plaintiff any duty other than that owed to the public generally.

95. CITY alleges and asserts that Defendants did not act in any way that would violate any clearly established rights guaranteed to the Plaintiff under the United States Constitution.

96. CITY alleges and asserts that its system of hiring, training and supervising its police

officers with regard to the use of force, its policies and procedures regarding the use of force, and its system for identifying and reviewing the use of force, including the use of corrective, disciplinary or remedial action, are designed and implemented in such a way as to discourage excessive, illegal or improper use of force and are constitutionally permissible.

97. CITY alleges and asserts that Defendants' actions with regard to the apprehension of the Plaintiff were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

98. CITY alleges and asserts that no improper municipal policy was the moving force for any constitutional violation with regard to the actions taken regarding Plaintiff.

99. CITY alleges and asserts that the actions of the Plaintiff are the sole cause of his alleged damages and/or injuries.

100. CITY alleges and asserts that the sole cause of the loss, injury or damage complained of by Plaintiff, were the actions of other persons or parties, or third persons or parties not under the care, custody or control of Defendant.

101. CITY alleges and asserts that the sole cause of the loss, injury or damage complained of by the Plaintiff were the actions of other persons or parties, including but not limited to individuals and/or entities, both currently named in this litigation and not currently named as parties in this litigation. Under the laws announced by the Florida Supreme Court in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), this Defendant maintains that it is only responsible, if at all, for its respective percentage of fault as may be found to exist between any and all entities and/or individuals, whether named as defendants or parties in this instant litigation or not.

102. CITY alleges and asserts that it was Plaintiff's actions which resulted in his arrest and the subsequent charges being lodged.

103. CITY alleges and asserts that the Plaintiff has failed to mitigate his damages.

104. CITY alleges and asserts that it is entitled to a credit and/or set-off for any and all collateral sources pursuant to Section 768.76, Florida Statutes.

105. CITY demands reasonable attorney's fees pursuant to 42 U.S.C. § 1988, should it, or any of the named defendants, prevail in this action.

106. CITY reserves the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

107. CITY further denies each and every other allegation of the Plaintiff's Complaint herein not specifically admitted.

WHEREFORE, Defendant, CITY, having fully answered the Complaint denies that the Plaintiff is entitled to the relief sought, or any relief whatsoever, and further demand trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by regular U.S. Mail this 25th day of September, 2000 to GORDON S. DANIELS, ESQUIRE, Daniels & Daniels, P.A., 4300 North University Drive, Suite B-200, Fort Lauderdale, Florida 33351.

ADORNO & ZEDER, P.A.
Attorneys for Defendants, CITY, REED, HART and WHEELER
888 Southeast 3rd Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
Telephone:   (954) 523-5885
Facsimile:   (954) 760-9531

By: _____
DIETER K. GUNTHER
Florida Bar No. 094456
ALAIN E. BOILEAU
Florida Bar No. 0148598