UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

NIGHT BOX FILED
JAN 18 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

HUGH HODGE,

Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

Defendants.
_______________________________/

**MOTION FOR LEAVE FOR ENLARGEMENT OF TIME AND/OR REQUEST FOR HEARING**

COMES NOW the Plaintiff, HUGH HODGE, by and through his undersigned attorneys, and moves for an enlargement of time to file a Memorandum in Response to Defendant CITY OF HALLANDALE's Motion for Summary Judgment, Concise Statement of Material Facts and Incorporated Memorandum of Law (hereinafter referred to as "Motion for Summary Judgment"), and states as follows:

1. That the Plaintiff did receive Defendant's Motion for Summary Judgment on or about December 1, 2000.

2. That the Plaintiff did not file a response in the belief that a hearing was required and had not been set pursuant to Rule 56, Federal Rules of Civil Procedure.

3. That the Plaintiff received a call on January 16, 2001 from the Judge's clerk advising that a Memorandum was overdue.

4. The Plaintiff herein attaches its proposed Memorandum in Response to Defendant's Motion for Summary Judgment.

**WHEREFORE,** the Plaintiff, HUGH HODGE, respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave for Enlargement of Time and/or set a hearing on the Defendant's Motion for Summary Judgment.

65/1

**I HEREBY CERTIFY** that a copy of the foregoing was faxed and mailed on January 17, 2001, to the offices of: DIETER K. GUNTHER, ADORNO & ZEDER, P.A., Attorney for Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, 888 Southeast 3rd Avenue, Suite 500, Fort Lauderdale, FL 33335-9002 and MARK GOLDSTEIN, ESQ., Attorney for Defendant, City of Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009.

**DANIELS & DANIELS, PA**
**Attorneys for Plaintiff**
**4300 North University Drive, Suite B-200**
**Fort Lauderdale, Florida 33351**
**Telephone: (954) 572-7100**
**Fax: (954) 572-0667**

**By: ______________________**
**GORDON S. DANIELS, ESQ.**
**Florida Bar No. 350648**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE

Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

Defendants.
_____________________________/

PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, by and thru his undersigned attorneys, and files this his Memorandum In Response To Defendant's Motion For Summary Judgment and states as follows:

CONCISE STATEMENT OF FACTS

We agree with the facts as stated in Defendant's Memorandum. In addition the Plaintiff states that he was hiding behind a bush and that when the police approached him he immediately stood up and put his hands in the air (Plaintiff's Deposition: page 14, paragraphs 14 and 15) and that the police pushed him to the ground and surrounded him and started kicking him (Plaintiff's Deposition: page 16 paragraphs 18 thru 24). Thereafter he was forced to lie face down on the ground with his hands handcuffed. Whereupon the police officers ordered their canine partner to bite the Plaintiff. Additionally the police continued to hit the Plaintiff.

MEMORANDUM OF LAW

The issue is whether or not the acts of the police officers are to be interpreted as negligent or committed with malice and bad faith.

One of the issues is whether or not the police officers acted properly within the scope of their authority. It is one of our positions that the police officers, in arresting Mr. Hodge, over-reacted i.e., negligently reacted, in their arrest of Mr. Hodge. The issue as to whether or not this was a

negligent act, a malicious act or a combination of both is one for the jury to decide based on the evidence presented.

The courts have held that the burden is on the summary judgment movant to demonstrate conclusively that the non-moving party cannot prevail and if the record reflects the existence of any genuine issue of material fact or the possibility of any issue or if the record raises even the slightest doubt that an issue might exist, then summary judgment is improper. Penno v. American General Home Equity, 629 So.2d 307 (Fla. 2DCA, 1993). Additionally the reviewing court must draw every reasonable inference in favor of the non-moving party. Fine Arts Museums v. First National, 633 So.2d 1179 (Fla. 4DCA, 1994).

## CONCLUSION

Based on the foregoing the Plaintiff, Hugh Hodge, is requesting that the Court deny Defendant's, City Of Hallendale's, Motion For Summary Judgment.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was faxed and mailed to Mark Goldstein, City Attorney, Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009 and Adorno & Zeder, 888 S.E. 3rd Avenue, Suite 500, Fort Lauderdale, Florida 33316 this 17th day of January, 2001.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone: (954) 572-7100
Fax: (954) 572-0667

By: ______________________
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648