UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendants.
_____/

### DEFENDANT CITY OF HALLANDALE'S REPLY SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff, in a memorandum of law, contends that this Defendant's Motion for Summary Judgment should be denied because there is an issue for the jury. Plaintiff then proceeds to erroneously argue the summary judgment standard under Florida law. Defendant's motion should be granted based upon Rule 56, Fed.R.Civ.P., and based upon substantive Florida law.

Under Rule 56, Fed.R.Civ.P., Federal Court's have more leeway to grant motions for summary judgment than Florida Courts. 5G's Car Sales, Inc. v. FDLE, 581 So.2d 212 (Fla. 3d DCA 1991). Under Rule 56, Fed.R.Civ.P., mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment; the non-movant must identify specific facts of record on the issue upon which a reasonable jury might return a verdict in its favor. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In reviewing a summary judgment motion, the court has no duty to search the record for triable issues; rather, it need only rely upon those portions of the submitted documents to

which the non-moving party directs its attention. Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th Cir. 1992).

Plaintiff's memorandum argues that the police officers negligently overreacted. However, facts contained in a memorandum of law are insufficient to preclude summary judgment because a memorandum does not constitute competent evidence sufficient to raise a genuine issue of material fact. Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994); Boruski v. U.S., 803 F.2d 1421, 1428 (7th Cir. 1986); British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

Plaintiff unequivocally testified in deposition that the individual police officer defendants acted maliciously and in bad faith. Plaintiff, at page 58 of his deposition, testified as follows:

> Question: It's your position that the officers from the City of Hallandale and the City of Fort Lauderdale acted maliciously and in bad faith in this case?
>
> Answer: Definitely.

In deposition, Plaintiff's attorney never attempted to rehabilitate that portion of Plaintiff's testimony. Moreover, the deposition was taken on November 7, 2000, and no errata sheet was ever filed to correct or alter Plaintiff's above-referenced testimony.

When a Plaintiff claims that a government employee acted maliciously or in bad faith, there is no issue for the jury, and summary disposition in the government's favor is proper. Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA

1992)("the city and county are rendered immune from liability because the alleged common law torts of their employees <u>are claimed</u> to have been committed with malice and bad faith"). See also <u>Stephenson v. School Bd. of Polk County</u>, 467 So.2d 1112 (Fla. 2d DCA 1985).

Plaintiff has failed to identify any other evidence of record contradicting his own sworn deposition testimony on this issue. Therefore, in accordance with Section 768.28(9), Fla. Stat., Defendant is entitled to summary judgment.

### CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Daniels & Daniels, P.A., 4300 North University Drive, Suite B-200, Fort Lauderdale, FL 33351, and Adorno & Zeder, 888 S.E. 3rd Ave., Suite 500, Ft. Lauderdale, FL 33316, on January 24, 2001.

Mark Goldstein
City Attorney, Hallandale Beach
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone (954) 457-1325
Facsimile (954) 457-1342

FL Bar No: 882186