UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**HUGH HODGE,**              CASE NO. 00-6228-CIV-SEITZ/GARBER

Plaintiff,

v.

**TIMOTHY M. CHURCH, et al.,**

Defendants.

_____/



### MOTION FOR LEAVE TO ENLARGE THE TIME FOR FACT DISCOVERY BEYOND THE DEADLINE FOR PURPOSES OF TAKING A SECOND DEPOSITION OF JOSEPH MAYADEENE AND TO OBTAIN ADDITIONAL DISCOVERY WHICH MAY BE DISCERNED FROM MAYADEENE'S DEPOSITION AND PLAINTIFF'S MOTION FOR AN ADDITIONAL EXTENSION OF TIME TO RESPOND TO DEFENDANTS, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO COMPEL PRODUCTION OF PHOTOGRAPHS OF POLICE

COMES NOW the Plaintiff, HUGH HODGE, by and through his undersigned attorneys, and files this his Motion For Leave To Enlarge The Time For Fact Discovery Beyond the Fact Discovery Deadline For Purposes of Taking A Second Deposition Of Joseph Mayadeene And To Obtain Additional Discovery Which May Be Discerned From Mayadeene's Deposition; Motion For An Additional Extension Of Time To Respond To Defendants, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE's Motion For Summary Judgment; and Motion to Compel Production of Photographs of Police (previously part of Plaintiff's Motion to Dismiss and Motion for Enlargement of Time dated January 24, 2001); and states as follows:

1. On January 16, 2001 the Defendants, PATRICK HART, DAVID WHEELER, AND THE CITY OF FORT LAUDERDALE (hereinafter "FORT LAUDERDALE"), filed a Motion For Summary Judgment.

2.    On January 25, 2001, the Plaintiff filed a Motion To Dismiss And Motion For Enlargement Of Time And Motion To Compel Production Of Photographs Of Police.

3.    That on January 26, 2001, the Court entered an Order Denying Motion To Dismiss And Granting Enlargement Of Time until February 12, 2001, in which to respond to Defendant FORT LAUDERDALE'S Summary Judgment.

4.    As stated in Plaintiff's original Motion For Enlargement Of Time, a key witness to the Plaintiff's case is a civilian who witnessed the incident, Mr. Joseph Mayadeene. As previously stated in our Motion, Mr. Mayadeene's deposition was previously taken on <u>November 22, 2000</u>. However, he refused to answer questions concerning the facts of this incident because he was afraid of police retaliation. A copy of a transcript of Mr. Mayadeene's deposition was attached to our original Motion. On <u>January 23, 2001</u>, the undersigned Plaintiff's Attorney called Mr. Mayadeene and asked him if he would allow me to take a sworn statement from him regarding this matter. Mr. Mayadeene stated that if I could not settle with the Defendants then he would testify truthfully and fully in Court.

5.    Pursuant to the Court's Order, a Mediation was held on January 29, 2001. Unfortunately, this matter could not be resolved.

6.    On January 31, 2001, the undersigned Plaintiff's Attorney contacted Mr. Mayadeene and again asked him if he would allow us to take his sworn statement. He said that he would rather give a deposition with all the parties present.

7.    On February 1, 2001, Plaintiff's attorney's office contacted the Defendants' Attorneys' offices to set up the deposition of Mr. Mayadeene. The only date we could obtain for

CASE NO. 00-6228-CIV-SEITZ/GARBER
Page 3

the deposition prior to this Honorable Court's deadline of February 12, 2001, was February 7, 2001.

8. On February 1, 2001, the Attorney for the City of Hallandale, Mark Goldstein, Esq., advised the undersigned attorney that he was objecting to the setting of Mr. Mayadeene's deposition since it was outside the time limitations of fact discovery as provided in this Court's Order of November 2, 2000.

9. In the interests of justice, it is vital that the Plaintiff obtain a second deposition of Mr. Mayadeene in order to properly oppose the Defendant FORT LAUDERDALE'S Motion For Summary Judgment. As previously stated, the Plaintiff did set Mr. Mayadeene for his deposition prior to the cut-off date and he did appear for his deposition but, through no fault of the Plaintiff, he refused to answer questions concerning the facts of this incident.

10. In the interests of justice, it is vital that the Plaintiff be allowed to take the deposition of Mr. Joseph Mayadeene and also be allowed to request additional discovery from all Defendants from facts discovered during the second deposition of Joseph Mayadeene. This discovery is essential for the Plaintiff to properly respond to Defendant FORT LAUDERDALE's Motion for Summary Judgment.

11. One of the arguments made by the Defendants, PATRICK HART and DAVID WHEELER, is that they were not involved in causing the injuries to Mr. HODGE. HART states that he merely set up a perimeter after Mr. HODGE fled from him. Officer HART states that he was *not* involved in the apprehension of Mr. HODGE. Additionally, Sergeant WHEELER stated that he was *not* present at the apprehension of Mr. HODGE and came to the scene afterwards. In fact, the police officers state in their depositions that only *two* officers (REED and CHURCH)

were involved in the apprehension of Mr. HODGE. However, the witness, Mr. Mayadeene, stated that approximately twenty (20) officers were present. Therefore, there is a question as to the truthfulness of the police. One way to determine if Officer HART and/or Sergeant WHEELER were or were not involved in the injuries to Mr. HODGE is to allow Mr. Mayadeene to view photographs of these officers.

Therefore, Plaintiff respectfully requests this Honorable Court to order Defendants to produce photographs of the police officers requested in Plaintiff's Second Request for Production dated November 21, 2000, or, alternatively, produce existing photographs in personnel files, for the sole purpose of review by Joseph Mayadeene at his deposition.

12. The Courts have held that the Courts have discretion to determine whether a summary judgment is ripe for resolution. See Sames v. Gable, 732 F.2nd 49 (3rd Circuit, 1984).

13. The trial in this case is set for the two-week trial docket beginning May 21, 2001.

**WHEREFORE**, the Plaintiff, HUGH HODGE, respectfully requests this Honorable Court to:

(A) Enlarge the time for fact discovery beyond the deadline for purposes of taking a second deposition of Joseph Mayadeene, presently scheduled for February 7, 2001;

(B) Enlarge the time for fact discovery beyond the deadline in order to allow Plaintiff to obtain additional discovery uncovered from Mayadeene's deposition;

(C) Order Defendants to produce photographs of police officers as requested in Plaintiff's Second Request for Production or, alternatively, produce existing photographs in personnel files, for the sole purpose of review by Joseph Mayadeene at his deposition.

CASE NO. 00-6228-CIV-SEITZ/GARBER
Page 5

(D)  Extend the time for Plaintiff to respond to Defendant FORT LAUDERDALE's Motion For Summary Judgment.

**I HEREBY CERTIFY** that a copy of the foregoing was faxed and mailed on February 2, 2001, to DIETER K. GUNTHER, ESQ., ADORNO & ZEDER, P.A., Attorney for Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, 888 Southeast 3rd Avenue, Suite 500, Fort Lauderdale, FL 33335-9002 and MARK GOLDSTEIN, ESQ., Attorney for Defendant, City of Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:  (954) 572-7100
Fax:  (954) 572-0667

By: _____
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

MAYADEEN MOTION REVISION #1.wpd