UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

      Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, et al.,

      Defendants.

_____/



### DEFENDANTS, THOMAS REED, PATRICK HART, DAVID WHEELER, CITY OF FORT LAUDERDALE, CITY OF HALLANDALE AND TIMOTHY M. CHURCH'S, JOINT OBJECTIONS TO OMNIBUS ORDER

Defendants, THOMAS REED, PATRICK HART, DAVID WHEELER,[1] CITY OF FORT LAUDERDALE, CITY OF HALLANDALE and TIMOTHY M. CHURCH, by and through their undersigned counsel, and pursuant to Local Magistrate Judge Rule 4, hereby appeal and respectfully submit the following objections to the Omnibus Order, dated March 1, 2001, rendered by the Hon. Barry L. Garber, United States Magistrate Judge, as follows:

### Introduction

This case arises out of the arrest of HODGE on or about September 6, 1998 for stealing an automobile and fleeing from the police.[2] As a result of said arrest, Plaintiff filed a ten (10) count



---

[1]    Plaintiff has agreed by stipulation with all parties to voluntarily dismiss David Wheeler as a party defendant, with prejudice. A fully executed stipulation and proposed Order will be filed with the Court shortly.

[2]    HODGE pled guilty to: (1) possession of cocaine; (2) grand theft; (3) possession of drug paraphernalia; (4) driving with a suspended license; and (5) resisting arrest without violence.

Complaint alleging 42 U.S.C. § 1983 violations (excessive force) against Officer Timothy M. Church, Officer Thomas Reed, Officer Patrick Hart and Sergeant David Wheeler. Plaintiff also alleges battery claims against all said police officers and asserts claims of negligence against the City of Fort Lauderdale and the City of Hallandale.

On or about November 21, 2000, Plaintiff served upon all parties his Second Request for Production requesting the photographs of Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields, Jay Smith and Timothy M. Church. More specifically, Plaintiff requested 8 x 10 photographs showing the officers' face and neck from the front, face and neck from the side, frontal view photographs from head to toe facing the camera and a side-view photograph from head to toe, all while wearing the clothes worn at the time of the alleged incidents. On or about November 28, 2000, Defendants, City of Fort Lauderdale, Thomas Reed, Patrick Hart and David Wheeler served their objections to the aforementioned requests pursuant in part to § 119.07(3)(i)(1), Fla. Stat., which exempts the disclosure of photographs of active or former law enforcement personnel (a copy of Defendants' Response is appended hereto as Exhibit A). On or about November 27, 2000, Defendants City of Hallandale and Timothy Church served their response to Plaintiff's request for photographs and objected on the same basis that such photographs are confidential and exempt from disclosure pursuant to § 119.07(3)(i)(1), Fla. Stat. (a copy of Defendants' Response is appended hereto as Exhibit B).

As a result, on or about February 23, 2001 (over two and one-half months after Defendants' responses) Plaintiff filed Motions to Compel the aforementioned photographs (appended hereto as Exhibit C). Pursuant to Local Rule 7.1(C)(1)(a), opposing memoranda had to be filed on or before March 9, 2001. Defendants City of Hallandale and Timothy Church filed their Response to Plaintiff's Motion to Compel Production of Photographs over certificate of service dated February 26, 2001. However, the Court rendered its Omnibus Order granting Plaintiff's Motions to Compel

2

on March 1, 2001, eight days prior to Defendants, City of Fort Lauderdale, Thomas Reed, Patrick Hart and David Wheeler's deadline to file their own opposing memorandum to Plaintiff's Motion to Compel (a copy of the Court's Omnibus Order is appended hereto as Exhibit D).

Defendants contend that the Court's ruling that the requested photographs of the law enforcement officers listed by Plaintiff "are discoverable," is in error and in contravention to Florida law. As Defendants' Joint Objections demonstrate: *One*, pursuant to § 119.07(3)(i)(1), Fla. Stat., the requested photographs are exempt from disclosure and production; *Two*, the production of the requested photographs of these law enforcement officers are substantially and unfairly prejudicial; *Three*, Plaintiff's Motions to Compel are untimely pursuant to Local Rule 26.1(H)(1); and *Four*, Defendants, City of Fort Lauderdale, Thomas Reed, Patrick Hart and David Wheeler, should have been permitted to file their opposing memorandum of law in accordance with Local Rule 7.1(C).

Consequently, the Court's Omnibus Order should be set aside, or in the alternative, modified to alleviate the substantial and unfair prejudice against Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields, Jay Smith and Timothy Church.

## Memorandum of Law

### A.   Applicable legal standards for appealing orders rendered on non-dispositive matters by United States Magistrate Judge

Rule 4 of the Local Magistrate Judge Rules for the Southern District of Florida, provides that:

> Any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within ten (10) days after being served with the Magistrate Judge's order . . . Such party shall file with the Clerk of Court, and serve on all parties, written objections which shall specifically set forth the order, or part thereof, appealed from a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support of the moving party's position.

S.D.Fla.L.Mag.J.R. 4(a)(1).

### B.   Plaintiff's Motions to Compel are untimely

Local Rule 26.1(H)(1) mandates that:

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE. SUITE 500 • FORT LAUDERDALE, FLORIDA 33335 9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (3) days of the occurrence of grounds for the motion. Failure to file discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

S.D.FLa.L.R. 26.1(H)(1). Although Defendants served their responses to Plaintiff's Second Requests for Production over certificate of service dated November 27 and 28, 2000, Plaintiff did not seek an Order compelling the requested photographs until February 23, 2001. Plaintiff's untimely filing of his Motions to Compel exceeded Local Rule 26.1(H)(1)'s thirty (30) day limitation by fifty-seven (57) days. Moreover, Plaintiff has failed to proffer any "reasonable cause" why the aforementioned Motions to Compel were filed untimely. Therefore, Plaintiff's Motions to Compel should be stricken as untimely and the relief sought therein denied in its entirety.

**C.** **Photographs of law enforcement personnel are exempt from disclosure and Plaintiff has failed to provide a legitimate reason or strong public policy to warrant circumventing the express mandate of the Florida Legislature**

Section 119.07(3)(i)(1) of the Florida Statutes exempts from disclosure photographs of law enforcement personnel. Specifically, § 119.07(3)(i)(1) exempts the disclosure of "[t]he home addresses, telephone numbers, social security numbers, *and photographs of active or former law enforcement personnel . . ."* § 119.07(3)(i)(1) (emphasis added).

Plaintiff argues, based on a 1990 opinion of the Florida Attorney General, that the requested photographs are not exempt pursuant to § 119.07(3)(i)(1) primarily because, *One*, the opinion states that "exempt information could be revealed at the discretion of the agency," and, *Two*, that even though the opinion specifically limits its decision to the "agency," such opinion also applies to the judiciary. However, Plaintiff's arguments and reliance on the Attorney General's Opinion are flawed in two distinct ways. *First*, it is important to note that the Attorney General's Opinion specifically states that:

> While the statute does not prohibit a police department from posting the names, I.D. numbers and photographs of its police officers in the hallway of the department for public display,

> ***such a display would appear to be counter to the purpose of the exemption unless there***
> ***is a strong public policy for disclosing the information.***

1990 WL 509033, at 2 (Fla. A.G.) (emphasis added). Plaintiff's proffered purpose for circumventing and avoiding the express disclosure exemption of § 119.07(3)(i)(1) is to "protect the interests of justice in order to determine which police officers violated Mr. Hodge's rights." See Plaintiff's Motion to Compel, at ¶ 3(E).

However, contrary to Plaintiff's purported reason for awarding the clear exemption of § 119.07(3)(i)(1), Plaintiff's Second Request for Production does not request the opportunity to identify which police officers allegedly violated Mr. Hodge's rights, but instead requests the specific photographs of the Defendants. There is a clear difference between what Plaintiff purports to request and what is actually requested. Plaintiff is not requesting to view a series of photographs to determine who the alleged officers were who allegedly beat Plaintiff, but rather wants the defense to identify the specific defendants he has named in this action for him. It is far from serving the interest of justice to have a Plaintiff, who admits to having been drinking and abusing drugs at the time of the incident, who as a result is unable to specifically identify the identity and/or number of his alleged assailants, to be handed the photographs of officers whom he needs to identify for purposes of trial and in hopes of defeating summary judgment. To provide Plaintiff the ability to have someone else, namely Defendants, identify the parties Plaintiff has chosen to sue would be highly prejudicial to the Defendant officers. Moreover, Officer Church who is employed by the Hallandale Police Department would be dressed in a different color uniform, giving Plaintiff the ability to claim identification of Officer Church as the sole City of Hallandale police officer he has named as a defendant in this action.

The method in which Plaintiff seeks production provides Plaintiff with the unfettered ability to attempt defeating summary judgment by merely saying that, "yes, these are the officers," without

5

ADORNO & ZEDER, P.A.

888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

providing the defense with any ability or opportunity to challenge the veracity of such an identification. For example, even though David Wheeler was originally named as a Defendant, the record reveals that David Wheeler only arrived at the scene of Plaintiff's arrest after Plaintiff had been transported away from the scene. As such, Plaintiff has chosen to voluntary dismiss David Wheeler with prejudice. However, if Plaintiff had been provided the photograph of David Wheeler prior to his voluntary dismissal, it is likely that, because Plaintiff cannot remember what the officers who allegedly attacked him looked like, that Plaintiff would have, in abundance of caution, exclaimed that David Wheeler was one of the officers present at the scene of Plaintiff's arrest. Plainly, because Plaintiff is incapable of identifying the officers he has named as Defendants, he now requests that the defense identify them for him. This is unfairly and substantially prejudicial to the Defendant officers and in contravention to the mandates of Chapter 119, Fla.Stat.[3]

Consequently, Plaintiff has failed to proffer a substantial enough reason or purpose to circumvent the express intent of the Florida Legislature in exempting the disclosure of photographs of acting and former law enforcement officers.

**Second**, Plaintiff provides no authority whatsoever to support his argument that the discretion discussed in the Attorney General's Opinion is also applicable to the judiciary. Section 119.011 (2) defines "agency" as:

> [A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Officer of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.

---

[3]    Defendants suggest that if the Court agrees with the Omnibus Order's mandate that the photographs are discoverable, that a more appropriate and less prejudicial method within which to produce said photographs would be for Plaintiff to inspect a series of photographs which include defendants but also include other officers which were not on the scene. If in fact Plaintiff is concerned about "protecting the interests of justice" then such a methodology of production should be acceptable to all parties.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

§ 119.011(2). Clearly, the express mandate of the Florida Legislature, and the findings delineated in the Attorney General Opinion cited by Plaintiff, was not to confer discretion in the courts to make independent determinations as to what records are and are not exempt, but expressly conferred such discretion, if any, in the government (or executive) agencies controlling those records which fall within the purview of Chapter 119. Consequently, any discretion exercised by the Court in determining the discoverability of the aforementioned photographs is in error.

### D.    Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale should have been permitted to file an opposition memorandum to Plaintiff's Motions

Pursuant to Local Rule 7.1(C):

> Each party opposing a motion **shall serve** an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default.

S.D.Fla.L.R. 7.1(C) (emphasis added). Rule 7.1(C) further states that:

> If the motion or memorandum was served by mail, count three (3) days from the date the motion or memorandum to which one is responding was certified as having been mailed. Include Saturdays, Sundays or legal holidays. Beginning on the next business day, (i.e., not on Saturday, Sunday or a legal holiday) count ten (10) days (for an opposing memorandum) or five (5) days (for a reply) excluding Saturdays, Sundays and legal holidays. The tenth or fifth day is the due date for the opposing memorandum or reply, respectively.

S.D.Fla.L.R. 7.1(C)(1)(a). Plaintiff's Motion to Compel Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale to Produce Photographs of Police Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, was served by facsimile and United States mail over certificate of service dated February 23, 2001. Therefore, pursuant to Local Rule 7.1(C)(1)(a), Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale's opposing memorandum to Plaintiff's Motion to Compel would be due March 9, 2001. However, since the Court rendered its Omnibus Order on March 1, 2001, Defendants were not permitted or provided the opportunity to serve their opposing memorandum to Plaintiff's Motion to Compel as permitted and "required" by Local Rule 7.1(C). Defendants, Thomas Reed, Patrick

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

Hart, David Wheeler and City of Fort Lauderdale have been unfairly prejudiced by being denied the opportunity to file a memorandum in opposition to Plaintiff's Motion to Compel and the relief sought therein. Consequently, the Omnibus Order should be set aside until such time as Defendants are afforded the opportunity to serve an opposing memorandum as mandated by Local Rule 7.1(C).

## CONCLUSION

Based on the authority cited and the arguments presented, Thomas Reed, Patrick Hart, David Wheeler, City of Fort Lauderdale, City of Hallandale and Timothy Church, respectfully request the Court set aside the Omnibus Order, dated March 1, 2001, granting Plaintiff's Motion to Compel Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale to Produce Photographs of Police Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, as well as Plaintiff's Motion to Compel Defendants, Timothy M. Church and City of Hallandale, To Produce Photographs of Police Office Timothy M. Church, or in the alternative, modify the Court's Order to alleviate the substantial and unfair prejudice against Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields, Jay Smith and Timothy Church.

ADORNO & ZEDER, P.A.
Attorneys for Defendants, Reed,
Hart, Wheeler and Fort Lauderdale
888 S.E. Third Avenue, # 500
Fort Lauderdale, FL 33335-9002
Telephone:     (954) 523-5885
Facsimile:     (954) 760-9531


By: _____
    DIETER K. GUNTHER
    Florida Bar No.: 094456
    ALAIN E. BOILEAU
    Florida Bar No.: 0148598

CITY OF HALLANDALE BEACH
Attorney for Hallandale Beach and Church
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone:     (954) 457-1325
Facsimile:     (954) 457-1342


By: _____
    MARK GOLDSTEIN
    Florida Bar No. 882186
    (signed by Mr. Boileau with express
    permission from Mr. Goldstein)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular U.S. Mail this 9th day of March, 2001, to GORDON S. DANIELS, ESQUIRE, 4300 N. University Drive, #B-200, Fort Lauderdale, FL 33351 and MARK GOLDSTEIN, ESQUIRE, City Attorneys' Office, City of Hallandale, 400 South Federal Highway, Hallandale, FL 33099.

ALAIN E. BOILEAU

AFB/1. MEMLAW/159488/012435.0104

ADORNO & ZEDER, P.A.

888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335·9002 • TELEPHONE (954)523·5885 • TELEFAX (954) 760·9531





RECYCLED PAPER



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

        Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE , and CITY OF
HALLANDALE,

        Defendants.

_____

### DEFENDANTS, CITY OF FORT LAUDERDALE, THOMAS REED, PATRICK HART AND DAVID WHEELER'S, RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANTS, THOMAS REED, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE

Defendants, CITY OF FORT LAUDERDALE, THOMAS REED, PATRICK HART and DAVID WHEELER ("DEFENDANTS"), by and through their undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby respond to Plaintiff's Second Request for Production to Defendants, as follows:

1.      Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1),

Case No.: 00-6228-CIV-SEITZ

photographs of law enforcement personnel are confidential and exempt from disclosure.

2.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

3.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

4.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

5.    Defendants object on the grounds that this request is overbroad, unduly

Case No.: 00-6228-CIV-SEITZ

burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail, this ___ day of November, 2000 to: **GORDON S. DANIELS, ESQ.**, Attorney for Plaintiff, 4300 North University Drive, Suite B-200, Ft. Lauderdale, Florida 33351 and **MARK GOLDSTEIN, ESQ.**, Attorney for Hallandale, City Attorney, Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009.

ADORNO & ZEDER, P. A.
Attorneys for Defendants
888 S.E. 3rd Avenue, Suite 500
Fort Lauderdale, Florida  33335-9002
Telephone:  (954) 523-5885
Facsimile  : (954) 760-9531

By:_____
    DIETER K. GUNTHER
    Florida Bar No. 094456
    ALAIN E. BOILEAU
    Florida Bar No. 0148598

AEB/L.DISCOV/154505/012435.0104

3
**ADORNO & ZEDER, P.A.**
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531






RECYCLED PAPER



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.,

TIMOTHY M. CHURCH, et al.,

    Defendants.

_____/

DEFENDANT CHURCH AND HALLANDALE'S RESPONSE
TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendants, Timothy M. Church and City of Hallandale, object to Plaintiff's Second Request for Production because Fed.R.Civ.P. 34 does not require the Defendants to take photographs for the Plaintiff. Furthermore, photographs of law enforcement personnel are confidential and exempt from disclosure. Sec. 119.07(3)(i)(1), Fla. Stat.

CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Daniels & Daniels, P.A., 4300 N. University Drive, Suite B-200, Fort Lauderdale, FL 33351, and to Dieter Gunther, Esquire, of Adorno & Zeder, P.A., 888 S.E. 3rd Ave., Suite 500, Fort Lauderdale, FL 33335, on November 27, 2000.

Mark Goldstein
City Attorney, Hallandale Beach
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone (954) 457-1325
Facsimile (954) 457-1342

FL Bar No: 882186

hodge.rsp







RECYCLED PAPER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

      Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

      Defendants.

_____/

### MOTION TO COMPEL DEFENDANTS, THOMAS REED, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE TO PRODUCE PHOTOGRAPHS OF POLICE OFFICERS THOMAS REED, PATRICK HART, DAVID WHEELER, TIMOTHY SHIELDS AND JAY SMITH

COMES NOW the Plaintiff, HUGH HODGE, by and through his undersigned attorney and files this Motion to Compel Defendants, THOMAS REED, PATRICK HART, DAVID WHEELER and CITY OF FORT LAUDERDALE to Produce Photographs of Police Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, and as grounds therefor, states as follows:

     1.     On November 21, 2000, the Plaintiff served his Second Request for Production to Defendants, THOMAS REED, PATRICK HART, DAVID WHEELER and CITY OF FORT LAUDERDALE. Plaintiff's five (5) requests are listed below individually with the corresponding Defendants' response.

     A.     **Plaintiff's First Request**:

     1.     Photographs, size 8 x 10, of THOMAS REED, showing (a) only his face and neck from the front; (b) only his face and neck from the side; (c) a frontal view photograph of him from head to toe facing the camera; and (d) a side-view photograph of him from head to toe. All photographs are to be taken in the clothes he wore at the time of this incident.

If these clothes are not available, all photographs are to
taken in his police uniform.

As to the First Request of photographs of THOMAS REED, the Defendants responded

as follows:

1.      Defendants object on the grounds that this request is
overbroad, unduly burdensome and beyond the scope of
permissible discovery. Specifically, Federal Rule of Civil
Procedure 34 does not require a party upon which
production is requested to create photographs for the
convenience of Plaintiff or produce photographs, as
requested, which are not in existence. Furthermore,
pursuant to Florida Statute 119.07(3)(i)(1), photographs of
law enforcement personnel are confidential and exempt
from disclosure.

B.      **Plaintiff's Second Request**:

2.      Photographs, size 8 x 10, of PATRICK HART, showing (a)
only his face and neck from the front; (b) only his face and
neck from the side; (c) a frontal view photograph of him
from head to toe facing the camera; and (d) a side-view
photograph of him from head to toe. All photographs are to
be taken in the clothes he wore at the time of this incident.
If these clothes are not available, all photographs are to
taken in his police uniform.

As to the Second Request of photographs of PATRICK HART, the Defendants responded
as follows:

2.      Defendants object on the grounds that this request is
overbroad, unduly burdensome and beyond the scope of
permissible discovery. Specifically, Federal Rule of Civil
Procedure 34 does not require a party upon which
production is requested to create photographs for the
convenience of Plaintiff or produce photographs, as
requested, which are not in existence. Furthermore,
pursuant to Florida Statute 119.07(3)(i)(1), photographs of
law enforcement personnel are confidential and exempt
from disclosure.

C.    **Plaintiff's Third Request**:

3.    Photographs, size 8 x 10, of DAVID WHEELER, showing (a) only his face and neck from the front; (b) only his face and neck from the side; (c) a frontal view photograph of him from head to toe facing the camera; and (d) a side-view photograph of him from head to toe. All photographs are to be taken in the clothes he wore at the time of this incident. If these clothes are not available, all photographs are to taken in his police uniform.

As to the Third Request of photographs of DAVID WHEELER, the Defendants

responded as follows:

3.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

D.    **Plaintiff's Fourth Request**:

4.    Photographs, size 8 x 10, of TIMOTHY SHIELDS, showing (a) only his face and neck from the front; (b) only his face and neck from the side; (c) a frontal view photograph of him from head to toe facing the camera; and (d) a side-view photograph of him from head to toe. All photographs are to be taken in the clothes he wore at the time of this incident. If these clothes are not available, all photographs are to be taken in his police uniform.

As to the Fourth Request of photographs of TIMOTHY SHIELDS, the Defendants

responded as follows:

4.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil

Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

E.   **Plaintiff's Fifth Request:**

5.   Photographs, size 8 x 10, of JAY SMITH, showing (a) only his face and neck from the front; (b) only his face and neck from the side; (c) a frontal view photograph of him from head to toe facing the camera; and (d) a side-view photograph of him from head to toe. All photographs are to be taken in the clothes he wore at the time of this incident. If these clothes are not available, all photographs are to taken in his police uniform.

As to the Fifth Request of photographs of JAY SMITH, the Defendants responded as follows:

5.   Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

2.   In regards to our request that the Defendants take the photographs of Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, the Plaintiff will accept photographs of Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, which are in the control and custody of the Fort Lauderdale Police Department.

3.      In regards to the argument that the photographs of law enforcement personnel are **confidential** and exempt from disclosure pursuant to Sec. 119.07(3)(i)(1) Fla. Stat., the following is stated:

A.      It first should be pointed out that the statute does **not** use the word "confidential."

B.      The purpose of Section 119.07(3)(i) is to protect the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements of Ch. 119. F.S.  See 1990 WL 509033 (Fla.A.G.), a copy of which is attached to this Motion.  It should be pointed out that the Opinion refers to 119.07(3)(k).  However, a review of the legislative history reveals that 3(k) is not 3(i).

C.      The Opinion states that the Legislature recognized a distinction between the words "exempt" and "confidential."  The staff analysis of the enabling legislation states that "if the information was confidential it could not be revealed under any circumstances.  Thus exempt information could be revealed at the discretion of the agency."

D.      Therefore, the release of the information was within the discretion of the agency.  However, the exercise of any such discretion by the agency must be exercised in light of the legislative purpose.  Accordingly, in determining whether such information should be disclosed, an agency should determine whether there is a statutory or **substantial policy need** for disclosure.

E.      In that opinion, the "agency" that was referred to was the police department.  However, it is our position that these same rules apply to the Courts.  In that regard, we argue that there is a "substantial policy need for disclosure" of the photographs, i.e., to protect

the interests of justice in order to determine which police officers violated Mr. Hodge's rights.

4.     It is undisputed that Mr. Hodge was fleeing from the police and hiding in the bushes. However, what happened after that is disputed.

A.     Officer Hart states in his deposition that he was in a patrol car chasing Mr. Hodge. After Mr. Hodge abandoned the car and fled on foot, Officer Hart stated that he called the K-9 Unit and set up a perimeter. Officer Hart states that he never left his perimeter post (Deposition of Hart, Page 31, Lines 5-11).

B.     At that time, Officer Church (with the City of Hallandale) was training his dog (Gero) with Officer Reed (with the City of Fort Lauderdale). They responded to the scene.

C.     Officer Church stated that when the dog located Mr. Hodge hiding in the bushes, Officer Church identified himself as a police officer and advised Mr. Hodge to come out with his hands up or he would release the dog. He stated that he gave this warning two times (Deposition of Church, Page 24, Lines 13-25; Page 25, Lines 1-25; and Page 26, Lines 1-18).

D.     Officer Church stated that when he did not receive a response from Mr. Hodge, he slacked off on the leash and gave the apprehension command. The dog was never unleashed (Deposition of Church, Page 26, Lines 19-24 and Page 29, Lines 20-21).

E.     Mr. Hodge finally stopped resisting and put his hands behind his back and was taken into custody (Deposition of Church, Page 36, Lines 15-18).

F.     Mr. Hodge was handcuffed. Officer Reed then helped hin to his feet and walked him to the car. Then Officers Shields and Smith drove him to the hospital (Deposition of Church, Page 37, Lines 1-3 and Deposition of Reed, page 34, Lines 3-22).

G.     During the entire incident, Officers Reed and Church were the only police

officers present (Deposition of Church, Page 33, Lines 16-25, Page 34, Lines 1-8, and Page 45, Lines 5-8).

       H.     No civilians were present (Deposition of Reed, Page 20, Lines 8-10 and Deposition of Church, Page 44, Lines 7-11).

       5.     However, a civilian, Mr. Joseph Mayadeene, witnessed the entire incident. His deposition was taken on February 7, 2001.

       A.     Mr. Mayadeene first saw two (2) police officers with flashlights. They did not have a dog with them (Page 6, Lines 14-16 and Page 7, Lines 20-23).

       B.     Then another officer came with a dog (Page 11, Lines 15-17). That officer then let the dog off the leash (Page 12, Lines 17-19). None of the police officers identified themselves or warned Mr. Hodge to come out or they would put the dog on him (Page 15, Lines 7-20).

       C.     At that time, there were three (3) police officers present (Page 16, Lines 2-5).

       D.     While the dog was on him, Mr. Hodge was screaming "Get him off me" (Page 17, Lines 1-5). Then one of the police officers pulled Mr. Hodge out by his foot (Page 18, Lines 7-9). Then they took the dog off him and put handcuffs on him (Page 19, Lines 7-8).

       E.     At that time, there were four (4) officers present (Page 19, Lines 9-16).

       F.     After they put the handcuffs on him, one of the officers kicked him (Page 23, Lines 6-9 and Page 25, Lines 16-23).

       G.     After the officer kicked him, he let the dog, who was on the leash, on Mr. Hodge and said "sic-em." (Page 26, Lines 4-8 and Page 29, Lines 5-14). Mr. Hodge was

handcuffed at that time (Page 30, Lines 6-8).

       H.    At that time, a police officer pointed a gun at Mr. Mayadeene and told him

to leave or he would blow his head off (Page 31, Lines 13-17 and Page 34, Lines 1-10).

       I.    This police officer was not one of the original four.  He came in after the

four were there (Page 31, Lines 18-23).

       J.    The police then dragged Mr. Hodge out to the road.  Then two officers

helped him up from the road and put him into a car (Page 39, Lines 13-18 and Page 37, Lines 7-

12).

       K.    Toward the end of the incident, there were about 15-20 police officers

present (Page 52, Lines 13-16).

       L.    Mr. Mayadeene is certain that the police saw him because when he went

outside, he turned on the lights by the front of the door and was looking at the police (Page 50,

Lines 11-24 and Page 43, Lines 1-16).

       6.    There is a disturbing difference between what the police officers allege and what

Mr. Mayadeene alleges.  In particular, Officers Church and Reed state that they were the only

officers involved in the apprehension of Mr. Hodge while Mr. Mayadeene states that there were

15-20 officers present.

       7.    Mr. Hodge in his deposition states that Officer Hart was kicking him (Deposition

of Hodge, Page 18, Lines 7-24).

       8.    Additionally, it should be pointed out that the Courts have held that if a police

officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation,

such as an unprovoked beating, takes place in his presence, then that officer is directly liable

USDC CASE NO. 00-6228-CIV-SEITZ/GARBER
Page 9

under Section 1983. Ensley v. Soper, 142 F.3rd 1402 (11th Cir. 1998).

9.     Therefore, in the interest of justice, we need to know, as best we can, who was present when Mr. Hodge was apprehended and "beaten."

10.     Mr. Mayadeene states in his deposition that if he saw photographs of the police officers, he would be able to identify the police officer who pointed a gun at him and the first two officers who walked into the yard (Deposition of Mayadeene, Page 41, Lines 1-16).

11.     Mr. Hodge believes that he would be able to identify the police officers who beat him and put the dog on him when he was handcuffed.

12.     In order that we do not jeopardize the safety of the police officers, we are not asking for possession of the photographs, but merely to be able to view them at the office of Defendants' attorney.

13.     We are not asking for any other information regarding the police officers.

14.     The undersigned attorney states that he has conferred in writing and orally with counsel for the opposing parties in a good faith effort to resolve by agreement the issues raised in this discovery motion, but has been unable to resolve this matter.

WHEREFORE, the Plaintiff respectfully requests that this Court order the Defendants to respond to Plaintiff's Request to Produce by producing the photographs at the Defendants' attorney's office or any other reasonable location, so that the Plaintiff, HUGH HODGE, and the witness, Joseph Mayadeene, may view these photographs only.

I HEREBY CERTIFY that a copy of the foregoing was faxed (954) 760-9531 and mailed on February 23, 2001 to DIETER K. GUNTHER, ADORNO & ZEDER, P.A., Attorney for Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, 888 Southeast 3rd Avenue,

USDC CASE NO. 00-6228-CIV-SEITZ/GARBER
Page 10

Suite 500, Fort Lauderdale, FL 33335-9002, and faxed (954) 457-1342 mailed to MARK GOLDSTEIN,

ESQ., Attorney for Defendant, City of Hallandale Beach, 400 S. Federal Highway, Hallandale Beach,

Florida 33009.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:    (954) 572-7100
        Fax:    (954) 572-0667

By:_____

GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

MOTION TO COMPEL FTLAUD.wpd

Citation                        Search Result        Rank 1 of 20        Database
1990 Fla. Op. Atty. Gen. 154                                             FL-AG
Fla. AGO 90-50
(Cite as: 1990 WL 509033 (Fla.A.G.))

*1 Office of the Attorney General
State of Florida

AGO 90-50
June 28, 1990

Mr. Tom Collins
Chief of Police
City of Apopka
175 East 5th Street
Apopka, Florida 32703

Dear Chief Collins:

You ask substantially the following questions:
1. Is a **police officer** who is required to maintain a telephone at his home address liable for the monthly charge to the telephone company for **not** publishing the officer's home telephone **number**?
2. Does the **posting** of the **police officers'** **photographs**, together with their **names** and I.D. **numbers** in the hallway of the **police department** violate s. 119.07(3)(k), F.S.?
3. May City Hall maintain the **names** and addresses of law enforcement officers without violating s. 119.07(3)(k), F.S.?
In sum, I am of the opinion:
1. Section 119.07(3)(k), F.S., does **not prohibit** a telephone company from listing or publishing the **name**, address, and telephone **numbers** of those individuals with telephone service even though such individuals may be law enforcement officers. A law enforcement officer wishing to have an unlisted or unpublished telephone **number** would be responsible for any charges imposed by the telephone company for providing such a service.
2. The purpose of s. 119.07(3)(k), F.S., is to protect the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements of Ch. 119, F.S. While the statute does **not prohibit a police department** from **posting** the names, I.D. **numbers**, and **photographs** of its **police officers** in the hallway of the department for public display, absent a strong public policy for disclosure, such a display would appear to be counter to the purpose of the exemption.
3. While s. 119.07(3)(k), F.S., exempts the addresses, telephone numbers and photographs from the mandatory disclosure requirements of s. 119.07(1)(a), F.S., it does not prohibit the city from maintaining the names and addresses of its law enforcement officers.
Section 119.07(1)(a), F.S., requires the custodian of public records to "permit the record to be inspected and examined by any person desiring to do so,

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
**(Cite as: 1990 WL 509033, \*1 (Fla.A.G.))**

at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those public records which are presently provided by law to be confidential or which are **prohibited** from being inspected by the public, whether by general or special law, are exempt from the provisions of subsection (1). [FN1]

Section 119.07(3)(k), F.S., provides such an exemption by stating:

The home addresses, telephone **numbers**, and **photographs** of active or former law enforcement personnel ... whose duties include the' investigation of ... criminal activities; the home addresses, telephone **numbers, photographs**, and places of employment of the spouses and children of such personnel; and the **names** and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of [s. 119.07(1), F.S.].

## Question One

**\*2** Chapter 119, F.S., the Public Records Law, generally ensures the public's access to the records of its governmental agencies. Section 119.07(3)(k), F.S., in providing a specific exemption from the mandatory disclosure provisions of s. 119.07(1), F.S., for certain information relating to law enforcement officers and their families, does not limit the application of the exemption to any specified records. [FN2] Thus, the exemption afforded by s. 119.07(3)(k), F.S., applies to any record subject to disclosure pursuant to Ch. 119, F.S.

Chapter 119, F.S., however, is not generally applicable to private entities unless such an entity is acting on behalf of a governmental agency. [FN3] Information maintained by the telephone company, therefore, is not normally subject to the provisions of Ch. 119, F.S. [FN4] Thus, s. 119.07(3)(k), F.S., does not prohibit the disclosure of the name, address, or telephone number of law enforcement officers when such information is maintained by private companies which are not acting on behalf of the public agency.

Section 119.07(3)(k), F.S., therefore, would not appear to preclude a telephone company from publishing the name, address, and telephone numbers of those persons with telephone service even though such individuals may be law enforcement officers. I am not aware of any provision which would exempt a law enforcement officer from the charges normally imposed by the telephone company for providing an unlisted or unpublished telephone number. Thus, should the law enforcement officer wish to remove his name from the telephone directory, he would, in my opinion, be responsible for payment of any charges imposed by the telephone company. [FN5]

## Question Two

Section 119.07(3)(k), F.S., constitutes an exemption to the mandatory disclosure requirements of s. 119.07(1)(a), F.S. Thus, the police department is not required to release the information exempted by s. 119.07(3)(k), F.S. Your question, however, relates not to whether such information relating to law enforcement officers must be disclosed but whether it may be disclosed by the

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
**(Cite as: 1990 WL 509033, \*2 (Fla.A.G.))**

agency head.
    An examination of the legislative history surrounding the enactment of s.
119.07(3)(k), F.S., by Ch. 79-187, Laws of Florida, indicates that it was the
intent of the Legislature to codify the so-called police secrets rule.  [FN6]
While the legislative history reveals little discussion about the purpose of the
exemption other than the necessity of removing the information from public
access, subsequent amendments to the statute make it clear that the purpose of
the exemption is to protect the safety of these individuals and their families.
[FN7]
    The legislative history relating to the adoption of Ch. 79-187, Laws of
Florida, however, indicates that the Legislature recognized a distinction between
the terms "exempt" and "confidential."  [FN8]  In addition, the staff analysis of
the enabling legislation states that " i f the information was confidential it
could not be revealed under any circumstances."  The distinction between the two
terms was clearly recognized:  " T hus exempt information could be revealed at
the discretion of the agency."  [FN9]
    *3 Although the Legislature apparently chose to place the release of this
information within the discretion of the agency, in light of the underlying
purpose of the enactment, i.e., the safety of law enforcement officers and their
families, I am of the opinion that the exercise of any such discretion by the
agency must be exercised in light of that legislative purpose. Accordingly, in
determining whether such information should be disclosed, an agency should
determine whether there is a statutory or substantial policy need for disclosure.
[FN10]  In the absence of a statutory or other legal duty to be accomplished by
disclosure, an agency should consider whether the release of such information is
consistent with the purpose of the exemption.
    With respect to your inquiry, there does not appear to be any legal requirement
for the display of the names, photographs and I.D. numbers in the police station.
As noted supra, photographs of law enforcement officers are exempted from the
mandatory disclosure requirements of Ch. 119, F.S.  As the agency head, you must,
therefore, in deciding whether to release such **photographs**, determine whether
there is a strong policy reason or need for the display of such **photographs** and
whether such disclosure is consistent with the intent of the statute which is to
protect the safety of such officers and their families.
    Thus, I am of the opinion that the purpose of s. 119.07(3)(k), F.S., is to
protect the safety of law enforcement officers and their families by removing
certain information relating to such individuals from the mandatory disclosure
requirements of Ch. 119, F.S.  While the statute does **not prohibit a police
department** from **posting** the **names, I.D. numbers**, and **photographs** of its **police
officers** in the hallway of the department for public display, such a display
would appear to be counter to the purpose of the exemption unless there is a
strong public policy for disclosing this information.


                         Question Three

    You inquire whether it is a violation of s. 119.07(3)(k), F.S., for the

                Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
(Cite as: 1990 WL 509033, *3 (Fla.A.G.))

municipality to maintain the names and addresses of law enforcement officers. The police department is a department of the city; its officers are city employees. I am not aware of any prohibition in s. 119.07(3)(k), F.S., which would prohibit an agency from access to, and maintaining information on, its employees, including their names and addresses.

     Accordingly, I am of the opinion that s. 119.07(3)(k), F.S., is not violated by the city maintaining the names and addresses of its law enforcement officers.

Sincerely,

Robert A. Butterworth
Attorney General

[FN1] Section 119.07(3)(a), F.S.

[FN2] See, Inf.Op. to The Honorable Gerald A. Lewis, February 18, 1980, discussing the broad nature of the term "law enforcement personnel" and concluding in part that the exemption cannot be limited only to records of "criminal justice agencies."

[FN3] See, Government-in-the-Sunshine Manual, 1990 edition, stating that rather than pointing to one factor which will result in a finding that an agency is acting on behalf of a public agency for purposes of Ch. 119, F.S., it is necessary to review the factors relating to the responsibilities, organization and functioning of the private entity in their totality and not in isolation. The critical factors are whether the private entity has been delegated any governmental responsibilities and functions, whether the entity receives public funds, or whether the private entity participates in the decision-making process.

[FN4] Cf., s. 166.231, F.S., authorizing a municipality to audit the records of any provider of telecommunications service taxable by such municipality provided that such information provided to the municipality by the telecommunication service provider is exempt from s. 119.07(1), F.S.; and s. 364.183, F.S., providing that the Florida Public Service Commission shall have reasonable access to all telephone company records; however, upon request of the company, the commission shall keep any records it receives from the company which are proprietary confidential business information confidential.

[FN5] You also inquired about the police department's liability for such charges. Your letter, however, did not provide the circumstances for the payment of such charges by the department. The expenditure of any public funds must primarily be for a public purpose; any private benefit must merely be incidental. See, s. 10, Art. VII, State Const. The determination, however, as to whether the benefit derived from an expenditure is primarily public, as opposed to private, is one which must be made by the public agency in question and cannot be delegated to this office. See, AGO's 88-52, 86-87, and 84-101.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
(Cite as: 1990 WL 509033, *3 (Fla.A.G.))

[FN6] See, Audio tape of hearing of the Senate Committee on Governmental
Operations, April 23, 1979, tape 1 of 2.  And see, Lee v. Beach Publishing
Company, 173 So. 440 (Fla.1937), and Glow v. State, 319 So.2d 47 (2 D.C.A.Fla.,
1975), discussing the "police secrets rule."

[FN7] See, e.g., Senate Staff Analysis and Economic Impact Statement on SB 665,
April 18, 1989, codified as Ch. 89-80, Laws of Florida, which amended s.
119.07(3)(k), F.S., to include certain Department of Health and Rehabilitative
Services employees and their families.  The staff summaries indicate the need for
the exemption of information relating to such employees because "their duties are
sometimes very hazardous and similar to those of law enforcement personnel."
Cf., s. 119.14(4)(b)2., F.S., of the Open Government Sunset Review Act, which
provides for the retention of certain exemptions to Ch. 119, F.S., which
"[p]rotects information of a sensitive personal nature concerning individuals,
the release of which ... would jeopardize the safety of such individuals."

[FN8] See, Audio tape of hearing of the Senate Committee on Governmental
Operations, April 23, 1979, tape 1 of 2.

[FN9] See, Senate Staff Analysis and Economic Impact Statement on HB 1531, April
20, 1979.

[FN10] See, Inf.Op. to Mr. Lee Reese, April 25, 1989, in which this office
concluded that a former law enforcement officer's address could be released for
the purpose of serving a subpoena.
1990 Fla. Op. Atty. Gen. 154, Fla. AGO 90-50, 1990 WL 509033 (Fla.A.G.)
END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

       Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

       Defendants.

_____/

## MOTION TO COMPEL DEFENDANTS, TIMOTHY M. CHURCH AND CITY OF HALLANDALE, TO PRODUCE PHOTOGRAPHS OF POLICE OFFICER TIMOTHY M. CHURCH.

COMES NOW the Plaintiff, HUGH HODGE, by and through his undersigned attorney,

and files this Motion to Compel Defendants, TIMOTHY M. CHURCH and CITY OF

HALLANDALE to Produce Photographs of Police Officer Timothy M. Church and as grounds

therefor, states as follows:

1.    On November 21, 2000, the Plaintiff served his Second Request for Production to

Defendants, TIMOTHY M. CHURCH and CITY OF HALLANDALE.  It requested:

    1.    Photographs, size 8 x 10, of TIMOTHY M. CHURCH
       showing (a) only his face and neck from the front; (b) only
       his face and neck from the side; (c) a frontal view
       photograph of him from head to toe facing the camera; and
       (d) a side-view photograph of him from head to toe.  All
       photographs are to be taken in the clothes he wore at the
       time of this incident.  If these clothes are not available, all
       photographs are to taken in his police uniform.

2.    The Defendants responded as follows:

    Defendants, Timothy M. Church and City of Hallandale, object to
    Plaintiff's Second Request for Production because Fed.R.Civ.P. 34
    does not require the Defendants to take photographs for the

Plaintiff. Furthermore, photographs of law enforcement personnel are confidential and exempt from disclosure. Sec. 119.07(3)(i)(1), Fla. Stat.

3.    In regards to our request that the Defendants take the photographs of Officer Timothy M. Church, the Plaintiff will accept photographs of Officer Church which are in the control and custody of the Hallandale Police Department.

4.    In regards to the argument that the photographs of law enforcement personnel are **confidential** and exempt from disclosure pursuant to Sec. 119.07(3)(i)(1) Fla. Stat., the following is stated:

A.    It first should be pointed out that the statute does **not** use the word "confidential."

B.    The purpose of Section 119.07(3)(i) is to protect the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements of Ch. 119. F.S. See 1990 WL 509033 (Fla.A.G.), a copy of which is attached to this Motion. It should be pointed out that the Opinion refers to 119.07(3)(k). However, a review of the legislative history reveals that 3(k) is not 3(i).

C.    The Opinion states that the Legislature recognized a distinction between the words "exempt" and "confidential." The staff analysis of the enabling legislation states that "if the information was confidential it could not be revealed under any circumstances. Thus exempt information could be revealed at the discretion of the agency."

D.    Therefore, the release of the information was within the discretion of the agency. However, the exercise of any such discretion by the agency must be exercised in light of the legislative purpose. Accordingly, in determining whether such information should be

disclosed, an agency should determine whether there is a statutory or **substantial policy need** for disclosure.

        E.      In that opinion, the "agency" that was referred to was the police department. However, it is our position that these same rules apply to the Courts. In that regard, we argue that there is a "substantial policy need for disclosure" of the photographs, i.e., to protect the interests of justice in order to determine which police officers violated Mr. Hodge's rights.

    5.      It is undisputed that Mr. Hodge was fleeing from the police and hiding in the bushes. However, what happened after that is disputed.

        A.      Officer Hart states in his deposition that he was in a patrol car chasing Mr. Hodge. After Mr. Hodge abandoned the car and fled on foot, Officer Hart stated that he called the K-9 Unit and set up a perimeter. Officer Hart states that he never left his perimeter post (Deposition of Hart, Page 31, Lines 5-11).

        B.      At that time, Officer Church (with the City of Hallandale) was training his dog (Gero) with Officer Reed (with the City of Fort Lauderdale). They responded to the scene.

        C.      Officer Church stated that when the dog located Mr. Hodge hiding in the bushes, Officer Church identified himself as a police officer and advised Mr. Hodge to come out with his hands up or he would release the dog. He stated that he gave this warning two times (Deposition of Church, Page 24, Lines 13-25; Page 25, Lines 1-25; and Page 26, Lines 1-18).

        D.      Officer Church stated that when he did not receive a response from Mr. Hodge, he slacked off on the leash and gave the apprehension command. The dog was never unleashed (Deposition of Church, Page 26, Lines 19-24 and Page 29, Lines 20-21).

        E.      Mr. Hodge finally stopped resisting and put his hands behind his back and

was taken into custody (Deposition of Church, Page 36, Lines 15-18).

F.      Mr. Hodge was handcuffed.  Officer Reed then helped hin to his feet and walked him to the car.  Then Officers Shields and Smith drove him to the hospital (Deposition of Church, Page 37, Lines 1-3 and Deposition of Reed, page 34, Lines 3-22).

G.      During the entire incident, Officers Reed and Church were the only police officers present (Deposition of Church, Page 33, Lines 16-25, Page 34, Lines 1-8, and Page 45, Lines 5-8).

H.      No civilians were present (Deposition of Reed, Page 20, Lines 8-10 and Deposition of Church, Page 44, Lines 7-11).

6.      However, a civilian, Mr. Joseph Mayadeene, witnessed the entire incident.  His deposition was taken on February 7, 2001.

A.      Mr. Mayadeene first saw two (2) police officers with flashlights.  They did not have a dog with them (Page 6, Lines 14-16 and Page 7, Lines 20-23).

B.      Then another officer came with a dog (Page 11, Lines 15-17).  That officer then let the dog off the leash (Page 12, Lines 17-19).  None of the police officers identified themselves or warned Mr. Hodge to come out or they would put the dog on him (Page 15, Lines 7-20).

C.      At that time, there were three (3) police officers present (Page 16, Lines 2-5).

D.      While the dog was on him, Mr. Hodge was screaming "Get him off me" (Page 17, Lines 1-5).  Then one of the police officers pulled Mr. Hodge out by his foot (Page 18, Lines 7-9).  Then they took the dog off him and put handcuffs on him (Page 19, Lines 7-8).

E.     At that time, there were four (4) officers present (Page 19, Lines 9-16).

F.     After they put the handcuffs on him, one of the officers kicked him (Page 23, Lines 6-9 and Page 25, Lines 16-23).

G.     After the officer kicked him, he let the dog, who was on the leash, on Mr. Hodge and said "sic-em." (Page 26, Lines 4-8 and Page 29, Lines 5-14). Mr. Hodge was handcuffed at that time (Page 30, Lines 6-8).

H.     At that time, a police officer pointed a gun at Mr. Mayadeene and told him to leave or he would blow his head off (Page 31, Lines 13-17 and Page 34, Lines 1-10).

I.     This police officer was not one of the original four. He came in after the four were there (Page 31, Lines 18-23).

J.     The police then dragged Mr. Hodge out to the road. Then two officers helped him up from the road and put him into a car (Page 39, Lines 13-18 and Page 37, Lines 7-12).

K.     Toward the end of the incident, there were about 15-20 police officers present (Page 52, Lines 13-16).

L.     Mr. Mayadeene is certain that the police saw him because when he went outside, he turned on the lights by the front of the door and was looking at the police (Page 50, Lines 11-24 and Page 43, Lines 1-16).

7.     There is a disturbing difference between what the police officers allege and what Mr. Mayadeene alleges. In particular, Officers Church and Reed state that they were the only officers involved in the apprehension of Mr. Hodge while Mr. Mayadeene states that there were 15-20 officers present.

8.     Mr. Hodge in his deposition states that Officer Hart was kicking him (Deposition of Hodge, Page 18, Lines 7-24).

9.     Additionally, it should be pointed out that the Courts have held that if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation, such as an unprovoked beating, takes place in his presence, then that officer is directly liable under Section 1983. Ensley v. Soper, 142 F.3rd 1402 (11th Cir. 1998).

10.     Therefore, in the interest of justice, we need to know, as best we can, who was present when Mr. Hodge was apprehended and "beaten."

11.     Mr. Mayadeene states in his deposition that if he saw photographs of the police officers, he would be able to identify the police officer who pointed a gun at him and the first two officers who walked into the yard (Deposition of Mayadeene, Page 41, Lines 1-16).

12.     Mr. Hodge believes that he would be able to identify the police officers who beat him and put the dog on him when he was handcuffed.

13.     In order that we do not jeopardize the safety of the police officers, we are not asking for possession of the photographs, but merely to be able to view them at the office of Defendants' attorney.

14.     We are not asking for any other information regarding the police officers.

15.     The undersigned attorney states that he has conferred in writing and orally with counsel for the opposing parties in a good faith effort to resolve by agreement the issues raised in this discovery motion, but has been unable to resolve this matter.

WHEREFORE, the Plaintiff respectfully requests that this Court order the Defendants to respond to Plaintiff's Request to Produce by producing the photographs at the Defendants'

USDC CASE NO. 00-6228-CIV-SEITZ/GARBER
Page 7

attorney's office or any other reasonable location, so that the Plaintiff, HUGH HODGE, and the

witness, Joseph Mayadeene, may view these photographs only.

   **I HEREBY CERTIFY** that a copy of the foregoing was faxed (954) 457-1342 mailed on

February 23, 2001, to MARK GOLDSTEIN, ESQ., Attorney for Defendant, City of Hallandale Beach,

400 S. Federal Highway, Hallandale Beach, Florida 33009 and faxed (954) 760-9531 and mailed to

DIETER K. GUNTHER, ADORNO & ZEDER, P.A., Attorney for Defendants, Thomas Reed, Patrick

Hart, David Wheeler and City of Fort Lauderdale, 888 Southeast 3rd Avenue, Suite 500, Fort Lauderdale,

FL 33335-9002.

                          DANIELS & DANIELS, PA
                          Attorneys for Plaintiff
                          4300 North University Drive, Suite B-200
                          Fort Lauderdale, Florida 33351
                          Telephone:    (954) 572-7100
                               Fax:    (954) 572-0667


                          By:_____
                               GORDON S. DANIELS, ESQ.
                               Florida Bar No. 350648

MOTION TO COMPEL HALLANDALE.wpd

Citation                          Search Result          Rank 1 of 20          Database
1990 Fla. Op. Atty. Gen. 154                                                    FL-AG
Fla. AGO 90-50
(Cite as: 1990 WL 509033 (Fla.A.G.))

*1 Office of the Attorney General
State of Florida

AGO 90-50
June 28, 1990

Mr. Tom Collins
Chief of Police
City of Apopka
175 East 5th Street
Apopka, Florida 32703

Dear Chief Collins:

   You ask substantially the following questions:
   1. Is a **police officer** who is required to maintain a telephone at his home
address liable for the monthly charge to the telephone company for **not** publishing
the officer's home telephone **number**?
   2. Does the **posting** of the **police officers'** photographs, together with their
**names** and I.D. **numbers** in the hallway of the **police department** violate s.
119.07(3)(k), F.S.?
   3. May City Hall maintain the **names** and addresses of law enforcement officers
without violating s. 119.07(3)(k), F.S.?
   In sum, I am of the opinion:
   1. Section 119.07(3)(k), F.S., does **not prohibit** a telephone company from
listing or publishing the **name**, address, and telephone **numbers** of those
individuals with telephone service even though such individuals may be law
enforcement officers.  A law enforcement officer wishing to have an unlisted or
unpublished telephone **number** would be responsible for any charges imposed by the
telephone company for providing such a service.
   2. The purpose of s. 119.07(3)(k), F.S., is to protect the safety of law
enforcement officers and their families by removing certain information relating
to such individuals from the mandatory disclosure requirements of Ch. 119, F.S.
While the statute does **not prohibit** a **police department** from **posting** the **names**,
**I.D. numbers**, and **photographs** of its **police officers** in the hallway of the
department for public display, absent a strong public policy for disclosure, such
a display would appear to be counter to the purpose of the exemption.
   3. While s. 119.07(3)(k), F.S., exempts the addresses, telephone numbers and
photographs from the mandatory disclosure requirements of s. 119.07(1)(a), F.S.,
it does not prohibit the city from maintaining the names and addresses of its law
enforcement officers.
   Section 119.07(1)(a), F.S., requires the custodian of public records to
"permit the record to be inspected and examined by any person desiring to do so,

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

.990 Fla. Op. Atty. Gen. 154
(Cite as: 1990 WL 509033, *1 (Fla.A.G.))

at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee."  Only those public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of subsection (1). [FN1]

   Section 119.07(3)(k), F.S., provides such an exemption by stating:

   The home addresses, telephone numbers, and photographs of active or former law enforcement personnel ... whose duties include the investigation of ... criminal activities;  the home addresses, telephone numbers, photographs, and places of employment of the spouses and children of such personnel;  and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of [s. 119.07(1), F.S.].

                              Question One

   *2 Chapter 119, F.S., the Public Records Law, generally ensures the public's access to the records of its governmental agencies.  Section 119.07(3)(k), F.S., in providing a specific exemption from the mandatory disclosure provisions of s. 119.07(1), F.S., for certain information relating to law enforcement officers and their families, does not limit the application of the exemption to any specified records. [FN2]  Thus, the exemption afforded by s. 119.07(3)(k), F.S., applies to any record subject to disclosure pursuant to Ch. 119, F.S.

   Chapter 119, F.S., however, is not generally applicable to private entities unless such an entity is acting on behalf of a governmental agency. [FN3]  Information maintained by the telephone company, therefore, is not normally subject to the provisions of Ch. 119, F.S. [FN4]  Thus, s. 119.07(3)(k), F.S., does not prohibit the disclosure of the name, address, or telephone number of law enforcement officers when such information is maintained by private companies which are not acting on behalf of the public agency.

   Section 119.07(3)(k), F.S., therefore, would not appear to preclude a telephone company from publishing the name, address, and telephone numbers of those persons with telephone service even though such individuals may be law enforcement officers.  I am not aware of any provision which would exempt a law enforcement officer from the charges normally imposed by the telephone company for providing an unlisted or unpublished telephone number.  Thus, should the law enforcement officer wish to remove his name from the telephone directory, he would, in my opinion, be responsible for payment of any charges imposed by the telephone company. [FN5]

                              Question Two

   Section 119.07(3)(k), F.S., constitutes an exemption to the mandatory disclosure requirements of s. 119.07(1)(a), F.S.  Thus, the police department is not required to release the information exempted by s. 119.07(3)(k), F.S.  Your question, however, relates not to whether such information relating to law enforcement officers must be disclosed but whether it may be disclosed by the

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
(Cite as: 1990 WL 509033, *2 (Fla.A.G.))

agency head.
     An examination of the legislative history surrounding the enactment of s.
119.07(3)(k), F.S., by Ch. 79-187, Laws of Florida, indicates that it was the
intent of the Legislature to codify the so-called police secrets rule.   [FN6]
While the legislative history reveals little discussion about the purpose of the
exemption other than the necessity of removing the information from public
access, subsequent amendments to the statute make it clear that the purpose of
the exemption is to protect the safety of these individuals and their families.
[FN7]
     The legislative history relating to the adoption of Ch. 79-187, Laws of
Florida, however, indicates that the Legislature recognized a distinction between
the terms "exempt" and "confidential."   [FN8]   In addition, the staff analysis of
the enabling legislation states that " i f the information was confidential it
could not be revealed under any circumstances."  The distinction between the two
terms was clearly recognized:   " T hus exempt information could be revealed at
the discretion of the agency."   [FN9]
     *3 Although the Legislature apparently chose to place the release of this
information within the discretion of the agency, in light of the underlying
purpose of the enactment, i.e., the safety of law enforcement officers and their
families, I am of the opinion that the exercise of any such discretion by the
agency must be exercised in light of that legislative purpose. Accordingly, in
determining whether such information should be disclosed, an agency should
determine whether there is a statutory or substantial policy need for disclosure.
[FN10]   In the absence of a statutory or other legal duty to be accomplished by
disclosure, an agency should consider whether the release of such information is
consistent with the purpose of the exemption.
     With respect to your inquiry, there does not appear to be any legal requirement
for the display of the names, photographs and I.D. numbers in the police station.
As noted supra, photographs of law enforcement officers are exempted from the
mandatory disclosure requirements of Ch. 119, F.S.  As the agency head, you must,
therefore, in deciding whether to release such **photographs**, determine whether
there is a strong policy reason or need for the display of such **photographs** and
whether such disclosure is consistent with the intent of the statute which is to
protect the safety of such officers and their families.
     Thus, I am of the opinion that the purpose of s. 119.07(3)(k), F.S., is to
protect the safety of law enforcement officers and their families by removing
certain information relating to such individuals from the mandatory disclosure
requirements of Ch. 119, F.S.  While the statute does **not prohibit a police
department** from **posting the names, I.D. numbers,** and **photographs** of its **police
officers** in the hallway of the department for public display, such a display
would appear to be counter to the purpose of the exemption unless there is a
strong public policy for disclosing this information.

Question Three

You inquire whether it is a violation of s. 119.07(3)(k), F.S., for the

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
**(Cite as: 1990 WL 509033, \*3 (Fla.A.G.))**

municipality to maintain the names and addresses of law enforcement officers. The police department is a department of the city;  its officers are city employees. I am not aware of any prohibition in s. 119.07(3)(k), F.S., which would prohibit an agency from access to, and maintaining information on, its employees, including their names and addresses.

   Accordingly, I am of the opinion that s. 119.07(3)(k), F.S., is not violated by the city maintaining the names and addresses of its law enforcement officers.

Sincerely,

Robert A. Butterworth
Attorney General

[FN1] Section 119.07(3)(a), F.S.

[FN2] See, Inf.Op. to The Honorable Gerald A. Lewis, February 18, 1980, discussing the broad nature of the term "law enforcement personnel" and concluding in part that the exemption cannot be limited only to records of "criminal justice agencies."

[FN3] See, Government-in-the-Sunshine Manual, 1990 edition, stating that rather than pointing to one factor which will result in a finding that an agency is acting on behalf of a public agency for purposes of Ch. 119, F.S., it is necessary to review the factors relating to the responsibilities, organization and functioning of the private entity in their totality and not in isolation. The critical factors are whether the private entity has been delegated any governmental responsibilities and functions, whether the entity receives public funds, or whether the private entity participates in the decision-making process.

[FN4] Cf., s. 166.231, F.S., authorizing a municipality to audit the records of any provider of telecommunications service taxable by such municipality provided that such information provided to the municipality by the telecommunication service provider is exempt from s. 119.07(1), F.S.;  and s. 364.183, F.S., providing that the Florida Public Service Commission shall have reasonable access to all telephone company records;  however, upon request of the company, the commission shall keep any records it receives from the company which are proprietary confidential business information confidential.

[FN5] You also inquired about the police department's liability for such charges. Your letter, however, did not provide the circumstances for the payment of such charges by the department.  The expenditure of any public funds must primarily be for a public purpose;  any private benefit must merely be incidental.  See, s. 10, Art. VII, State Const.  The determination, however, as to whether the benefit derived from an expenditure is primarily public, as opposed to private, is one which must be made by the public agency in question and cannot be delegated to this office.  See, AGO's 88-52, 86-87, and 84-101.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

1990 Fla. Op. Atty. Gen. 154
(Cite as: 1990 WL 509033, *3 (Fla.A.G.))

[FN6] See, Audio tape of hearing of the Senate Committee on Governmental
Operations, April 23, 1979, tape 1 of 2.  And see, Lee v. Beach Publishing
Company, 173 So. 440 (Fla.1937), and Glow v. State, 319 So.2d 47 (2 D.C.A.Fla.,
1975), discussing the "police secrets rule."

[FN7] See, e.g., Senate Staff Analysis and Economic Impact Statement on SB 665,
April 18, 1989, codified as Ch. 89-80, Laws of Florida, which amended s.
119.07(3)(k), F.S., to include certain Department of Health and Rehabilitative
Services employees and their families.  The staff summaries indicate the need for
the exemption of information relating to such employees because "their duties are
sometimes very hazardous and similar to those of law enforcement personnel."
Cf., s. 119.14(4)(b)2., F.S., of the Open Government Sunset Review Act, which
provides for the retention of certain exemptions to Ch. 119, F.S., which
"[p]rotects information of a sensitive personal nature concerning individuals,
the release of which ... would jeopardize the safety of such individuals."

[FN8] See, Audio tape of hearing of the Senate Committee on Governmental
Operations, April 23, 1979, tape 1 of 2.

[FN9] See, Senate Staff Analysis and Economic Impact Statement on HB 1531, April
20, 1979.

[FN10] See, Inf.Op. to Mr. Lee Reese, April 25, 1989, in which this office
concluded that a former law enforcement officer's address could be released for
the purpose of serving a subpoena.
1990 Fla. Op. Atty. Gen. 154, Fla. AGO 90-50, 1990 WL 509033 (Fla.A.G.)
END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works





RECYCLED PAPER

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

        Plaintiff,

v.

TIMOTHY M. CHURCH, *et al.*,

        Defendants.

_____/

### OMNIBUS ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendants, Timothy M. Church and City of Hallandale, to Produce Photographs [DE#81] and Plaintiff's Motion to Compel Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, to Produce Photographs [DE#80], pursuant to an Order of Reference entered by the Honorable Patricia A. Seitz. The Court has reviewed the record and is duly advised in the premises therein.

By Order of February 26, 2001, this Court denied without prejudice the aforementioned Motions for failure to comply with S.D. Fla. L.R. 7.1.A.4. Said Order is hereby VACATED.

The Court further finds that the photographs requested are discoverable. Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Compel Defendants, Timothy M. Church and City of Hallandale, to Produce Photographs [DE#81] and Plaintiff's Motion to Compel Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, to Produce Photographs [DE#80] are GRANTED. Defendants are to produce said photographs within fifteen (15) days of the date of this Order, at Defense counsel's office or at a reasonable location agreed upon by the parties.

DONE AND ORDERED in Chambers at Miami, Florida this 1ˢᵗ day of March, 2001.

                                   _____

                                   BARRY L. GARBER
                                   UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
U.S. District Judge Seitz
Counsel of record