UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER



HUGH HODGE,

    Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, et al.,

    Defendants.
_____/

## DEFENDANTS, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE'S, REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE

Defendants, Patrick Hart ("HART"), David Wheeler ("WHEELER") and City of Fort Lauderdale ("CITY"), by and through their undersigned counsel, and in accordance with Local Rule 7.1, hereby reply to Plaintiff's Response to Motion for Summary Judgment of Defendants, Patrick Hart, David Wheeler[1] and City of Fort Lauderdale, as follows:

I.    **HODGE's common law negligence claim against CITY fails as a matter of law**

HODGE's Response demonstrates an eleventh-hour attempt to defeat summary judgment by HODGE arguing causes of action which have not been alleged in HODGE's Complaint. Although HODGE states in his Response that "we are stating that the police actions in the arrest of HODGE were both negligent and intentionally malicious resulting in injuries to HODGE," HODGE's



---

[1]    All parties have executed a stipulation of dismissal with prejudice for Defendant WHEELER. As such, Defendants' Reply does not discuss and/or address any issues regarding WHEELER.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335 9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760 9531

Response at 1 (emphasis in original), HODGE has failed to allege any acts of negligence against REED and/or HART, which would somehow attach to the CITY through what HODGE alleges is "vicarious liability." More specifically, HODGE argues that "since REED was an employee/agent of FORT LAUDERDALE then his negligence is imputed to them." See HODGE's Response, at 6. HODGE also argues, for the first time, in his Response that "[i]t is also our position that ***REED was negligent in not properly training*** CHURCH ***and in not instructing*** CHURCH to halt the dog once REED saw that the dog was let on HODGE without the giving of the appropriate warnings as dictated by the Standard Operating Procedures." Id. As such, HODGE determines that "[s]ince REED was an employee/agent of FORT LAUDERDALE then his negligence is imputed to them." Id. However, HODGE's argument and alleged cause of action are fatally flawed in three significant ways:

*First*, HODGE's Complaint does not allege "negligent training" against HART, REED or CITY. HODGE merely alleges that "[t]he City of Fort Lauderdale is vicariously liable for the actions of its police officers who organized, perpetrated and continued the savage attack upon the Plaintiff and has waived sovereign immunity for this suit subject to the limitations of Section 768.28, Florida Statutes." See Complaint, at ¶ 76(a).[2] Count Nine of HODGE's Complaint (the only Count brought forth against CITY) makes no allegation (nor realleges and/or re-incorporates any allegations) regarding a "failure to train," Defendant, CHURCH, or any other form of negligence. *Second*, HODGE's Complaint makes no allegations whatsoever that REED and/or HART negligently trained CHURCH, or that REED and/or HART's alleged actions were negligent in any manner, either under common law and/or under 42 U.S.C. § 1983. Id. at Count Two, ¶¶ 22-31.

*Third*, even if HODGE had alleged any negligence, including negligent training, in Count

---

[2] The only claims against the officer defendants are brought forth pursuant to 42 U.S.C. § 1983 and common law battery.

Two, said Count (as well as all allegations against REED) is nonetheless brought forth under 42 U.S.C. § 1983, whereupon CITY cannot be held liable under the theory of respondeat superior. It is well established that ***"[a] governmental entity is not liable under § 1983, merely as a matter of respondeat superior***, for constitutional injuries inflicted by its employees." Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (citing Monell, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It is also widely recognized that a "'plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) (quoting Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997)); Monell, 436 U.S. 658 (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom) (emphasis added).

Although HODGE only alleges common law negligence against CITY for what HODGE describes in his Response as the negligent acts of REED, HODGE has outright failed to allege any underlying negligence by REED and/or HART. Because HODGE has failed to allege any negligence on the part of REED, CITY certainly cannot be imputed with negligence that does not exist. Clearly, HODGE's Response demonstrates an attempt at re-drafting HODGE's Complaint to defeat summary judgment. For example, although HODGE's Complaint alleges "through 42 U.S.C. ¶ 1983," that REED "did nothing to stop the attack by Officer CHURCH's canine 'Gero' on the Plaintiff and in fact instigated and encouraged the attack," Complaint, at ¶ 23, HODGE now represents to the Court in his Response that "we would argue that REED was negligent under common law in not stopping the beating and the placing of the dog on HODGE after HODGE was handcuffed." HODGE's Response, at 6 (emphasis in original). However, as previously noted, HODGE has not alleged any negligence against REED or any other officer. Undisputedly, HODGE cannot now allege common law negligence in hopes to "impute" such negligence against CITY.

Moreover, HODGE has wholly failed to identify, allege or bring forth any evidence of any custom or policy maintained by CITY which brought forth and caused HODGE's alleged injuries. Therefore, any attempts by HODGE to impute liability for what HODGE alleges are HART, REED and CHURCH's 42 U.S.C. § 1983 violations, would have to be attributable to an identifiable policy or custom of CITY in order to be legally sufficient and to withstand summary judgment. Consequently, without alleging any underlying negligence by REED and/or HART, and by pursuing only 42 U.S.C. § 1983 claims against said Defendants, HODGE's claim of negligence against CITY fails as a matter of law and summary judgment should be granted in CITY's favor.

II. **HODGE's negligence claim, because it is predicated only on HART and REED's alleged malicious acts, and not predicated on any claims or allegations of negligent acts, is therefore barred by § 768.28**[3]

Since HODGE has: *One*, made no allegations of negligence against HART and/or REED; *Two*, has failed to allege any negligence by CITY except under the theory of "vicarious liability;" and *Three*, has alleged and characterized HART and REED's alleged actions as a "savage attack,"[4] CITY cannot be held liable pursuant to § 768.28(9)(a).[5] The only actions alleged by HODGE in

---

[3] Notably, HODGE's Response does not address HART, WHEELER and CITY's arguments regarding § 768.28(9)(a), Fla. Stats.

[4] More specifically, HODGE has alleged that REED and HART "kicked the Plaintiff and hit him repeatedly with flashlights and/or batons while the Plaintiff was lying in this position and then dragged the Plaintiff into the street where they continued to kick and beat him." Complaint, at ¶ 24, 34. Moreover, HODGE alleges that "[a]s a direct and proximate result of the *savage* attack perpetrated upon him by the Defendant, THOMAS REED [and PATRICK HART], the Plaintiff suffered severe injuries to his body . . . ." Id. at ¶ 29, 39 (emphasis added).

[5] As mandated by Florida's waiver of sovereign immunity statute:

> *The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer,* employee, or agent committed while acting outside the course and scope of her or his employment or *committed in bad faith or with malicious purpose or in any manner exhibiting wanton and willful disregard of human rights, safety, or property.*

§ 768.28(9)(a), Fla.Stats. (emphasis added). Clearly, allegations of a "savage" attack upon HODGE encompass bad faith and malicious purpose or at the very least intimates a wanton and willful

regards to REED and HART (as well as the CITY) are that they allegedly "savagely" attacked HODGE and allegedly failed to do anything "to stop the attack by Officer CHURCH's canine 'Gero' on the Plaintiff and in fact instigated and encouraged the attack." Complaint, at ¶ 23, 33. It is undisputed that CITY cannot be "vicariously liable" for "actions of its police officers who organized, perpetrated and continued the savage attack upon the Plaintiff . . .," as HODGE alleges. Such acts are intentional torts and not evidential of negligence. However, even in regards to the alleged failure to intervene and as HODGE himself recognizes in his Response, only under 42 U.S.C. § 1983 do courts hold "that a police officer is liable if he refuses to intervene when a constitutional violation takes place in his presence." HODGE's Response, at 6; Byrd v. Clark, 783 F.2d 1002 (11th Cir. 1986). Therefore, because HODGE has failed to allege that the alleged constitutional violations in this matter were the result of an identifiable policy and/or custom maintained by CITY and because the only allegations set forth by HODGE specifically refer only to HART and REED's alleged actions as "savage," HODGE's negligence claim, as well as any purported 42 U.S.C. § 1983 claims against CITY, fail as a matter of law.

### III. HODGE's claims against HART pursuant to common law battery and 42 U.S.C. § 1983 fail as a matter of law

Although HODGE attempts to create issues of fact to defeat summary judgment, issues of fact sufficient to withstand summary judgment must be of "material" facts. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). HODGE argues that summary judgment is inappropriate against HART because Defendants have alleged that only CHURCH and REED were involved in the apprehension of HODGE, but that "an independent witness, MAYADEENE, stated that at least four (4) and possibly fifteen to twenty (15 to 20) police officers were involved in the apprehension."

---

disregard of human rights, safety, or property. To allege that any of the alleged acts upon which HODGE relies in his Complaint are "negligent," is disingenuous at best.

HODGE's Response, at 6. HODGE claims that "there is reason to doubt [Defendants'] allegations" because of MAYADEENE's testimony. However, MAYADEENE's testimony, which is in itself suspect, directly contradicts HODGE's own testimony on issues of fact that are actually "material." For example, HODGE's Response represents and alleges that "[a]fter they put the handcuffs on him, *one* of the police officers kicked HODGE." Id. at 3 (emphasis added) (to which Defendants maintain such allegation is unsupported by the record). However, HODGE's theory, as well as the allegations set forth in his Complaint, have always advanced the theory that, as HODGE further represents and alleges in his Response, that "*[t]hey all* surrounded him and started kicking and beating him. At the time *there were at least four officers*." Id. at 4 (emphasis added).

More importantly, as demonstrated in HART, WHEELER and CITY's Motion for Summary Judgment, the record evidence in this matter is unambiguous in establishing that once HART attempted to affect a felony stop of HODGE, and HODGE exited the stolen vehicle and fled on foot, HART remained by the stolen vehicle and set-up a perimeter while waiting for back-up police units to arrive. HART remained at that perimeter he had established during the entire time that REED and Officer CHURCH searched, located, apprehended and placed HODGE in custody. In fact, HART heard of HODGE's apprehension and placement into custody by way of police radio. Once in custody, HART did not see HODGE until HART proceeded to Broward General Medical Center. These facts are well supported by the record, including HART's Incident Report and Sworn Affidavit (appended to HART, WHEELER and CITY's Motion as Attachments 2 and 3, respectively). The only alleged evidence proffered in this matter to contravene HART, WHEELER and CITY's facts is HODGE's deposition testimony which states that HODGE knew one of the officers was HART because "[h]e was the one that pulled me down originally, and then he started kicking me, and then, I put my hands on the side of my face." HODGE Deposition, at 18, and HODGE's affidavit in opposition to the Motion for Summary Judgment, which now states that

HODGE "noticed the name tag of one of the police officers identifying him as PATRICK HART." See Exhibit B to HODGE's Response, at ¶ 4.

Interestingly, HODGE does not discuss this "new" evidence within his Response, nor does he suggest why such a purported clear and unambiguous identification of one of the officers who allegedly beat him was not provided during HODGE's deposition on November 7, 2000. It is certainly reasonable to believe that if HODGE had in fact seen HART's identification badge on the night in question, when posed the question: "How do you know it was Hart that was hitting you with his flashlight?" HODGE would have surely testified that he saw HART's name tag, as he so testified in regards to CHURCH. In response to a question as to how HODGE knew it was CHURCH's dog, HODGE answered that he was able to see CHURCH's name on the officer. Id. at 20.

As this Court is well aware, *"[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice*; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (emphasis added). In the case at bar, HODGE fails to provide sufficient evidence to controvert the clear evidence present in the record. More specifically, HODGE's testimony is replete with inaccuracies and supposition. For example, HODGE testifies that HART transported him to the hospital, when it is clear and undisputed that Officer Shields transported HODGE. HODGE testifies that several police officers were beating and kicking him, and the eye witness he relies upon alleges that only one officer had kicked HODGE. HODGE even testifies that he was sure WHEELER was present during his arrest and apprehension, which as HODGE now admits "[a]fter investigation," was unsupported by the evidence, including his own testimony. Therefore, because HODGE "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof,' summary judgment is appropriate." See Order Granting Motion for Summary Judgment, Rowe v.

7

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

City of Fort Lauderdale, Case No. 97-6832-Civ-Seitz, (S.D. Fla. 2000) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (a copy of the Order is appended as Attachment 7 to HART, WHEELER and CITY's Motion).

## CONCLUSION

Based on the authority cited and the arguments presented herein and in Defendants, Patrick Hart, David Wheeler and City of Fort Lauderdale's, Motion for Summary Judgment, Concise Statement of Undisputed Material Facts and Incorporated Memorandum of Law, HART, WHEELER and CITY respectfully request this Court grant summary judgment in their favor and to award costs and any other relief this Court deems equitable and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy OF the foregoing has been furnished via regular U.S. Mail this 15th day of March, 2001, to GORDON S. DANIELS, ESQUIRE, 4300 N. University Drive, #B-200, Fort Lauderdale, FL 33351 and MARK GOLDSTEIN, ESQUIRE, City Attorneys' Office, City OF Hallandale, 400 South Federal Highway, Hallandale, FL 33099.

ADORNO & ZEDER, P.A.
Attorneys for Defendants, Reed,
    Hart, Wheeler and City of
    Fort Lauderdale
888 S.E. Third Avenue, # 500
Fort Lauderdale, FL 33335-9002
Telephone:    (954) 523-5885
Facsimile:    (954) 760-9531

By: _____
    DIETER K. GUNTHER
    Florida Bar No.: 094456
    ALAIN E. BOILEAU
    Florida Bar No.: 0148598