UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS, CHURCH AND CITY OF HALLANDALE, TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Plaintiff, HUGH HODGE, files this its Motion to Compel the Defendants, TIMOTHY M. CHURCH (hereinafter "CHURCH") and CITY OF HALLANDALE, to respond to Plaintiff's Third Request for Production dated February 16, 2001. On March 26, 2001, Defendants have filed their Objection to Plaintiff's Third Request for Production. Plaintiff, in accordance with Civ. R. 34, lists each of its Requests for Production, Defendants' Objections to each Request, Plaintiff's supporting arguments for its Motion to Compel and its Certificate of Counsel, as follows:

### PLAINTIFF'S REQUEST NO. 1

"1.    The City of Hallandale Police policies and procedures regarding the use of a K-9 in the arrest of individuals as stated in Officer Timothy M. Church's November 15, 2000 deposition (Page 8, Lines 5-25; Page 9, Lines 1-10 and Page 10, Lines 1-3) that were in effect on the date of this incident."

Defendants objected to Plaintiff's Request No. 1, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.    Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 2

2. On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3. The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 2

"2. Any and all manuals, including but not limited to training manuals and procedural manuals, used by the police officers regarding the use of K-9 dogs in the arrest of an individual or individuals."

Defendants objected to Request No. 2, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1. Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2. On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3. The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 3

"3.  Any and all manuals, including but not limited to training and procedural manuals, describing proper police procedure in handling the arrest of an individual or individuals, with or without the use of K-9s."

Defendants objected to Request No. 3, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.  Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.  On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.  The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain

facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 4

"4.   The German Shepherd by the name of Gero that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24) to be produced for inspection at a date and time mutually agreeable by Plaintiff and Defendant at a location chosen by the Defendant, the City of Hallandale."

Defendants objected to Request No. 4, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.   Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.   On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.   The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001.   The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices.

We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

**PLAINTIFF'S REQUEST NO. 5**

"5. Photographs (front view, side view and view showing the teeth) of the German Shepherd by the name of Gero, that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24."

Defendants objected to Request No. 5, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1. Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2. On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3. The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

**PLAINTIFF'S REQUEST NO. 6**

"6.   To produce and permit the attorney for the Plaintiff, pursuant to Federal Rule of Civil Procedure 34, to view the German Shepherd by the name of Gero, that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24) for the purpose of photographing said dog"

Defendants objected to Request No. 6, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.   Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.   On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.   The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001.   The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due.  This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

**PLAINTIFF'S REQUEST NO. 7**

"7.   Photographs of the Defendant, Timothy M. Church, that currently are in the custody, control and/or possession of Timothy M. Church, individually, or the Hallandale Police

Department."

Defendants objected to Request No. 6, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1. Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2. On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3. The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

Plaintiff respectfully requests that this Honorable Court grant its Motion to Compel against Defendants, CHURCH and the CITY OF HALLANDALE.

### CERTIFICATE OF COUNSEL

Counsel has conferred in a good faith effort to resolve the issues raised in its discovery motion and has been unable to do so.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to MARK GOLDSTEIN, ESQ., City Attorney, Hallandale Beach, 400, South Federal Highway, Hallandale Beach, Florida 33009 and to DIETER K. GUNTHER, ESQ., Adorno & Zeder, P.A., 888 S.E. 3rd Avenue, Suite 500, Fort Lauderdale, FL 33335 on April 12th, 2001.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone: (954) 572-7100
Fax: (954) 572-0667

By: _____
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

MTN COMPEL - CHURCH OBJTS 3RD REP - 4.5.wpd