UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

 Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

 Defendants.
_____/



### DEFENDANT CHURCH AND HALLANDALE'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSE TO THIRD REQUEST FOR PRODUCTION

Plaintiff served his third request for production on February 16, 2001, only one week before the Court's discovery cutoff deadline of February 23, 2001. Defendants objected to the request because it was not served more than 30 days prior to the completion date for discovery. Plaintiff, relying upon an irrelevant definition of discovery contained in Black's Law Dictionary, now seeks to compel the production of the requested documents.

Administrative Order 96-36 adopted the Discovery Practices Handbook for the Southern District of Florida. Section (I)(E)(1) of the Handbook provides in relevant part:

> Each judge follows the rule that the completion date means that all discovery must be completed by that date. For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond. Untimely discovery requests are subject to objection on that basis.

Since Plaintiff's discovery request was served only one week before the discovery cutoff, under the above-referenced section of the Discovery Practices Handbook it is considered untimely and objectionable.

Plaintiff's motion should also be denied for equitable reasons. Plaintiff sought an enlargement of time to purportedly conduct fact discovery to properly oppose the City of Ft. Lauderdale's motion for summary judgment. There were no grounds stated by the Plaintiff to permit further discovery against Defendant's Hallandale or Church. Hallandale filed a motion for summary judgment relying solely upon Plaintiff's own complaint and deposition. Church did not file a motion for summary judgment. Therefore, the Court should not allow Plaintiff to keep propounding discovery upon Hallandale and Church when Plaintiff failed to do so previously and when Hallandale relied upon the state of the record and the discovery cutoff date in filing its motion for summary judgment.

Based on the foregoing, Plaintiff's motion should be denied.

### CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Daniels & Daniels, P.A., 4300 N. University Drive, Suite B-200, Ft. Lauderdale, FL 33351, and to Dieter Gunther, Esquire, of Adorno & Zeder, P.A., 888 S.E. 3rd Ave., Suite 500, Ft. Lauderdale, FL 33335, on April 18, 2001.

> Mark Goldstein
> City Attorney, Hallandale Beach
> 400 S. Federal Highway
> Hallandale Beach, Florida 33009
> Telephone (954) 457-1325
> Facsimile (954) 457-1342
>
> FL Bar No: 882186