UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

01 APR 30 AM 11: 25

CASE NO. 00-6228-CIV-SEITZ/GARBER

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

HUGH HODGE,

     Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, et al.,

     Defendants.

_____/

## DEFENDANTS PATRICK HART, THOMAS REED AND CITY OF FORT LAUDERDALE'S RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL DEFENDANTS PATRICK HART, THOMAS REED AND CITY OF FORT LAUDERDALE TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Defendants, PATRICK HART ("HART"), THOMAS REED ("REED") and CITY OF FORT

LAUDERDALE ("CITY"), by and through their undersigned counsel, and in accordance with Local

Rule 7.1, hereby respond as follows to Plaintiff's Motions to Compel Defendants Patrick Hart,

Thomas Reed and City of Fort Lauderdale to Respond[1] to Plaintiff's Third Request for Production,

served over certificate of service dated April 12, 2001:

### Introduction

Plaintiff's Motions to Compel HART, REED and CITY to Respond to Plaintiff's Third



_____

[1]     Plaintiff's Motions are entitled to suggest that HART, REED and/or CITY have not responded to Plaintiff's Third Request for Production. However, HART, REED and CITY served their Response to Plaintiff's Third Request for Production over certificate of service dated March 23, 2001, in order to preserve their legal objections until such time the Court rules on Defendants' Joint Objections to Omnibus Order, dated March 9, 2001.

**ADORNO & ZEDER, P.A.**
SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

Request for Production are duplicative of Plaintiff's Motion to Compel production from his Second Request for Production, which issues raised therein, namely, the production of Officers REED and HART's photographs, ultimately remain unresolved before the Court pursuant to Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order granting Plaintiff's previous Motion to Compel. As HART, REED and CITY's Response demonstrates, Plaintiff's Motions to Compel responses to his Third Request for Production are duplicative, unnecessary in light of the issues remaining before the Court, and non-conforming with the requirements set forth in Local Rule 26.1(H)(2), as the Motions do not set forth any argument or authority supporting the production of said photographs. Furthermore, HART, REED and CITY contend that said photographs are exempt from disclosure pursuant to § 119.07(3)(i)(1), Fla.Stat. Consequently, Plaintiff's Motions to Compel Defendants City of Fort Lauderdale, Thomas Reed and Patrick Hart, to Respond to Plaintiff's Third Request for Production, should be denied in their entirety.

## Memorandum of Law

**I. Plaintiff's Motions to Compel do not conform to the requirements set forth in Local Rule 26.1(H)(2)**

Local Rule 26.1(H)(2) expressly requires that motions to compel "shall quote verbatim each interrogatory request for admission or request for production and the response to which objections is taken followed by (a) the specific objections, (b) the grounds assigned for the objection (if not apparent from the objection), and *(c) the reasons assigned as supporting the motion*, all of which shall be written in immediate succession to one another." S.D.Fla.L.R. 26.1(H)(2) (emphasis added). Contrary to the aforementioned rule, Plaintiff's Motions to Compel provide no legal authority and/or argument for the production of HART and REED's photographs. Instead, Plaintiff instructs the Court to "see our previous Motion to Compel filed under certificate of mailing dated February 23, 2001."

ADORNO & ZEDER, P.A.
~~~ SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

Plaintiff's reference to his previous motion to compel, which undisputedly deals with the same subject matter of the instant motion, demonstrates the duplicity of Plaintiff's Motions. Clearly, Plaintiff's instant Motions lack the required argument and authority to support his request for production of HART and REED's photographs and should therefore be denied in their entirety.

**II.     Plaintiff's Motions to Compel are duplicative and unnecessary in light of the issues remaining before the Court pursuant to Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order**

Plaintiff served his Second Request for Production to Defendants Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, over certificate of service dated November 21, 2000. Plaintiff's Second Request, in part, sought photographs of Officers REED and HART, to which HART, REED and CITY objected based in part on § 119.07(3)(i)(1), Fla.Stat. In response to HART, REED and CITY's objections and non-production, Plaintiff filed his Motion to Compel Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale to Produce Photographs of Police Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, on or about February 23, 2001, which was granted via the Court's Omnibus Order, dated March 1, 2001. However, pursuant to Local Magistrate Rule 4, Defendants Thomas Reed, Patrick Hart, David Wheeler, City of Fort Lauderdale, City of Hallandale and Timothy M. Church filed their Joint Objections to Omnibus Order over certificate of service dated March 9, 2001. Due to the outstanding and unresolved Rule 4 Objections, HART, REED and CITY have not produced the requested photographs, pending the Court's ruling. As of the date of this Response, and to the best of HART, REED and CITY's knowledge, the Court has not ruled upon Defendants' Objections and therefore has not fully resolved the issue of whether the photographs of HART and REED must be produced.

Notwithstanding Plaintiff's Second Request for Production, Plaintiff also served his Third Request for Production to Defendants, Thomas Reed, Patrick Hart, David Wheeler, and City of Fort

Lauderdale, over certificate of service dated February 16, 2001 (seven days prior to filing his Motion to Compel production of the photographs he originally requested in his Second Request), also requesting the photographs of HART and REED. Due to Defendants' Objections to Magistrate Judge Garber's Omnibus Order, HART, REED and CITY responded to Plaintiff's Third Request for Production and asserted the same objections as in HART, REED and CITY's Response to Plaintiff's Second Request for Production, based, in part, on § 119.07(3)(i)(1), Fla.Stat. Without a ruling from the Court on said Objections, HART, REED and CITY had to preserved their § 119.07 objections.

Plaintiff now files Motions to Compel responses to Plaintiff's Third Request for Production, knowing full well that the issues presented within said motions to compel are currently before the Court pursuant to HART, REED and CITY's objections to Plaintiff's Second Request for Production and Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order. Plaintiff's Motions to Compel responses to Plaintiff's Third Request for Production are duplicative, unnecessary and an abuse of motion practice in light of the fact that the same issue raised in Plaintiff's instant Motions is currently before the Court and remains unresolved.

III.  **Photographs of REED and HART are exempt from disclosure pursuant to §119.07(3)(i)(1), Fla.Stat.**

REED, HART and CITY should not be compelled to produce photographs of REED and HART since disclosure of said photographs is exempt by § 119.07(3)(i)(1), Fla.Stat. As the statute mandates, "[t]he home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel . . ." are exempt from disclosure. Id. As argued in Defendants' Joint Objections to Omnibus Order, contrary to Plaintiff's purported reason for avoiding the clear exemption of § 119.07(3)(i)(1), Fla.Stat., Plaintiff's Third Request for Production does not request the opportunity to identify which police officers allegedly violated Mr. Hodge's rights, but instead requests the specific photographs of HART and REED.

There is a clear difference between what Plaintiff purports to request and what is actually requested. Plaintiff wants the defense to identify the specific defendants he has named in this action for him. It is far from serving the interest of justice to have a Plaintiff, who admits to having been drinking and abusing drugs at the time of the incident, who as a result is unable to specifically recall the identity and/or number of his alleged assailants, to be handed the photographs of officers whom he needs to identify for purposes of trial and in hopes of defeating summary judgment. To provide Plaintiff the ability to have someone else, namely Defendants, identify the parties Plaintiff has chosen to sue would be highly prejudicial to the Defendant officers.

Plainly, because Plaintiff is incapable of identifying the officers he has named as Defendants, he now requests that the defense identify them for him. This is unfairly and substantially prejudicial to the Defendant officers and in contravention to the mandates of § 119.07(3)(i)(1), Fla.Stat.[2] Consequently, Plaintiff has failed to proffer a substantial reason or purpose to circumvent the express intent of the Florida Legislature in exempting the disclosure of photographs of acting and former law enforcement officers.

## CONCLUSION

Based on the authority cited and the arguments presented herein, Plaintiff's Motions to Compel should be denied in their entirety as duplicative of Plaintiff's Motion to Compel, filed over certificate of service dated February 23, 2001 and as non-conforming to the requirements set forth in Local Rule 26.1(H)(2). Plaintiff's Motions should also be denied in their entirety as the requested photographs of HART and REED are exempt from disclosure pursuant to § 119.07(3)(i)(1), Fla.Stat.

---

[2]    HART, REED and CITY again suggest that if the Court agrees with the Omnibus Order's mandate that the photographs are discoverable, that a more appropriate and less prejudicial method within which to produce said photographs would be for Plaintiff to inspect a series of photographs which include defendants but also include other officers which were not on the scene.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by regular

U.S. Mail this  25th  day of April, 2001 to all counsel and parties listed on the attached service list.

ADORNO & ZEDER, P.A.
Attorneys for Defendant, Reed, Hart, & City
   of Fort Lauderdale
888 Southeast Third Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
Telephone:    (954) 523-5885
Facsimile:    (954) 760-9531


By: _____
    DIETER K. GUNTHER
    Florida Bar Number: 094456
    ALAIN E. BOILEAU
    Florida Bar Number: 0148598

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

HODGE v. CHURCH, et al.
CASE NO. 00-6228-CIV-SEITZ
MAGISTRATE JUDGE GARBER

## Service List

**Gordon S. Daniels, Esquire**
Daniels & Daniels, Esquire
4300 North University Drive
Suite B-200
Fort Lauderdale, Florida 33351
Telephone:     (954) 572-7100
Facsimile:     (954) 572-0667
**Attorneys for Plaintiff**

**Mark Goldstein, Esquire**
City Attorney
City of Hallandale Beach
400 S. Federal Highway
Hallandale Beach, FL 33009
Telephone:     (954) 457-1325
Facsimile:     (954) 457-1342
**Attorney for Defendants, Church
and City of Hallandale Beach**

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531