UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, et al.,

    Defendants.

_____/



## DEFENDANTS TIMOTHY M. CHURCH, THOMAS REED, PATRICK HART, CITY OF HALLANDALE AND CITY OF FORT LAUDERDALE'S JOINT OBJECTIONS TO ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSE TO THIRD REQUEST FOR PRODUCTION

Defendants, TIMOTHY M. CHURCH ("CHURCH"), THOMAS REED ("REED"),

PATRICK HART ("HART"), CITY OF HALLANDALE and CITY OF FORT LAUDERDALE,[1]

by and through their undersigned counsel, and pursuant to Local Magistrate Judge Rule 4, hereby

jointly appeal and respectfully submit the following objections to the Order, dated April 20, 2001,

rendered by the Hon. Barry L. Garber, United States Magistrate Judge, granting Plaintiff's Motions

to Compel Response to Third Request for Production, and state in support as follows:

### Introduction

This case arises out of the arrest of HODGE on or about September 6, 1998 for stealing an

automobile and fleeing from the police. As a result of said arrest, Plaintiff filed a ten (10) count

_____

[1]    Pursuant to the Court's Order Dismissing Only Defendant, David Wheeler, With
Prejudice, dated March 16, 2001, Defendant WHEELER has been dismissed from this action.

Complaint alleging 42 U.S.C. § 1983 violations (excessive force) against CHURCH, REED, HART and WHEELER. Plaintiff also alleges battery claims against all said police officers and asserts claims of negligence against the CITY OF FORT LAUDERDALE and the CITY OF HALLANDALE.

Notwithstanding Plaintiff's Third Request for Production, which is the subject of Defendants' instant Joint Objections, Plaintiff served upon all parties, on or about November 21, 2000, his Second Request for Production requesting the photographs of REED, HART, WHEELER, Timothy Shields, Jay Smith and CHURCH. On or about November 28, 2000, CITY OF FORT LAUDERDALE, REED, HART and WHEELER served their objections to the aforementioned requests pursuant in part to § 119.07(3)(i)(1), Fla. Stat., which exempts the disclosure of photographs of active or former law enforcement personnel. On or about November 27, 2000, CITY OF HALLANDALE and CHURCH served their response to Plaintiff's request for photographs and objected on the same basis that such photographs are confidential and exempt from disclosure pursuant to § 119.07(3)(i)(1), Fla. Stat.

As a result, on or about February 23, 2001 (over two and one-half months after Defendants' respective responses) Plaintiff filed Motions to Compel the aforementioned photographs. Pursuant to Local Rule 7.1(C)(1)(a), opposing memoranda had to be filed on or before March 9, 2001. CITY OF HALLANDALE and CHURCH filed their Response to Plaintiff's Motion to Compel Production of Photographs over certificate of service dated February 26, 2001. However, the Court rendered its Omnibus Order granting Plaintiff's Motions to Compel on March 1, 2001, eight days prior to CITY OF FORT LAUDERDALE, REED, HART and WHEELER's deadline to file their own opposing memorandum to Plaintiff's Motion to Compel.

Approximately seven days prior to filing his Motion to Compel production of the

2

photographs he originally requested in his Second Request for Production, Plaintiff served his Third Request for Production to REED, HART, WHEELER, CITY OF FORT LAUDERDALE, CHURCH and CITY OF HALLANDALE, also requesting the photographs of CHURCH, HART, WHEELER and REED (attached hereto as Exhibit A). Due to the unresolved Joint Objections to Magistrate Judge Garber's Omnibus Order, HART, REED and CITY OF FORT LAUDERDALE responded to Plaintiff's Third Request for Production and asserted the same objections as in HART, REED and CITY OF FORT LAUDERDALE's Response to Plaintiff's Second Request for Production, based, in part, on § 119.07(3)(i)(1), Fla. Stat. (attached hereto as Exhibit B). Without a ruling from the Court on said Joint Objections, HART, REED and CITY OF FORT LAUDERDALE had to preserve their § 119.07 objections. CITY OF HALLANDALE and CHURCH also responded raising the argument that Plaintiff's Motion to Compel was untimely, being that Plaintiff's Third Request for Production was served only one week before the discovery cut-off (attached hereto as Exhibit C).

Subsequently, in response to Defendants' objections to Plaintiff's Third Request for Production, Plaintiff filed a second set of Motions to Compel responses to Plaintiff's Third Request for Production (attached hereto as Exhibit D), knowing full well that the issues presented within said motions to compel are currently before the Court pursuant to CHURCH, HART, REED, WHEELER, CITY OF HALLANDALE and CITY OF FORT LAUDERDALE's objections to Plaintiff's Second Request for Production, as well as Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order. Plaintiff's second series of Motions to Compel are duplicative and unnecessary in light of the fact that the same issues raised therein are currently before the Court and remain, as of the date of these Joint Objections, unresolved.

Moreover, as with CITY OF FORT LAUDERDALE, REED, HART and WHEELER's Memorandum in Opposition to Plaintiff's Motion to Compel regarding Plaintiff's Second Request

for Production, Magistrate Judge Garber's Order granting Plaintiff's Motion to Compel Response to Third Request for Production, dated April 20, 2001 (attached hereto as Exhibit E), was also rendered prior to HART, REED and CITY OF FORT LAUDERDALE timely filing a response to Plaintiff's most recent motions to compel.[2]

More specifically, Plaintiff served his Motions to Compel HART, REED and CITY OF FORT LAUDERDALE to Respond to Plaintiff's Third Request for Production, over certificate of service dated April 12, 2001. Consequently, pursuant to Local Rule 7.1(C)(1), HART, REED and CITY OF FORT LAUDERDALE had up to and including April 27, 2001 within which to serve their response to Plaintiff's aforementioned Motions to Compel. However, Magistrate Judge Garber's Order was rendered seven (7) days prior to HART, REED and CITY OF FORT LAUDERDALE's deadline to respond. Although HART, REED and CITY OF FORT LAUDERDALE have filed a Response to Plaintiff's Motions to Compel (appended hereto as Exhibit F), they have again been denied the opportunity to be heard on the issues raised in Plaintiff's Motions to Compel.

Additionally, and as argued in Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order, Defendants maintain that the Court's ruling that the requested photographs of the law enforcement officers listed by Plaintiff are discoverable is in error and in contravention to Florida law. As Defendants' current Joint Objections demonstrate:

*One*, pursuant to § 119.07(3)(i)(1), Fla. Stat., the requested photographs are exempt from disclosure and production;

*Two*, the production of the requested photographs of these law enforcement officers are substantially and unfairly prejudicial;

---

[2]     CITY OF HALLANDALE does not join in this particular objection as Magistrate Judge Garber's Order states that it reviewed and considered CHURCH and CITY OF HALLANDALE's response in opposition.

*Three*, CITY OF FORT LAUDERDALE, REED and HART's Response to Plaintiff's Motions to Compel Response to Third Request for Production should have been considered by the Court before rendering its Order, in accordance with Local Rule 7.1(C); and

*Four*, Plaintiff's Third Requests for Production are untimely because they were served only one week before the discovery cut-off.

Consequently, the Court's Order granting Plaintiff's Motion to Compel Response to Third Request for Production should be set aside, or in the alternative, modified to alleviate the substantial and unfair prejudice against CHURCH, REED, HART and WHEELER.

## Memorandum of Law

### A.    Applicable legal standards for appealing orders rendered on non-dispositive matters by United States Magistrate Judge

Rule 4 of the Local Magistrate Judge Rules for the Southern District of Florida, provides that:

Any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within ten (10) days after being served with the Magistrate Judge's order . . . Such party shall file with the Clerk of Court, and serve on all parties, written objections which shall specifically set forth the order, or part thereof, appealed from a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support of the moving party's position.

S.D.Fla.L.Mag.J.R. 4(a)(1).

### B.    Photographs of law enforcement personnel are exempt from disclosure and Plaintiff has failed to provide a legitimate reason or strong public policy to warrant circumventing the express mandate of the Florida Legislature

Section 119.07(3)(i)(1) of the Florida Statutes exempts from disclosure photographs of law enforcement personnel. Specifically, § 119.07(3)(i)(1) exempts the disclosure of "[t]he home addresses, telephone numbers, social security numbers, *and photographs of active or former law enforcement personnel . . .*" § 119.07(3)(i)(1) (emphasis added). Plaintiff argues (only in his first

Motion to Compel, filed over certificate of service dated February 23, 2001),[3] based on a 1990 opinion of the Florida Attorney General, that the requested photographs are not exempt pursuant to § 119.07(3)(i)(1) primarily because, *One*, the opinion states that "exempt information could be revealed at the discretion of the agency," and, *Two*, that even though the opinion specifically limits its decision to the "agency," such opinion also applies to the judiciary. However, Plaintiff's arguments and reliance on the Attorney General's Opinion are flawed in two distinct ways. *First*, it is important to note that the Attorney General's Opinion specifically states that:

> While the statute does not prohibit a police department from posting the names, I.D. numbers and photographs of its police officers in the hallway of the department for public display, *such a display would appear to be counter to the purpose of the exemption unless there is a strong public policy for disclosing the information.*

1990 WL 509033, at 2 (Fla. A.G.) (emphasis added). Plaintiff's proffered purpose for circumventing and avoiding the express disclosure exemption of § 119.07(3)(i)(1) is to "protect the interests of justice in order to determine which police officers violated Mr. Hodge's rights." See Plaintiff's Motion to Compel, dated February 23, 2001, at ¶ 3(E).

However, contrary to Plaintiff's purported reason for awarding the clear exemption of § 119.07(3)(i)(1), Plaintiff's Third Request for Production does not request the opportunity to identify which police officers allegedly violated Mr. Hodge's rights, but instead requests the specific photographs of CHURCH, HART, REED and WHEELER. There is a clear difference between what Plaintiff purports to request and what is actually requested. Plaintiff is not requesting to view a series of photographs to determine who the alleged officers were who allegedly beat Plaintiff, but rather wants the defense to identify the specific defendants he has named in this action for him. It is far from serving the interest of justice to have a Plaintiff, who admits to having been drinking and

---

[3]    Plaintiff's Motions to Compel Response to Third Request for Production contain no argument or citation to authority.

abusing drugs at the time of the incident, who as a result is unable to specifically recall the identity and/or number of his alleged assailants, to be handed the photographs of officers whom he needs to identify for purposes of trial and in hopes of defeating summary judgment. To provide Plaintiff the ability to have someone else, namely Defendants, identify the parties Plaintiff has chosen to sue would be highly prejudicial to CHURCH, HART and REED. Moreover, CHURCH who is employed by the Hallandale Police Department would be dressed in a different color uniform, giving Plaintiff the ability to claim identification of CHURCH as the sole CITY OF HALLANDALE police officer he has named as a Defendant in this action.

The method in which Plaintiff seeks production provides Plaintiff with the unfettered ability to attempt defeating summary judgment by merely saying that, "yes, these are the officers," without providing the defense with any ability or opportunity to challenge the veracity of such an identification. Plainly, because Plaintiff is incapable of identifying the officers he has named as Defendants, he now requests that the defense identify them for him. This is unfairly and substantially prejudicial to CHURCH, HART and REED and in contravention to the mandates of Chapter 119, Fla.Stat.

Consequently, Plaintiff has failed to proffer a substantial enough reason or purpose to circumvent the express intent of the Florida Legislature in exempting the disclosure of photographs of acting and former law enforcement officers.

***Second***, Plaintiff provides no authority whatsoever to support his argument that the discretion discussed in the Attorney General's Opinion is also applicable to the judiciary. Section 119.011 (2) defines "agency" as:

> [A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Officer of Public Counsel, and any other public or private agency,

person, partnership, corporation, or business entity acting on behalf of any public agency.

§ 119.011(2). Clearly, the express mandate of the Florida Legislature, and the findings delineated

in the Attorney General Opinion cited by Plaintiff, was not to confer discretion in the courts to make

independent determinations as to what records are and are not exempt, but expressly conferred such

discretion, if any, in the government (or executive) agencies controlling those records which fall

within the purview of Chapter 119. Consequently, any discretion exercised by the Court in

determining the discoverability of the aforementioned photographs is in error.

**C.    REED, HART and CITY OF FORT LAUDERDALE'S Response to Plaintiff's Motions
To Compel should have been considered by the Court before rendering its Order**

Pursuant to Local Rule 7.1(C):

Each party opposing a motion ***shall serve*** an opposing memorandum of law not later than
ten days after service of the motion as computed in the Federal Rules of Civil Procedure.
Failure to do so may be deemed sufficient cause for granting the motion by default.

S.D.Fla.L.R. 7.1(C) (emphasis added). Rule 7.1(C) further states that:

If the motion or memorandum was served by mail, count three (3) days from the date the
motion or memorandum to which one is responding was certified as having been mailed.
Include Saturdays, Sundays or legal holidays. Beginning on the next business day, (i.e., not
on Saturday, Sunday or a legal holiday) count ten (10) days (for an opposing memorandum)
or five (5) days (for a reply) excluding Saturdays, Sundays and legal holidays. The tenth or
fifth day is the due date for the opposing memorandum or reply, respectively.

S.D.Fla.L.R. 7.1(C)(1)(a). Plaintiff's Motions to Compel REED, HART, and CITY OF FORT

LAUDERDALE to Respond to Third Request for Production, were served by United States Mail,

over certificate of service dated April 12, 2001. Therefore, pursuant to Local Rule 7.1(C)(1)(a),

REED, HART and CITY OF FORT LAUDERDALE's Response to Plaintiff's Motions to Compel

would be due April 27, 2001. However, since the Court rendered its Order on April 20, 2001, HART,

REED and CITY OF FORT LAUDERDALE were not provided the opportunity to be heard on

Plaintiff's Motions to Compel as permitted and "required" by Local Rule 7.1(C). REED, HART and

CITY OF FORT LAUDERDALE have been unfairly prejudiced by being denied the opportunity to

file a response in opposition to Plaintiff's Motions to Compel and the relief sought therein. Consequently, the Order should be set aside until such time as REED, HART and CITY OF FORT LAUDERDALE's response is properly considered by the Court, as mandated by Local Rule 7.1(C).

**D.      Plaintiff's Third Requests for Production are untimely**

The United States District Court, Southern District of Florida Administrative Order 96-36, adopted the "Discovery Practices Handbook for the Southern District of Florida." General Appendix A, Administrative Order 96-36 states that:

> Local General Rule 16.1.A sets discovery completion dates for differentiated case management tracks. The judges may have individual methods extending the deadline, however, each judge follows the rule that the completion date means that all discovery must be completed by that date. For example, *interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond.* Untimely discovery requests are subject to objection on that basis.

Gen. App. A, § I(E)(1) (emphasis added). In the case at bar, Plaintiff served his Third Requests for Production to all Defendants over certificate of service dated February 16, 2001, only one week before the Court's discovery cut-off deadline of February 23, 2001. Therefore, since Plaintiff's discovery request was served only one week before the discovery cutoff, under the above-referenced section of the Discovery Practices Handbook, it is untimely and objectionable.

## CONCLUSION

Based on the authority cited and the arguments presented, CHURCH, REED, HART, CITY OF HALLANDALE and CITY OF FORT LAUDERDALE, respectfully request the Court set aside the Order, dated April 20, 2001, granting Plaintiff's Motion to Compel Response to Third Request for Production, or in the alternative, modify the Court's Order to alleviate the substantial and unfair prejudice against CHURCH, REED, HART and WHEELER.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by regular U.S. Mail this __30th__ day of April, 2001 to all counsel and parties listed on the attached service list.

ADORNO & ZEDER, P.A.
Attorneys for Defendant, Reed, Hart,
    & City of Fort Lauderdale
888 Southeast Third Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
Telephone:    (954) 523-5885
Facsimile:    (954) 760-9531

DIETER K. GUNTHER
Florida Bar Number: 094456
ALAIN E. BOILEAU
Florida Bar Number: 0148598

CITY OF HALLANDALE BEACH
City Attorney / Attorney for City and Church
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone:    (954) 457-1325
Facsimile:    (954) 457-1342

MARK GOLDSTEIN
Florida Bar Number 882186
(signed by Mr. Boileau with express permission
  from Mr. Goldstein)

HODGE v. CHURCH, et al.
CASE NO. 00-6228-CIV-SEITZ
MAGISTRATE JUDGE GARBER

## Service List

**Gordon S. Daniels, Esquire**
Daniels & Daniels, Esquire
4300 North University Drive
Suite B-200
Fort Lauderdale, Florida 33351
Telephone:    (954) 572-7100
Facsimile:    (954) 572-0667
**Attorneys for Plaintiff**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendants.

_____/

### PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO DEFENDANTS, THOMAS REED, PATRICK HART, DAVID WHEELER, and CITY OF FORT LAUDERDALE

COMES NOW the Plaintiff, HUGH HODGE, by and through his undersigned attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and other applicable Rules, hereby requests the Defendants, THOMAS REED, PATRICK HART, DAVID WHEELER, and CITY OF FORT LAUDERDALE, to produce for inspection, copying, or photographing by the Plaintiff the following documents, showing that the Defendants have possession and custody and/or control of each of the documents and that each of them constitutes evidence without these Plaintiff cannot safely proceed to trial all as seen more fully from an inspection herein. Further, these items are necessary for discovery purposes and are not available through other reasonable means:

1.    Copy of the tape recording of the 911 telephone call made by Joseph Mayadeene on September 7, 1998 and on a date shortly thereafter (as stated by Mr. Mayadeene in his deposition of February 7, 2001, Pages 46, 47 and 48).

2.    Any and all statements, written or oral, of Mr. Joseph Mayadeene which were taken by the police after the incident of September 6, 1998, which is the subject matter of this case.

3.      The K-9 SOP (Standard Operating Procedure) described by Officer Thomas Reed in his November 16, 2000 deposition (Page 6, Lines 8-18) and in the November 16, 2000 deposition of Sgt. Wheeler (Page 5, Lines 10-20).

4.      Any and all manuals, including but not limited to training manuals and procedural manuals, used by the police officers regarding the use of K-9 dogs in the arrest of an individual or individuals.

5.      Any and all manuals, including but not limited to training and procedural manuals, describing proper police procedure in handling the arrest of an individual or individuals, with or without the use of K-9s.

6.      The weight, height and length of the German Shepherd by the name of Gero that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy Church (Page 6, Lines 15-24).

7.      Photographs of the Defendant, Officer Thomas Reed, that currently are in the custody, control and/or possession of Thomas Reed, individually, or the Fort Lauderdale Police Department.

8.      Photographs of the Defendant, Officer Patrick Hart, that currently are in the custody, control and/or possession of Patrick Hart, individually, or the Fort Lauderdale Police Department.

9.      Photographs of the Defendant, Officer David Wheeler, that currently are in the custody, control and/or possession of David Wheeler, individually, or the Fort Lauderdale Police Department.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on the _16th_ day

of February, 2001 to the offices of: Dieter K. Gunther, Esq., Adorno & Zeder, P.A, 888 Southeast Third

Avenue, Suite 500, Fort Lauderdale, FL 33335-9002, Attorney for Defendants, THOMAS REED,

PATRICK HART, DAVID WHEELER, and CITY OF FORT LAUDERDALE and to Mark Goldstein,

Esq., City Attorney, Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, FL 33009, Attorney

for Defendant, CITY OF HALLANDALE and TIMOTHY M. CHURCH.

> DANIELS & DANIELS
> Attorneys At Law, P.A.
> Attorneys for Plaintiff
> 4300 North University Drive, Suite B-200
> Fort Lauderdale, Florida 33351
> Telephone:    (954) 572-7100
>      Fax:    (954) 572-0667
>
>
> By: _____
>      GORDON S. DANIELS, ESQ.
>      Florida Bar No. 350648

Pl's Third Request for Production to Defendants, Fort Lauderdale.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER



HUGH HODGE,

     Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

     Defendants.

_____/

### PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO DEFENDANTS, TIMOTHY M. CHURCH AND CITY OF HALLANDALE

COMES NOW the Plaintiff, HUGH HODGE, by and through his undersigned attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and other applicable Rules, hereby requests the Defendants, TIMOTHY M. CHURCH and CITY OF HALLANDALE, to produce for inspection, copying, or photographing by the Plaintiff the following documents, showing that the Defendants have possession and custody and/or control of each of the documents and that each of them constitutes evidence without these Plaintiff cannot safely proceed to trial all as seen more fully from an inspection herein. Further, these items are necessary for discovery purposes and are not available through other reasonable means:

1.     The City of Hallandale Police policies and procedures regarding the use of a K-9 in the arrest of individuals as stated in Officer Timothy M. Church's November 15, 2000 deposition (Page 8, Lines 5-25; Page 9, Lines 1-10 and Page 10, Lines 1-3) that were in effect on the date of this incident.

2.     Any and all manuals, including but not limited to training manuals and procedural manuals, used by the police officers regarding the use of K-9 dogs in the arrest of an individual or individuals.

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 2

3.      Any and all manuals, including but not limited to training and procedural manuals, describing proper police procedure in handling the arrest of an individual or individuals, with or without the use of K-9s.

4.      The German Shepherd by the name of Gero that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24) to be produced for inspection at a date and time mutually agreeable by Plaintiff and Defendant at a location chosen by the Defendant, the City of Hallandale.

5.      Photographs (front view, side view and view showing the teeth) of the German Shepherd by the name of Gero, that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24.

6.      To produce and permit the attorney for the Plaintiff, pursuant to Federal Rule of Civil Procedure 34, to view the German Shepherd by the name of Gero, that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24) for the purpose of photographing said dog

7.      Photographs of the Defendant, Timothy M. Church, that currently are in the custody, control and/or possession of Timothy M. Church, individually, or the Hallandale Police Department.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on the *16TH* day of February ____, 2001 to the offices of: Dieter K. Gunther, Esq., Adorno & Zeder, P.A, 888 Southeast Third Avenue, Suite 500, Fort Lauderdale, FL 33335-9002, Attorney for Defendants, THOMAS REED, PATRICK HART, DAVID WHEELER, and CITY OF FORT LAUDERDALE and to Mark Goldstein,

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 3

Esq., City Attorney, Hallandale Beach, 400 S. Federal Highway, Hallandale Beach, FL 33009, Attorney

for Defendant, CITY OF HALLANDALE and TIMOTHY M. CHURCH..

DANIELS & DANIELS
Attorneys At Law, P.A.
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:     (954) 572-7100
     Fax:     (954) 572-0667

By: _____
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

Pll's Third Request for Production to Defendants, Church & Hallandale.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

      Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE , and CITY OF
HALLANDALE,

      Defendants.

_____

## DEFENDANTS', CITY OF FORT LAUDERDALE AND THOMAS REED, RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO DEFENDANTS, THOMAS REED, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE

Defendants, CITY OF FORT LAUDERDALE and THOMAS REED

("DEFENDANTS"), by and through their undersigned counsel and pursuant to Rule 34

of the Federal Rules of Civil Procedure, hereby respond to Plaintiff's Third Request for

Production to Defendants, as follows:

    1.    None.

    2.    None.

    3.    Attached.

    4.    Attached.

    5.    Attached.

Case No.: 00-6228-CIV-SEITZ

6.    Defendants object to this Request as it is not in the form of a Request, rather an Interrogatory and this Request is being served upon the wrong Defendants as "Gero" is not a canine dog with the CITY OF FORT LAUDERDALE.

7.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.    Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

8.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.    Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

9.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.    Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-0002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

Case No.: 00-6228-CIV-SEITZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. Mail, this _27_ day of March, 2001 to: **GORDON S. DANIELS, ESQ.**, Attorney

for Plaintiff, 4300 North University Drive, Suite B-200, Ft. Lauderdale, Florida 33351

and **MARK GOLDSTEIN, ESQ.**, Attorney for Hallandale, City Attorney, Hallandale

Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009.

ADORNO & ZEDER, P. A.
Attorneys for Defendants/CITY, REED, HART
888 S.E. 3rd Avenue, Suite 500
Fort Lauderdale, Florida  33335-9002
Telephone:  (954) 523-5885
Facsimile  : (954) 760-9531

By: _____
DIETER K. GUNTHER
Florida Bar No. 094456
ALAIN E. BOILEAU
Florida Bar No. 0148598

160449

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

         Plaintiff,

vs.

TIMOTHY M. CHURCH, THOMAS REED
PATRICK HART, DAVID WHEELER, CITY
OF FORT LAUDERDALE , and CITY OF
HALLANDALE,

         Defendants.

---

### DEFENDANT'S, PATRICK HART, RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO DEFENDANTS, THOMAS REED, PATRICK HART, DAVID WHEELER AND CITY OF FORT LAUDERDALE

        Defendant, PATRICK HART ("HART"), by and through his undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby respond to Plaintiff's Third Request for Production to Defendants, as follows:

    1.    None in possession of this Defendant.

    2.    None in possession of this Defendant.

    3.    None in possession of this Defendant.

    4.    None in possession of this Defendant.

    5.    None in possession of this Defendant.

    6.    Defendant objects to this Request as it is not in the form of a Request, rather an Interrogatory and this Request is being served upon the wrong Defendant as "Gero" is

Case No.: 00-6228-CIV-SEITZ

not a canine dog with the CITY OF FORT LAUDERDALE.

7.    Defendant objects on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.    Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure. Notwithstanding these objections, none are in possession of this Defendant.

8.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.    Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure.

9.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.    Furthermore, pursuant to Florida Statute 119.07(3)(i)(1), photographs of law enforcement personnel are confidential and exempt from disclosure. Notwithstanding these objections, there are none in possession of this Defendant.

Case No.: 00-6228-CIV-SEITZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. Mail, this _22_ day of March, 2001 to: **GORDON S. DANIELS, ESQ.**, Attorney

for Plaintiff, 4300 North University Drive, Suite B-200, Ft. Lauderdale, Florida 33351

and **MARK GOLDSTEIN, ESQ.**, Attorney for Hallandale, City Attorney, Hallandale

Beach, 400 S. Federal Highway, Hallandale Beach, Florida 33009.

ADORNO & ZEDER, P. A.
Attorneys for Defendants/CITY, REED, HART
888 S.E. 3rd Avenue, Suite 500
Fort Lauderdale, Florida 33335-9002
Telephone: (954) 523-5885
Facsimile : (954) 760-9531

By:_____
    DIETER K. GUNTHER
    Florida Bar No. 094456
    ALAIN E. BOILEAU
    Florida Bar No. 0148598

160450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

    Defendants.

_____/

## DEFENDANT CHURCH AND CITY OF HALLANDALE'S
## OBJECTION TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

    Defendants, Timothy Church and City of Hallandale, object to Plaintiff's Third Request for Production and state:

    1.   Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

    2.   On February 16, 2001, Plaintiff served the Defendants with a third request for production.

    3.   The request was not served more than 30 days prior to the enlarged completion date for fact discovery and Plaintiff's untimely discovery request is objectionable on that basis.

### CERTIFICATE OF SERVICE

    I certify that a copy hereof was mailed to Daniels & Daniels, P.A., 4300 N. University Drive, Suite B-200, Fort Lauderdale, FL 33351, and to Adorno & Zeder, P.A., 888 S.E. 3rd Ave., Suite 500, Ft. Lauderdale, FL 33335, on March 26, 2001.

                        Mark Goldstein
                        City Attorney, Hallandale Beach
                        400 S. Federal Highway
                        Hallandale Beach, Florida 33009
                        Telephone (954) 457-1325
                        Facsimile (954) 457-1342

                        FL Bar No: 882186

*Exhibit D*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

     Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

     Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT, PATRICK HART, TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Plaintiff, HUGH HODGE, files this its Motion to Compel the Defendant, PATRICK HART (hereinafter "HART"), to respond to Plaintiff's Third Request for Production dated February 16, 2001. On March 23, 2001, HART filed his Objection to Plaintiff's Third Request for Production. Plaintiff, in accordance with Civ. R. 34, lists two of its Requests for Production, Defendant's Objections to each Request, Plaintiff's supporting arguments for its Motion to Compel and its Certificate of Counsel, as follows:

### PLAINTIFF'S REQUEST NO. 7

"7.    Photographs of the Defendant, Officer Thomas Reed, that currently are in the custody, control and/or possession of Thomas Reed, individually, or the Fort Lauderdale Police Department."

Defendant objected to Request No. 7, as stated in Defendant's Patrick Hart, Response to Plaintiff's Third Request for Production to Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale dated March 23, 2001, as follows:

"7.    Defendant objects on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence.

Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure. Notwithstanding these objections, none are in the possession of this Defendant."

Please see our previous Motion to Compel filed under certificate of mailing dated February 23, 2001.

### PLAINTIFF'S REQUEST NO. 8

"8.     Photographs of the Defendant, Officer Patrick Hart, that currently are in the custody, control and/or possession of Patrick Hart, individually, or the Fort Lauderdale Police Department."

Defendant objected to Request No. 8, as stated in Defendant's Patrick Hart, Response to Plaintiff's Third Request for Production to Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale dated March 23, 2001, as follows:

"8.     Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure."

Please see our previous Motion to Compel filed under certificate of mailing dated February 23, 2001.

Furthermore, the Request asks for photographs of HART that are in HART's custody, control and/or possession to which Defendant HART replies in his objection: "Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence." We are not asking that the Defendant HART create photographs but that he produce any in his possession or control.

Plaintiff respectfully requests that this Honorable Court grant its Motion to Compel against Defendant, HART.

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 3

## CERTIFICATE OF COUNSEL

Counsel has conferred in a good faith effort to resolve the issues raised in the discovery motion and has been unable to do so.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to MARK GOLDSTEIN, ESQ., City Attorney, Hallandale Beach, 400, South Federal Highway, Hallandale Beach, Florida 33009 and to DIETER K. GUNTHER, ESQ., Adorno & Zeder, P.A., 888 S.E. 3rd Avenue, Suite 500, Fort Lauderdale, FL 33335 on April _12th_, 2001.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:    (954) 572-7100
Fax:    (954) 572-0667

By:
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

MTN COMPEL- HART'S OBJ TO 3RD RFP.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

     Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

     Defendants.

_____/

### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS,
### CITY OF FORT LAUDERDALE AND THOMAS REED,
### TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Plaintiff, HUGH HODGE, files this its Motion to Compel the Defendants, CITY OF FORT LAUDERDALE (hereinafter "FTLAUD") and THOMAS REED (hereinafter "REED"), to respond to Plaintiff's Third Request for Production dated February 16, 2001. On March 23, 2001, FTLAUD and REED filed their Response and objected to Responses #6, #7, #8, and #9 of Plaintiff's Third Request for Production. Plaintiff, in accordance with Civ. R. 34, has filed this Motion to Compel answers to Responses #7 and #8, and lists these two Requests for Production, Defendants' Objections to each Request, Plaintiff's supporting arguments for its Motion to Compel and its Certificate of Counsel, as follows:

### PLAINTIFF'S REQUEST NO. 7

"7.     Photographs of the Defendant, Officer Thomas Reed, that currently are in the custody, control and/or possession of Thomas Reed, individually, or the Fort Lauderdale Police Department."

Defendants objected to Request No. 7, as stated in Defendants'(FTLAUD and REED) Response to Plaintiff's Third Request for Production to Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale dated March 23, 2001, as follows:

"7.     Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 2

for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure."

Please see our previous Motion to Compel filed under certificate of mailing dated February 23, 2001.

Furthermore, the Request asks for photographs of REED that are in REED's custody, control and/or possession to which Defendant REED replies in his objection: "Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence." We are not asking that the Defendant REED create photographs but that he produce any in his possession or control.

**PLAINTIFF'S REQUEST NO. 8**

"8.    Photographs of the Defendant, Officer Patrick Hart, that currently are in the custody, control and/or possession of Patrick Hart, individually, or the Fort Lauderdale Police Department."

Defendants objected to Request No. 8, as stated in Defendant's (FTLAUD and REED) Response to Plaintiff's Third Request for Production to Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale dated March 23, 2001, as follows:

"8.    Defendants object on the grounds that this request is overbroad, unduly burdensome and beyond the scope of permissible discovery. Specifically, Federal Rule of Civil Procedure 34 does not require a party upon which production is requested to create photographs for the convenience of Plaintiff or produce photographs, as requested, which are not in existence. Furthermore, pursuant to Florida Statute 119.07(3)(I)(1), photographs of law enforcement personnel are confidential and exempt from disclosure."

Please see our previous Motion to Compel filed under certificate of mailing dated February 23, 2001.

Plaintiff respectfully requests that this Honorable Court grant its Motion to Compel against Defendants, FTLAUD and REED.

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 3

## CERTIFICATE OF COUNSEL

Counsel has conferred in a good faith effort to resolve the issues raised in the discovery motion and has been unable to do so.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to MARK GOLDSTEIN, ESQ., City Attorney, Hallandale Beach, 400, South Federal Highway, Hallandale Beach, Florida 33009 and to DIETER K. GUNTHER, ESQ., Adorno & Zeder, P.A., 888 S.E. 3rd Avenue, Suite 500, Fort Lauderdale, FL 33335 on April _12th_, 2001.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:    (954) 572-7100
Fax:    (954) 572-0667

By: _____
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

MTN COMPEL- REED'S OBJ TO 3RD RFP.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

      Plaintiff,

v.

TIMOTHY M. CHURCH, et al.,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS, CHURCH AND CITY OF HALLANDALE, TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Plaintiff, HUGH HODGE, files this its Motion to Compel the Defendants, TIMOTHY M. CHURCH (hereinafter "CHURCH") and CITY OF HALLANDALE, to respond to Plaintiff's Third Request for Production dated February 16, 2001. On March 26, 2001, Defendants have filed their Objection to Plaintiff's Third Request for Production. Plaintiff, in accordance with Civ. R. 34, lists each of its Requests for Production, Defendants' Objections to each Request, Plaintiff's supporting arguments for its Motion to Compel and its Certificate of Counsel, as follows:

### PLAINTIFF'S REQUEST NO. 1

"1.    The City of Hallandale Police policies and procedures regarding the use of a K-9 in the arrest of individuals as stated in Officer Timothy M. Church's November 15, 2000 deposition (Page 8, Lines 5-25; Page 9, Lines 1-10 and Page 10, Lines 1-3) that were in effect on the date of this incident."

Defendants objected to Plaintiff's Request No. 1, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.    Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 2

2.    On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.    The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

**PLAINTIFF'S REQUEST NO. 2**

"2.    Any and all manuals, including but not limited to training manuals and procedural manuals, used by the police officers regarding the use of K-9 dogs in the arrest of an individual or individuals."

Defendants objected to Request No. 2, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.    Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.    On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.    The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 3

"3.    Any and all manuals, including but not limited to training and procedural manuals, describing proper police procedure in handling the arrest of an individual or individuals, with or without the use of K-9s."

Defendants objected to Request No. 3, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.    Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.    On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.    The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001. The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain

facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 4

"4.      The German Shepherd by the name of Gero that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24) to be produced for inspection at a date and time mutually agreeable by Plaintiff and Defendant at a location chosen by the Defendant, the City of Hallandale."

Defendants objected to Request No. 4, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.      Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.      On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.      The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001.   The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices.

We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 5

"5.     Photographs (front view, side view and view showing the teeth) of the German Shepherd by the name of Gero, that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24."

Defendants objected to Request No. 5, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.     Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.     On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.     The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001.   The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial <u>devices</u> that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due. This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 6

"6.     To produce and permit the attorney for the Plaintiff, pursuant to Federal Rule of Civil Procedure 34, to view the German Shepherd by the name of Gero, that was involved in the apprehension of Hugh Hodge as stated in the November 15, 2000 deposition of Officer Timothy M. Church (Page 6, Lines 15-24) for the purpose of photographing said dog"

Defendants objected to Request No. 6, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.     Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.     On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.     The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001.   The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due.  This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

### PLAINTIFF'S REQUEST NO. 7

"7.     Photographs of the Defendant, Timothy M. Church, that currently are in the custody, control and/or possession of Timothy M. Church, individually, or the Hallandale Police

Department."

Defendants objected to Request No. 6, as stated in Defendant Church and City of Hallandale's Objection to Plaintiff's Third Request for Production dated March 26, 2001, as follows:

"1.    Plaintiff filed a motion to enlarge the time to conduct fact discovery and on February 6, 2001, the Court granted Plaintiff's motion and extended fact discovery until February 23, 2001.

2.    On February 16, 2001, Plaintiff served the Defendants with a third request for production.

3.    The request was not served more than 30 days prior to the enlarged completion date for fact discovery and plaintiff's untimely discovery request is objectionable on that basis."

Plaintiff has filed this Motion to Compel on that grounds that it was the Court, in its Order Granting Second Enlargement of Time, dated February 6, 2001, which determined that the deadline for all fact discovery shall be February 23, 2001.   The word "discovery" as stated in Black's Law Dictionary means: "The pre-trial devices that can be used by one party to obtain facts and information about the case from the other party in order to assist the party's preparation for trial."

Therefore, the Court allowed us up to February 23, 2001 to use those pretrial devices. We believe that the Defendant is attempting to state that the date stated in the Court's Order should mean the date when the answers/responses to discovery are due.  This reading of the Court's Order would be ludicrous, especially given that the Court Order did not give us a 30-day window.

Plaintiff respectfully requests that this Honorable Court grant its Motion to Compel against Defendants, CHURCH and the CITY OF HALLANDALE.

## CERTIFICATE OF COUNSEL

Counsel has conferred in a good faith effort to resolve the issues raised in its discovery motion and has been unable to do so.

CASE NO. 00-6228-CIV-SEITZ/GARBER
PAGE 8

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to MARK

GOLDSTEIN, ESQ., City Attorney, Hallandale Beach, 400, South Federal Highway, Hallandale

Beach, Florida 33009 and to DIETER K. GUNTHER, ESQ., Adorno & Zeder, P.A., 888 S.E. 3rd

Avenue, Suite 500, Fort Lauderdale, FL 33335 on April _12th_, 2001.

DANIELS & DANIELS, PA
Attorneys for Plaintiff
4300 North University Drive, Suite B-200
Fort Lauderdale, Florida 33351
Telephone:    (954) 572-7100
Fax:    (954) 572-0667

By: _____
GORDON S. DANIELS, ESQ.
Florida Bar No. 350648

MTN COMPEL- CHURCH OBJ TO 3RD RFP.040501.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6228-CIV-Seitz/Garber

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY M. CHURCH, *et al.*,

    Defendants.

_____/

## ORDER

    THIS CAUSE is before the Court on the plaintiff's Motion to Compel Response to Third Request for Production and defendants Church and Hallandale's response in opposition. Upon due consideration of said motion and response and it appearing to the Court that no prejudice would result from granting said motion in view of the fact that the trial is not scheduled to commence until July, 2001, it is therefore

    ORDERED that said motion is GRANTED and defendants shall furnish the requested documents on or before May 2nd, 2001.

    DONE AND ORDERED in Chambers at Miami, Florida this 20th day of April, 2001

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

       Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, et al.,

       Defendants.

_____/

## DEFENDANTS PATRICK HART, THOMAS REED AND CITY OF FORT LAUDERDALE'S RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL DEFENDANTS PATRICK HART, THOMAS REED AND CITY OF FORT LAUDERDALE TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Defendants, PATRICK HART ("HART"), THOMAS REED ("REED") and CITY OF FORT

LAUDERDALE ("CITY"), by and through their undersigned counsel, and in accordance with Local

Rule 7.1, hereby respond as follows to Plaintiff's Motions to Compel Defendants Patrick Hart,

Thomas Reed and City of Fort Lauderdale to Respond[1] to Plaintiff's Third Request for Production,

served over certificate of service dated April 12, 2001:

### Introduction

Plaintiff's Motions to Compel HART, REED and CITY to Respond to Plaintiff's Third

_____

[1]      Plaintiff's Motions are entitled to suggest that HART, REED and/or CITY have not responded to Plaintiff's Third Request for Production. However, HART, REED and CITY served their Response to Plaintiff's Third Request for Production over certificate of service dated March 23, 2001, in order to preserve their legal objections until such time the Court rules on Defendants' Joint Objections to Omnibus Order, dated March 9, 2001.

Request for Production are duplicative of Plaintiff's Motion to Compel production from his Second

Request for Production, which issues raised therein, namely, the production of Officers REED and

HART's photographs, ultimately remain unresolved before the Court pursuant to Defendants' Joint

Objections to Magistrate Judge Garber's Omnibus Order granting Plaintiff's previous Motion to

Compel.  As HART, REED and CITY's Response demonstrates, Plaintiff's Motions to Compel

responses to his Third Request for Production are duplicative, unnecessary in light of the issues

remaining before the Court, and non-conforming with the requirements set forth in Local Rule

26.1(H)(2), as the Motions do not set forth any argument or authority supporting the production of

said photographs. Furthermore, HART, REED and CITY contend that said photographs are exempt

from disclosure pursuant to § 119.07(3)(i)(1), Fla.Stat. Consequently, Plaintiff's Motions to Compel

Defendants City of Fort Lauderdale, Thomas Reed and Patrick Hart, to Respond to Plaintiff's Third

Request for Production, should be denied in their entirety.

### **Memorandum of Law**

I.    **Plaintiff's Motions to Compel do not conform to the requirements set forth in Local Rule 26.1(H)(2)**

Local Rule 26.1(H)(2) expressly requires that motions to compel "shall quote verbatim each

interrogatory request for admission or request for production and the response to which objections

is taken followed by (a) the specific objections, (b) the grounds assigned for the objection (if not

apparent from the objection), and *(c) the reasons assigned as supporting the motion*, all of which

shall be written in immediate succession to one another." S.D.Fla.L.R. 26.1(H)(2) (emphasis added).

Contrary to the aforementioned rule, Plaintiff's Motions to Compel provide no legal authority and/or

argument for the production of HART and REED's photographs.  Instead, Plaintiff instructs the

Court to "see our previous Motion to Compel filed under certificate of mailing dated February 23,

2001."

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

Plaintiff's reference to his previous motion to compel, which undisputedly deals with the same subject matter of the instant motion, demonstrates the duplicity of Plaintiff's Motions. Clearly, Plaintiff's instant Motions lack the required argument and authority to support his request for production of HART and REED's photographs and should therefore be denied in their entirety.

**II.    Plaintiff's Motions to Compel are duplicative and unnecessary in light of the issues remaining before the Court pursuant to Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order**

Plaintiff served his Second Request for Production to Defendants Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale, over certificate of service dated November 21, 2000. Plaintiff's Second Request, in part, sought photographs of Officers REED and HART, to which HART, REED and CITY objected based in part on § 119.07(3)(i)(1), Fla.Stat. In response to HART, REED and CITY's objections and non-production, Plaintiff filed his Motion to Compel Defendants, Thomas Reed, Patrick Hart, David Wheeler and City of Fort Lauderdale to Produce Photographs of Police Officers Thomas Reed, Patrick Hart, David Wheeler, Timothy Shields and Jay Smith, on or about February 23, 2001, which was granted via the Court's Omnibus Order, dated March 1, 2001. However, pursuant to Local Magistrate Rule 4, Defendants Thomas Reed, Patrick Hart, David Wheeler, City of Fort Lauderdale, City of Hallandale and Timothy M. Church filed their Joint Objections to Omnibus Order over certificate of service dated March 9, 2001. Due to the outstanding and unresolved Rule 4 Objections, HART, REED and CITY have not produced the requested photographs, pending the Court's ruling. As of the date of this Response, and to the best of HART, REED and CITY's knowledge, the Court has not ruled upon Defendants' Objections and therefore has not fully resolved the issue of whether the photographs of HART and REED must be produced.

Notwithstanding Plaintiff's Second Request for Production, Plaintiff also served his Third Request for Production to Defendants, Thomas Reed, Patrick Hart, David Wheeler, and City of Fort

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

Lauderdale, over certificate of service dated February 16, 2001 (seven days prior to filing his Motion to Compel production of the photographs he originally requested in his Second Request), also requesting the photographs of HART and REED. Due to Defendants' Objections to Magistrate Judge Garber's Omnibus Order, HART, REED and CITY responded to Plaintiff's Third Request for Production and asserted the same objections as in HART, REED and CITY's Response to Plaintiff's Second Request for Production, based, in part, on § 119.07(3)(i)(1), Fla.Stat. Without a ruling from the Court on said Objections, HART, REED and CITY had to preserved their § 119.07 objections.

Plaintiff now files Motions to Compel responses to Plaintiff's Third Request for Production, knowing full well that the issues presented within said motions to compel are currently before the Court pursuant to HART, REED and CITY's objections to Plaintiff's Second Request for Production and Defendants' Joint Objections to Magistrate Judge Garber's Omnibus Order. Plaintiff's Motions to Compel responses to Plaintiff's Third Request for Production are duplicative, unnecessary and an abuse of motion practice in light of the fact that the same issue raised in Plaintiff's instant Motions is currently before the Court and remains unresolved.

### III.    Photographs of REED and HART are exempt from disclosure pursuant to §119.07(3)(i)(1), Fla.Stat.

REED, HART and CITY should not be compelled to produce photographs of REED and HART since disclosure of said photographs is exempt by § 119.07(3)(i)(1), Fla.Stat. As the statute mandates, "[t]he home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel . . ." are exempt from disclosure. Id. As argued in Defendants' Joint Objections to Omnibus Order, contrary to Plaintiff's purported reason for avoiding the clear exemption of § 119.07(3)(i)(1), Fla.Stat., Plaintiff's Third Request for Production does not request the opportunity to identify which police officers allegedly violated Mr. Hodge's rights, but instead requests the specific photographs of HART and REED.

There is a clear difference between what Plaintiff purports to request and what is actually requested. Plaintiff wants the defense to identify the specific defendants he has named in this action for him. It is far from serving the interest of justice to have a Plaintiff, who admits to having been drinking and abusing drugs at the time of the incident, who as a result is unable to specifically recall the identity and/or number of his alleged assailants, to be handed the photographs of officers whom he needs to identify for purposes of trial and in hopes of defeating summary judgment. To provide Plaintiff the ability to have someone else, namely Defendants, identify the parties Plaintiff has chosen to sue would be highly prejudicial to the Defendant officers.

Plainly, because Plaintiff is incapable of identifying the officers he has named as Defendants, he now requests that the defense identify them for him. This is unfairly and substantially prejudicial to the Defendant officers and in contravention to the mandates of § 119.07(3)(i)(1), Fla.Stat.[2] Consequently, Plaintiff has failed to proffer a substantial reason or purpose to circumvent the express intent of the Florida Legislature in exempting the disclosure of photographs of acting and former law enforcement officers.

## CONCLUSION

Based on the authority cited and the arguments presented herein, Plaintiff's Motions to Compel should be denied in their entirety as duplicative of Plaintiff's Motion to Compel, filed over certificate of service dated February 23, 2001 and as non-conforming to the requirements set forth in Local Rule 26.1(H)(2). Plaintiff's Motions should also be denied in their entirety as the requested photographs of HART and REED are exempt from disclosure pursuant to § 119.07(3)(i)(1), Fla.Stat.

---

[2]    HART, REED and CITY again suggest that if the Court agrees with the Omnibus Order's mandate that the photographs are discoverable, that a more appropriate and less prejudicial method within which to produce said photographs would be for Plaintiff to inspect a series of photographs which include defendants but also include other officers which were not on the scene.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by regular

U.S. Mail this __25th__ day of April, 2001 to all counsel and parties listed on the attached service list.

ADORNO & ZEDER, P.A.
Attorneys for Defendant, Reed, Hart, & City
    of Fort Lauderdale
888 Southeast Third Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
Telephone:    (954) 523-5885
Facsimile:    (954) 760-9531


By: _____
    DIETER K. GUNTHER
    Florida Bar Number: 094456
    ALAIN E. BOILEAU
    Florida Bar Number: 0148598

HODGE v. CHURCH, et al.
CASE NO. 00-6228-CIV-SEITZ
MAGISTRATE JUDGE GARBER

### Service List

**Gordon S. Daniels, Esquire**
Daniels & Daniels, Esquire
4300 North University Drive
Suite B-200
Fort Lauderdale, Florida 33351
Telephone:     (954) 572-7100
Facsimile:     (954) 572-0667
**Attorneys for Plaintiff**

**Mark Goldstein, Esquire**
City Attorney
City of Hallandale Beach
400 S. Federal Highway
Hallandale Beach, FL 33009
Telephone:     (954) 457-1325
Facsimile:     (954) 457-1342
**Attorney for Defendants, Church
and City of Hallandale Beach**

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531