UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6228-CIV-SEITZ

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY CHURCH, et al.,

    Defendants.
_____/



## ORDER AFFIRMING MAGISTRATE JUDGE GARBER'S MARCH 1, 2001 OMNIBUS ORDER AND APRIL 20, 2001 ORDER GRANTING MOTION TO COMPEL

THIS CAUSE came before the Court upon Defendants Reed, Hart, Wheeler,[1] Church, City of Ft. Lauderdale and City of Hallandale's Objection to Judge Garber's March 1, 2001, Omnibus Order [DE-97] and Defendants Church, Reed, Hart, City of Hallandale, and City of Ft. Lauderdale's Objection to Judge Garber's April 20, 2001, Order granting Plaintiff's Motion to Compel Response to Third Request for Production [DE-118]. Under FED. R. CIV. P. 72(a) a Magistrate Judge's Order on a nondispositive matter should only be modified or set-aside if it is found to be "clearly erroneous or contrary to law." Because this Court finds that neither of Judge Garber's Orders are clearly erroneous or contrary to law, the March 1, 2001 Omnibus Order and the April 20, 2001 Order shall be affirmed.

The gist of both of Defendants' objections is that Fla. Stat. § 119.07(3)(i)(1) exempts the disclosure of photographs of law enforcement personnel. This statute attempts to protect law enforcement personnel and their families' safety by exempting photographs of law enforcement personnel from the provisions of Fla. Stat. § 119.07(1) which permits examination "by any person desiring to do so." However, in this case, Plaintiff is not simply a person seeking a photograph of a law enforcement officer, rather he is a Plaintiff in lawsuit seeking vindication of his constitutional rights. Therefore Fla. Stat. § 119.07(3)(i)(1) is not applicable



---

[1]     Defendant Wheeler was dismissed from the action on March 16, 2001.

to the present action and, even if it were applicable, preventing a plaintiff in a lawsuit from attempting to identify officers that he alleges violated his constitutional rights is not the purpose of the statute.

Defendants also argue that if they are forced to supply Plaintiff with the photographs he requests then Plaintiff will have the "unfettered ability to attempt defeating summary judgment by merely saying that, 'yes, these are the officers,' without providing the defense with any ability or opportunity to challenge the veracity of such an identification." (Defs.' Joint Objections to Order Granting Pl.'s Mot. to Compel at 7). However, even assuming this concern is valid, the problem has been alleviated by Plaintiff's acceptance of Defendants' suggestion that the Plaintiff be given a series of photographs, including some of unrelated officers. (Pl.'s Resp. to Defs.' Joint Objections at 1,2). Accordingly, it is hereby

ORDERED THAT Magistrate Judge Garber's March 1, 2001, Omnibus Order [DE-94] and April 20, 2001, Order Granting Plaintiff's Motions to Compel Response to Third Request for Production [DE-114] are AFFIRMED. Defendants shall produce a series of photographs which include the law enforcement officers requested by Plaintiff.

DONE AND ORDERED in Miami, Florida, this 7th day of May, 2001.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel for Plaintiff
Gordon Daniels, Esq.
Daniels & Daniels
4300 North University Dr., suite B-200
Ft. Lauderdale, FL 33351

Counsel for Defendant
Dieter Gunther, Esq.
Adorno & Zeder
888 SE 3rd Ave., suite 500
Ft. Lauderdale, FL 33335-9002

Counsel for Defendant
Mark Goldstein, Esq.
City of Hallandale Beach
400 S. Federal Highway
Hallandale Beach, FL 33009

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.