UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

vs.

TIMOTHY M. CHURCH,
THOMAS REED, PATRICK HART,
DAVID WHEELER, CITY OF
FORT LAUDERDALE and CITY OF
HALLANDALE,

    Defendants.
_____/



## DEFENDANTS TIMOTHY M. CHURCH, PATRICK HART, THOMAS REED, CITY OF HALLANDALE AND CITY OF FORT LAUDERDALE'S JOINT MOTION TO STRIKE WITNESSES FROM PLAINTIFF'S AMENDED WITNESS LIST

Defendants, TIMOTHY M. CHURCH, PATRICK HART, THOMAS REED, CITY OF HALLANDALE and CITY OF FORT LAUDERDALE, by and through their undersigned counsel, hereby move for an Order striking Dr. Harry W. Graff, Kenneth Kelley and Phil Seguin, as witnesses listed in Plaintiff's Amended Witness List and that said witnesses be excluded from testifying at trial. In support, Defendants state as follows:

1.    Pursuant to Plaintiff's Motion to Enlarge Time for Fact Discovery and to Enlarge the Time to Respond to Defendants' Motion for Summary Judgment, filed over certificate of service dated February 2, 2001, the Court granted said motion and set forth February 23, 2001 as the deadline for all fact discovery. See Order Granting Second Enlargement of Time, dated February 6, 2001 (attached hereto as Exhibit A). Moreover, although the Court did not specifically enlarge the deadlines to exchange all fact and expert witnesses in the above-referenced Order, it is the

undersigned's experience with this Court that such witness disclosure deadlines always pre-date the close of fact and expert discovery. As such, any witnesses should have been disclosed prior to the end of discovery, namely, February 23, 2001.

2. The Court's Order Setting Trial Date and Pretrial Deadlines and Order of Referral to Magistrate, dated September 1, 2000, mandates that prior to the close of discovery (as well as the filing of dispositive motions):

> Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial ***and only those witnesses listed shall be permitted to testify***. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information.

Order, dated September 1, 2000 (appended hereto as Exhibit B) (emphasis added). Similarly, in <u>Williamson v. Sacred Heart Hospital of Pensacola</u>, defendants moved to strike the affidavits of several fact witnesses "whom defendants claim plaintiff [had] not previously identified." 1993 U.S. Dist. LEXIS 20853, 87 (M.D.Fla. 1993). The <u>Williamson</u> court agreed and held that because "[t]he plaintiff failed to comply with the Scheduling Order's clear requirements concerning expert witnesses . . . the testimony of such witnesses must be disallowed, as the order expressly warns." <u>Id</u>.

3. In the case at bar, Plaintiff has now served his Amended Witness List[1] and Second Amended Rule 16 Disclosure, over certificate of service dated April 12, 2001 (48 days after the expiration of all fact discovery), wherein for the first time, Plaintiff lists three previously undisclosed witnesses: Dr. Harry W. Graff, Kenneth Kelley and Phil Seguin. Although Kenneth Kelley and Phil Seguin are known to Defendant CITY OF FORT LAUDERDALE because they are employed by same, Defendants have no knowledge as to the identity and relevance of Dr. Harry W. Graff, nor are Defendants currently aware of the relevance of Kenneth Kelley and Phil Seguin.

---

[1] In actuality, this is Plaintiff's "Second" Amended Witness List. Plaintiff had previously served an "Amended Witness List" over certificate of service dated October 16, 2000, which did not disclose the witnesses at issue in this Motion to Strike.

4. These three newly listed witnesses are being disclosed long after the expiration of all discovery (as well as the deadline for dispositive motions) in this matter, thereby preventing Defendants from conducting any discovery to ascertain not only the identity of Dr. Graff, but more importantly, what relevance these three witnesses have to this case. Notably, at this late juncture, Defendants also would be unable to amend their summary judgment motions pursuant to any potential new testimony derived from these witnesses.

5. Therefore, pursuant to the Court's express Order, dated September 1, 2000 and based on the untimeliness of Plaintiff's disclosure of Dr. Graff, Kenneth Kelley and Phil Seguin, as well as the close of discovery on February 23, 2001, said witnesses should be stricken from Plaintiff's Amended Witness List and not permitted to testify at trial.

WHEREFORE, Defendants TIMOTHY M. CHURCH, PATRICK HART, THOMAS REED, CITY OF HALLANDALE and CITY OF FORT LAUDERDALE respectfully request that Dr. Harry W. Graff, Kenneth Kelley and Phil Seguin be stricken from Plaintiff's Amended Witness List and that said witnesses be excluded from testifying at trial.

Respectfully submitted,

ADORNO & ZEDER, P.A.
Attorneys for Defendants, Reed,
Hart, Wheeler and Fort Lauderdale
888 S.E. Third Avenue, # 500
Fort Lauderdale, FL 33335-9002
Telephone:    (954) 523-5885
Facsimile:    (954) 760-9531

By: _____
DIETER K. GUNTHER
Florida Bar No.: 094456
ALAIN E. BOILEAU
Florida Bar No.: 0148598

CITY OF HALLANDALE BEACH
Attorney for Hallandale Beach and Church
400 S. Federal Highway
Hallandale Beach, Florida 33009
Telephone:    (954) 457-1325
Facsimile:    (954) 457-1342

By: _____
MARK GOLDSTEIN
Florida Bar No. 882186
(signed by Mr. Boileau with express
permission from Mr. Goldstein)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by regular U.S. Mail this __7th__ day of May, 2001, to all counsel and parties listed on the attached service list.

*[signature]*
ALAIN E. BOILEAU

HODGE v. CHURCH, et al.
CASE NO. 00-6228-CIV-SEITZ
MAGISTRATE JUDGE GARBER

## Service List

**Gordon S. Daniels, Esquire**
Daniels & Daniels, Esquire
4300 North University Drive
Suite B-200
Fort Lauderdale, Florida 33351
Telephone:   (954) 572-7100
Facsimile:   (954) 572-0667
**Attorneys for Plaintiff**

AEB/L.MOTION/162408/012435.0104

5
ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6228-CIV-SEITZ

HUGH HODGE,

    Plaintiff,

v.

TIMOTHY CHURCH, et al.,

    Defendants.
_____/

### ORDER GRANTING SECOND ENLARGEMENT OF TIME

THIS CAUSE comes before the Court upon Plaintiff's Motion to Enlarge the Time for Fact Discovery and to Enlarge the Time to Respond to Defendants' Motion for Summary Judgment, filed February 2, 2001. This will be the last extension granted by the Court. Furthermore, the parties are asked to assist the Court by filing their discovery motions separately from other motions. It is hereby

ORDERED that Plaintiff's Motion to Enlarge Time is GRANTED.

(1) The deadline for all fact discovery shall be **February 23, 2001.**

(2) Plaintiff's response to Defendants' motions for summary judgment is due by **February 28, 2001**.

(3) The parties shall participate in a second mediation by **May 25, 2001.**

(4) The Joint Pretrial Stipulation must be filed by **May 30, 2001.**

(5) Final proposed jury instructions must be submitted by **June 6, 2001.**

(6) The Pretrial Conference shall be held on **June 12, 2001, at 9:00 a.m.**

(7) The case is set for trial on the Court's two-week trial period commencing **July 2, 2001, at 9:00 a.m.** Calendar Call shall be held on **June 27, 2001, at 1:15 p.m.**

DONE AND ORDERED in Miami, Florida this 6th day of February, 2001.

                PATRICIA A. SEITZ
                UNITED STATES DISTRICT JUDGE

cc:    Gordon S. Daniels, Esq.
       Mark Goldstein, Esq.
       Dieter K. Gunther, Esq.

EXHIBIT A

Case 0:00-cv-06228-PAS   Document 121   Entered on FLSD Docket 05/11/2001   Page 8 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6228-CIV-SEITZ/GARBER

HUGH HODGE,

    Plaintiff,

vs.

TIMOTHY M. CHURCH, et al.,

    Defendant.

_____/

## ORDER SETTING TRIAL DATE AND PRETRIAL DEADLINES AND ORDER OF REFERRAL TO MAGISTRATE

Pursuant to Local Rule 16.1, and the Court having considered the parties' Rule 16.1 Scheduling Report, it is hereby

ORDERED as follows:

1. **Trial Date and Calendar Call**. This case is set for trial on the Court's two-week trial period commencing **March 26, 2001, at 9:00 a.m.**, before the undersigned United States District Judge at the Federal Courthouse Square, Courtroom 5, 301 North Miami Avenue, Miami, Florida. Calendar Call shall be held on **March 21, 2001, at 1:15 p.m.**, at the same location. The case shall be assigned to the Standard case management track.

2. **Pretrial Conference**. A Pretrial Conference shall be held on **March 9, 2001, at 9:00 a.m.** Trial counsel for the parties must appear and shall bring to the Pretrial Conference the exhibit notebook as described in the Order Providing Parties with Instructions for Trial.



3. **Pretrial Deadlines**. The pretrial deadlines are as follows:

| | |
|---|---|
| September 15, 2000 | Joinder of parties and amendment of pleadings. |
| September 15, 2000 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| September 29, 2000 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| October 13, 2000 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| October 30, 2000 | All expert discovery must be completed. |
| November 10, 2000 | All fact discovery must be completed. |
| November 15, 2000 | Mediation must be completed. The Court has issued concurrently herewith a separate Order of Referral. |
| December 15, 2000 | All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony. |
| February 16, 2001 | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; **and** |

2

       (b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); **and**

       (c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

| | |
|---|---|
| March 16, 2001 | Final proposed jury instructions must be submitted. The parties shall jointly file those requested instructions as to which there is no dispute. *(a courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format),* counsel shall file a list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |

  4. **Trial Instructions**. The Court has concurrently issued a separate order providing the parties with specific instructions for trial.

  5. **Referral to Magistrate**. Pursuant to Rule 1 of the Magistrate Rules of the Southern District of Florida, **ALL DISCOVERY AND ALL MOTIONS FOR ATTORNEYS' FEES AND COSTS** are referred to Magistrate Judge Barry L. Garber for appropriate resolution. It shall be the responsibility of the respective parties in this case to note on all materials necessary to the resolution of the referred matters the name of Magistrate Judge Garber on the case number caption (i.e., Case No. 99-1234-CIV-SEITZ/GARBER) and that courtesy copies of such materials shall be directed to his Chambers.

6. **Continuances**. A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least thirty (30) days prior to the date on which the trial calendar is scheduled to commence. Any motion for continuance must comply with Local Rule 7.6.

7. **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1). The case will remain on the trial calendar until an order dismissing the action is entered by the Court.

8. **Non-compliance with Order and Rules of Court**. Non-compliance with any provision of this Order, the Federal Rules of Civil Procedure, and/or the Local Rules of Court, may subject the offending party to **sanctions or dismissal**. It is the duty of all counsel to enforce the timetable set forth above to insure an expeditious resolution of this cause.

DONE AND ORDERED in Miami, Florida, this 31st day of August, 2000.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: The Honorable Barry L. Garber
Gordon S. Daniels, Esquire
Dieter K. Gunther, Esquire
Mark Goldstein, Esquire

4