**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6228-CIV-SEITZ

HUGH HODGE,

        Plaintiff,

v.

TIMOTHY CHURCH, et al.,

        Defendants.

_____/



## ORDER GRANTING DEFENDANTS CITY OF HALLANDALE BEACH AND CITY OF FORT LAUDERDALE'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT PATRICK HART'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant City of Hallandale Beach's Motion for Summary Judgment [DE-63] and Defendants, Patrick Hart, David Wheeler and City of Fort Lauderdale's, Motion for Summary Judgment [DE-64]. This Court has jurisdiction over the 42 U.S.C. § 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Because the Cities of Hallandale Beach ("Hallandale") and Fort Lauderdale ("Ft. Lauderdale") are immune from tort suits when their agents act maliciously, or in bad faith, and municipalities are only liable for official policies or customs under 42 U.S.C. § 1983, summary judgment shall be granted to the cities. However, because a genuine issue of fact exists as to Defendant Patrick Hart's ("Hart") participation in the incident, his motion for summary judgment shall be denied.

## BACKGROUND

For the purposes of this motion the Court has taken all facts in a light most favorable to the Plaintiff. Below is a summary of the facts from his perspective. On or about September 6, 1998, Plaintiff, Hugh Hodge ("Hodge") stole a vehicle and led police on a car chase which ended when



Hodge drove the vehicle into a fence. Hodge then ran from the police and hid in some shrubbery. Police officers from Ft. Lauderdale and Hallandale pursued Hodge and eventually apprehended him in a yard at 1513 N.W. 15th Court in Ft. Lauderdale. Thereupon Hodge was arrested and later plead guilty to charges of possession of cocaine, grand theft, possession of drug paraphernalia, driving with a suspended license, and resisting arrest without violence. (Pl.'s Am. Resp. to Def. Hallandale's Mot. for Summ. J. at 1).

Hodge alleges that Officers Thomas Reed ("Reed") and Patrick Hart ("Hart") of Ft. Lauderdale and Officer Timothy Church ("Church") of Hallandale violated his constitutional rights during his apprehension. Specifically, Hodge alleges that Church ordered his police dog "Gero" to savagely attack Hodge while Hodge was "lying prone, face down upon the ground with his hands handcuffed behind his back" resulting in numerous bites to his leg and buttocks. (Compl. ¶ 13). Further, Hodge alleges that all the officers at the scene repeatedly hit him with flashlights and/or batons and kicked and beat him. (Compl. ¶ 14). All this allegedly occurred even though Hodge "did not struggle," resist arrest, or "engage in any verbal abuse of the arresting officers." (Compl. ¶ 12). In addition, although all the officers witnessed the incident, none attempted to stop the attack on Hodge. (Compl. ¶¶ 23, 33, 55, 58, and 85).

Based upon the incident, Hodge filed a ten (10) Count Complaint, under 42 U.S.C. § 1983 and state law, against the officers involved as well as the City of Fort Lauderdale and the City of Hallandale Beach.[1] Defendants Ft. Lauderdale and Hallandale then filed motions seeking summary

---

[1]    The Complaint divided the Counts as follows: (1) Officer Church for a violation of constitutional rights under 42 U.S.C. § 1983; (2) Officer Reed for a violation of constitutional rights under 42 U.S.C. § 1983; (3) Officer Hart for a violation of constitutional rights under 42 U.S.C. § 1983; (4) Officer Wheeler for a violation of constitutional rights under 42 U.S.C. § 1983; (5) Officer Church for state law battery; (6) Officer Reed for state law battery; (7) Officer Hart for state law battery; (8) Officer Wheeler for state law battery; (9) Ft. Lauderdale for negligence under FLA. STAT. § 768.28; and (10) Hallandale for negligence under FLA. STAT. § 768.28. On March 15, 2001, Hodge voluntary dismissed Counts Four and Eight against Officer David Wheeler.

judgment as to Counts Nine and Ten claiming that under Fla. Stat. § 768.28(9)(a) Hodge's claims are barred by sovereign immunity because Hodge alleged that the police officers acted "maliciously and in bad faith." (Defs.' Hart and Ft. Lauderdale's Mot. for Summ. J. at 4); (Def. Hallandale's Mot. for Summ. J. at 3). Defendant Hart then filed a motion for summary judgment as to Counts Three and Seven claiming that he "was neither involved nor in the presence of Hodge during his apprehension and placement into custody." (Defs.' Hart and Ft. Lauderdale's Mot. for Summ. J. at 10).

## ANALYSIS

### Standard for Summary Judgment

In deciding a summary judgment motion, a court must apply the standard stated in FED.R.CIV.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In applying this standard the Eleventh Circuit has stated that:

> The party seeking summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case. In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant.

*Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368-69 (11th Cir. 1982) (citations omitted).

Moreover, "the party opposing the motion for summary judgment bears the burden of responding only after the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

The United States Supreme Court has provided significant additional guidance as to the evidentiary standard which trial courts should apply in ruling on a motion for summary judgment:

> [The summary judgment] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Brady v. Southern R. Co.*, 320 U.S. 476, 479-480 (1943).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court in *Anderson* further stated that "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

Negligence claims under FLA. STAT. § 768.28

FLA. STAT. § 768.28(9)(a) allows a claimant to sue an officer individually for actions taken in bad faith, with a malicious purpose or with wanton and willful disregard for human rights or safety. However, that same provision clearly states that,

> **"[t]he state or its subdivisions shall not be liable in tort** for the acts or omissions of an officer, employee, or agent committed while acting outside the course or scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

(emphasis added).

Included within the definition of "state agencies or subdivisions" are "counties and municipalities." § 768.28(2). Hallandale and Ft. Lauderdale therefore claim that because Hodge sued the officers individually under section 768.28 claiming that they acted maliciously, in bad faith, and with disregard to his rights or safety, and admitted as much in his deposition (Hodge Dep. at 58), he is barred from suing the municipalities under the same section.[2]

_____

[2]    Hodge, in his Complaint, admits that Ft. Lauderdale and Hallandale have only waived sovereign immunity "subject to the limitations of Section 768.28, Florida Statutes." (Compl. ¶¶ 76(a), 89(a)).

4

Hodge responds by contending that the officers' actions were "both negligent and intentionally malicious." (Pl.'s Am. Resp. to Def. Hallandale's Mot. for Summ. J. at 2). Specifically, Hodge, for the first time in his responses to Defendants' summary judgment motions, claims that Church was "negligent under common law in not stopping the beating and the placing of the dog on Hodge after Hodge was handcuffed" and that Officer Thomas Reed, of Ft. Lauderdale, "was negligent in not properly training Church and in not instructing Church to halt the dog once Reed saw that the dog was let on Hodge without giving the appropriate warnings. (Pl.'s Am. Resp. to Def. Hallandale's Mot. for Summ J. at 6); (Pl.'s Resp. to Defs.' Hart and Ft. Lauderdale's Mot. for Summ. J. at 6). Therefore, Hodge argues that he can sue both the cities and the officers individually under section 768.28.

However, Hodge's own Complaint and deposition testimony belie his argument. First, Hodge's Complaint repeatedly refers to the "savage attacked perpetrated upon him." (Compl. ¶¶ 13, 19, 29, etc.) A "savage attack" is more akin to maliciousness or wanton and willful disregard for safety then it is to mere negligence. Second, in his deposition, Hodge agreed that it was his position that the officers acted maliciously, in bad faith, and with wanton disregard for his life and safety. (Hodge Dep. at 58). Finally, to allow Hodge to sue both the cities and the officers individually would undermine the very purpose of the statute which seeks to prevent liability for municipalities when their agents act far outside the scope of their employment and liability for agents when their actions are at least arguably within the scope of their duties. *See Geidel v. City of Bradenton Beach*, 56 F.Supp.2d 1359, 1365 (M.D. Fla. 1999) (holding that plaintiff who alleged in complaint that police officers acted in bad faith and/or with malicious purpose could not also maintain an action against the city). To permit a Plaintiff to plead section 768.28 in the alternative would eviscerate the

statute's purpose. *See Willis v. Dade Cty. School Bd.*, 411 So. 2d 245, 246 (Fla. 3d DCA 1982) (finding that a "complaint which alleges a 'malicious' assault and battery fails to state a cause of action" against a state entity under section 768.28); *Hernandez v. Metro-Dade Cty.*, 992 F.Supp. 1365, 1369 (S.D. Fla. 1997). Therefore, this Court shall grant summary judgment to Ft. Lauderdale on Hodge's section 768.28 claims in Count Nine and to Hallandale on Hodge's section 768.28 claims in Count Ten.

Duty to Intervene

Hodge, again for the first time in his responses to the Defendants' motions for summary judgment, argues that he has an alternative grounds for relief against the cities because their officers failed to intervene while violations of Hodge's constitutional rights were occurring. (Pl.'s Resp. to Defs.' Hart and Ft. Lauderdale's Mot. for Summ. J. at 6); (Pl.'s Am. Resp. to Hallandale's Mot. for Summ. J. at 6). In *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000) (citations omitted), the Court held that "an officer can be liable for failing to intervene when another officer uses excessive force" under 42 U.S.C. § 1983. However, *Priester* only held that the individual officers could be liable under 42 U.S.C. § 1983. *Id.* Hodge tries to stretch *Priester* and extend the parameters of 42 U.S.C. § 1983 by arguing that cities should be vicariously liable for their officers' negligent failure to intervene.

However, the case law is clear that a claim against a municipality can proceed under 42 U.S.C. § 1983 only if the alleged constitutional deprivations are part of a custom or policy of the municipality. *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999). In order to establish a custom or policy a plaintiff must "show a persistent and wide-spread practice." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999). Hodge has not alleged any policy or custom, by either city,

6

of abusing suspects or attacking them with police dogs. Therefore Hodge cannot maintain a claim under 42 U.S.C. § 1983 against either Ft. Lauderdale or Hallandale.

Count Three and Seven against Hart

Defendant Hart seeks summary judgment in his favor as to Counts Three and Seven because "Hodge fails to provide sufficient evidence to controvert the clear evidence present in the record" that Hart was not involved in any of the alleged constitutional violations committed against Hodge. (Defs.' Hart and Ft. Lauderdale's Reply to Pl.'s Resp. to Mot. for Summ. J. at 7). Specifically, Hart claims that, while Hodge was being apprehended "Hart remained by the stolen vehicle and set-up a perimeter while waiting for back-up police units to arrive." *Id.* at 6.

However, Hodge contends that Hart beat his back with a flashlight and kicked him in the legs, ribs and arms. (Hodge Aff. ¶ 4); (Hodge Dep. ¶¶ 17, 18).[3] Further, Joseph Mayadeene ("Mayadeene"), a witness to the incident who owns the home next door to where the apprehension occurred, testified in his deposition that there were four officers surrounding Hodge and that one of those officers kicked him. (Mayadeene Dep. at 24). Therefore, there exists a genuine issue of fact as to Hart's presence as one of the officers present at the scene. Thus, because an issue of fact exists as to whether Hart either participated in the alleged beating, or was in a position to intervene to stop the beating by others, Hart's motion for summary judgment shall be denied.

Accordingly, it is hereby

ORDERED THAT:

(1) Defendant City of Hallandale's Motion for Summary Judgment as to Count Ten [DE-63] is GRANTED;

---

[3]      Hodge claims that he could read Hart's name tag during the alleged beating.

(2) Defendant City of Fort Lauderdale's Motion for Summary Judgment as to Count Nine [DE-64] is GRANTED;

(3) Defendant Patrick Hart's Motion for Summary Judgment as to Counts Three and Seven [DE-64] is DENIED; and

(4) Counts One, Two, Three, Five, Six, and Seven remain.

DONE AND ORDERED in Miami, Florida this 21st day of May, 2001.

Since the initiation of this Court's
FAXBACK program, the parties are
no longer required to submit envelopes
with their motions & proposed orders.
Orders should include a full service list.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:

Counsel for Plaintiff
Gordon Daniels
Daniels & Daniels, P.A.
4300 North University Dr., suite B-200
Ft. Lauderdale, FL 33351

Counsel for Def. Hallandale
Mark Goldstein
City Attorney, Hallandale Beach
400 S. Federal Highway
Hallandale Beach, FL 33009

Counsel for Def.
Dieter Gunther
Adorno & Zeder
888 SE 3rd Ave., suite 500
Ft. Lauderdale, FL 33316

8